Kim Blandino#363075
CCDC In Custody House Arrest Module
330 S Casino Center Blvd.
Las Vegas, Nevada 89101
(702) 219-5657
No Fax
Kim43792@earthlink.net



FILED          RECEIVED
ENTERED        SERVED ON
COUNSEL/PARTIES OF RECORD

JUL -2 2021

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                    DEPUTY

## US DISTRICT COURT NEVADA
## DISTRICT OF NEVADA

KIM BLANDINO

                                  Plaintiff,

-vs

MICHAEL FEDERICO ESQ.,

                                  Defendant.

Case No.

2:21-cv-01262-JAD-EJY

_____/

## EMERGENCY VERIFIED COMPLAINT FOR DECLARATORY RELIEF

## AND FOR COMPENSATORY AND PUNITIVE DAMAGES

**IMMEDIATELY AND AT THE WORST NO LATER THAN JULY 28,2020**

## INTRODUCTION

1.      This action comes with regret that Michael Federico Esq. licensed to practice law in Nevada and Florida would not only refuse to resolve matters between him and plaintiff Kim Blandino ("Kim") without having to involve a court and thus using scarce judicial resources.

2.      Instead, Federico decided to for an improper and/or ulterior purpose and or purposes against   Kim other than resolving a legal dispute purpose to use under color of state law a process that allows specifically for Temporary Protective Orders against parties that are stalking or  harassing. That Federico did commit a willful act or acts in the use of such process not proper in the regular conduct of the proceeding. In that Federico lied and lied under oath to defame Kim. To paint Kim in a bad light. To retaliate against Kim for investigating Federico's misconduct in office and retaliate against Kim because of Kim's religious belief and practice to seek to resolve matters and Kim's calling by his Creator to investigate judicial corruption and misconduct.  Also, to bolster a futile criminal case against Kim for extortion by attempting to show Kim to be a stalker or harasser (which Kim is not) as a prior bad act and to aid in Kim's conviction so that Kim could not then exercise first amendment rights to petition for redress of grievances and practice of

2

religion to further investigate Federico and ultimately have Federico removed from any future judging any where in Nevada to the benefit of all others.

That Kim has been mocked ridiculed and reviled specifically because of Federico's violation of Kim's rights under color of state law all over the world via the World Wide Web and Youtube which has a global reach. That Kim demands that Federico's lies and perjury be exposed for what it is. Now only a suit can accomplish this.

Because Kim is in a house arrest module Kim at any time can be moved without any judicial review whatsoever to a CCDC module that is inside the physical plant at 330 S. Casino Center Blvd or at any module at NVC North Valley Complex at 4900 N. Sloan Ln, Las Vegas Nevada 89115 or at any place of physical confinement that Lombardo or any of his underlings direct at **ANYTIME** and for **ANY REASON** see Exhibit 1 paragraph "at **any time** Kim may be returned to the CCDC". Although this is titled a contract, Kim was told he would stay in the physical plant of CCDC if Kim did not sign this alleged contract. Therefore this was signed under duress. Further, Kim was not upon asking and demanding given a copy of the rules that Kim was told he must abide by as part of this alleged contract, see paragraph  20, which states: " I must abide by the rules and policies as if I were a sentenced Inmate of Clark County." Yet Kim is a **presumed innocent**

3

**pre trial person.** Therefore, as a matter of law Kim is not guilty and has not been sentenced.

Therefore, Kim is at greater danger of arrest due to this Sisolak tyranny than a non in custody person. Because Kim will not have ***Riverside v. Mclaughlin*** 111 S.Ct. 1661 to rely on. That Kim has already been returned without just cause four times with retaliation and held for many days on end on concrete floorsand no toothbrush having been given multiple meals.

Kim therefore needs immediate relief with declaratory judgment and an immediate restraining order and long term injunctive relief.

## JURISDICTION AND VENUE

3. This civil rights action raises federal questions under God or the Creator that are acknowledged in the U.S. Constitution, specifically under the First, Ninth , Tenth and Fourteenth Amendments and under federal law, 42 U.S.C. Sec 1983 . And this court needs to take judicial notice that the criminal law is impacted, 18 U.S.C. 241 242 and that Kim and other similarly situated people are being criminally hurt and 18 USC Sec 3771 is in play. That while 18 U.S.C. Sec 3771 does not create a cause of action for damages nothing in the Code prohibits declaratory or injunctive relief under this provision.

This Court has subject matter jurisdiction under 28 U.S. C. Sec 1331 and Sec 1343.

4. This Court has the authority to grant the requested declaratory relief under

4

28 U.S.C. Sec. 2201 and 2202 any requested injunctive relief under 28 U.S.C. Sec 1343 and costs under 42 U.S.C. Sec. 1988. And if the court forces counsel on Kim who at present proceeds pro se or Kim is allowed to have licensed co-counsel then Kim is entitled attorney's fees under Sec 1988.

5. Venue is proper in this Court under 28 U.S.C. Sec. 1391(b) because a substantial part of the events or omissions giving rise to claims occurred in this District and Plaintiff is in custody in this district and forbidden from leaving Clark County.

## PARTIES

6.   Kim Blandino is a 65 year-old man in a descendancy  from the first created man ,Adam and what came to be his  wife, Eve  who was created from Adam's genetic material (neither had belly buttons and bodies were different than ours today).  Eve was  created as helpmate and only became wife after the fall . Only then was children possible See Book of Mormon 2nd Nephi 2 22-23. Yet, when the great flood came all men were destroyed save Noah a direct descendant of Adam, Noah's wife and their  three sons and their wives. Being a total of eight leaving the ark. Therefore, Kim is descendant from two created beings that fell from perfection. These were Created by the Creator of all things. See Genesis 2-10 of

the Bible KJV.

Kim is  currently in custody in Clark County as a pretrial detainee and cannot leave Clark County under threat of immediate arrest and greater punishment. Kim is a believer in the Creator of all things and took a wife ("Nancy") and had two children. This was intended to be its own religious society. Yet, by way of State action Nancy separated from Kim and Kim was denied raising his  children for months and years on end in accord to Kim's religious beliefs and practices. Kim's two sons now are grown yet not married and have gained respect for Kim's religious beliefs and practices even as the world around us becomes more and more insane and delusional.

Kim has hope that both Kim's sons will establish a great relationship with the Creator who is the father of all things. Kim in a spiritual sense is, as all earthly parents are, a foster parent. That the Creator is intended to be a father to us all. Although many choose to call Lucifer their father, either overtly or covertly.

Still, even though Kim's adult children are themselves adults. Kim must stand as a good example against tyranny to them or Kim could cause his children to stumble. Kim is also required to speak and write as the holy spirit would have Kim speak and write.

Kim therefore is a religious entity that is indivisible and established by the Creator. That therefore Kim comes under the Establishment Clause of the First

Amendment to the U.S. Constitution protections. As part of the Creator's calling to Kim, does do some investigative journalism and Kim has been called to investigate judicial corruption and misconduct as an unpaid, volunteer (which means unofficial) investigator working with the Nevada Commission on Judicial Discipline ("NCJD").

That Kim recognizes that Fireman, policeman, and paramedics among others are referred to as "first responders". That Kim is an **immediate responder** as part of his religious beliefs and practices. Such that if Kim sees a fire Kim will do all he can to help. If Kim sees certain crimes in progress, Kim will make a citizen's arrest if possible. If Kim sees a medical problem such as a choking or a heart attack Kim will do a Heimlich maneuver  or CPR respectively or whatever is needed at that immediate time and without delay (unless someone else gets there first of course) That this immediate responder and other items above are an extension of Kim's religious beliefs and practices which is not unlike other religious organizations that establish hospitals and such

That no Judiciary , Legislative branch or Executive branch can legally or constitutionally violate Kim's religious establishment    just because Kim is a religious establishment of one corporeal being distinct from other humans or corporeal beings. That this Establishment does not negate the ability or power or right of Kim to fellowship with other religious establishments to congregate,

assemble or to defend against foreign and domestic enemies to the U.S. Constitution and against enemies of the Creator and his son Jesus. Kim sues in his individual capacity and as an established religion under the first amendment to the U.S. Constitution.

7.    Defendant Michael Federico ("Federico") is a licensed member of the bar in the State of Nevada and is to Kim's knowledge a resident of Clark County Nevada. That Federico has acted as a Pro Tem Judge for courts of limited jurisdiction in Nevada organized and governed  under the Nevada Constitution and the Nevada Revised Statutes ("NRS") . Specifically for the Las Vegas Justice Court and for the Las Vegas Municipal Court (as alternate Municipal Court Judge).  Federico is a shareholder in the long established  firm of  Olson, Cannon, Gormley and Stoberski ("OCGAS").   This  information  and  more  is  available  at https://ocgas.com/attorneys/michael-federico/.

As of this date Kim is unable to know Federico's religious beliefs and practices or his religious establishment. Yet to Kim's knowledge  Federico is still in extremely hostile opposition to Kim's religious beliefs and practices unless and hopefully Federico has repented and is no longer so. Federico has acted in hostile abuse against Kim in the past and has threatened further abuse to Kim in the future.

Federico is currently the complaining witness and alleging he is a victim of a felony by Kim in an ongoing prosecution for extortion where Federico acted as a

police agent in an attempted "sting" operation. This prosecution although stalled at present is still active and Federico is a listed witness for trial if a trial does occur. Kim sues Federico in his individual capacity who acted under color of state law custom or practice.

## FACTS

8. That Kim and other similarly situated individuals(neighbors) believe that the Bible is inspired words from God. That God's son Jesus is the word of God. That Jesus who was crucified now over 2000 years ago was resurrected and is alive today. Although to Kim's knowledge Jesus does not appear in corporeal form today. Yet it is promised that all in the world will see him coming in the clouds with glory. See e.g. Mark 13:26 KJV. Jesus, is also called the way the truth and the life. That no one comes to the father but by him. See John 14:6.

That Kim must speak and write as as the Holy spirit gives Kim to speak:

"[16] Behold, I send you forth as sheep in the midst of wolves: be ye therefore wise as serpents, and harmless as doves.

[17] But beware of men: for they will deliver you up to the councils, and they will scourge you in their synagogues;

[18] And ye shall be **brought before governors** and kings **for my sake**, for a testimony against them and the Gentiles.

[19] But **when they deliver you up, take no thought how or what ye shall speak: for it shall be given you in that same hour what ye shall speak**.

[20] For it is not ye that speak, but the **Spirit of your Father which speaketh in you.** "(emphasis added) Matthew 10 16-20

9

8.    That the prophets and Apostles of old did not have the U.S. Constitution and hundreds of years of case law and pre-constitution documents such as the Magna Carta, Declaration of Independence etc. to plead for religious liberty and for due process protections against "Governors". That Kim as a believer in the Christ must use these authorities to the best benefit of all. That similarly situated persons without the fortitude that Kim has are being beaten up and robbed by the tyrant, hypocrite Sisolak and his willing and unwilling confederates. That Kim is commanded to use his gifts to the best use possible for his neighbors that are no less damaged than the man in the story of the Good Samaritan (which most in America have heard of).

9. That Kim became aware of Federico in 2015 and that Federico routinely violated the Nevada Revised code of Judicial Conduct("Code") while doing his Pro Tem duties on the bench.

10. That Kim had a complaint to make with the Nevada Commission on Judicial Discipline ("NCJD") against Federico for numerous violations of the Code in 2019.

11. That Kim's religious practice requires Kim to attempt to resolve disputes without filing a formal complaint if possible and directly with the individual.

12. That Kim did attempt this resolution with Federico in pure  good faith between

through 2019.

13. That unknown to  Kim, Federico acted as a police agent and attempted to entrap Kim into criminal acts of extortion.  That Federico did contact Kim after Kim had given Federico a second notice of wish to resolve a complaint of violation of the code after a second violation of the code against Kim in April of 2019.

14. Federico then asked Kim to email Federico a settlement proposal that would not require Kim to file a formal complaint with the NCJD. That because of Kim's religious practice and belief Kim was required to try to resolve matters in good faith.

15 Kim in fact pulled up a civil type settlement form on the internet and did the usual cut copy and paste that Kim has been doing since 1980 to draft legal documents and the same process that attorneys and paralegals around the world use. And compared with filed stipulations for discipline that the NCJD has against misbehaving judges for decades. So that Kim could present said settlement to the NCJD for publication and filing.

16. that upon that call from Federico to Kim, Kim clearly said to Federico that if he was not willing to apologize to Kim there was no reason for Kim to prepare a settlement. That Federico unknown to Kim at the time had law enforcement officers Ken Mead and Peter Marwitz listening on the phone.

17. That on or about or during the same time Federico was contacting Kim to

purportedly settle or resolve a dispute with Kim, Federico was filing for a Temporary Protective Order under color of state law in the Las Vegas Justice Court stating that Kim was improperly harassing or stalking Federico.

18. That Federico only had to tell Kim at any time not to contact Federico or that Kim was not to trespass at the offices of OCAGS and no application for any TPO would in any way be necessary. As Kim's religious belief and practice would mandate that Kim stayed away from Federico with such a request.

17. That Kim did present to Federico via email the proposed settlement that he requested from Kim over the phone to the email address that Kim was provided out of Federico's own mouth that Kim wrote down.

18. That Federico was denied a immediate TPO without notice to Kim That Kim was summoned to a hearing in June of 2019 before a justice of the peace who determined to give both Federico and Kim 30 days to stay away from each other and if so to then dismiss and/or deny the TPO.

19. That on July 3, 2021 at a hearing Federico did lie and commit perjury in the courtroom and stated that Kim talked to Federico in the hallway coming into court. That Kim had a witness right next to Kim in the hallway, John Gurka Marshal that was escorting that gave truth to the lie before the justice of the peace and the TPO was denied. A copy of a certified copy of the denial is attached as Exhibit 1. That Federico formed the intent on July 3, 2019 in coming to the 30 day status check

ordered by justice of the peace Jansen to come to court without an escort and/or witness knowing that if Federico heard Kim speaking in the hallway or Sally Port outside the courtroom which is less than ten feet wide. That Federico could claim that Kim was speaking to Federico and that Kim would then be subject to having a TPO issued against him. That Federico did not know that the uniformed Marshal John Gurka was Kim's escort that day and a prime witness. So when Federico passed by Kim in the hallway, Kim turned to Gurka and said clearly addressing Gurka "that is the guy that is supposed to stay away from Kim and Kim is supposed to stay away from him" . Federico believed that his "he said Kim said" would result in a TPO issued against Kim. This willful act was formulated outside the courtroom because Federico was and is desperate to retaliate against Kim because of his religious beliefs and practices. Also, that Federico knew that because Kim had a stay away order from Federico on July 3 from Justice Court in a criminal Complaint Case #19F09876X for Extortion of Federico that Kim speaking to Federico could put Kim right back in jail on remand. That in fact Kim was put back in jail that day the proximate cause of Federico requiring Kim to come to the courthouse that day and not voluntarily dismissing or withdrawing the TPO application prior to this July 3, date. Kim was resultingly jailed.

20. That Federico is now being aided by the District attorney's office to keep Kim from further investigation of Federico by threatening Kim with remand to the

physical plant of CCDC for remotely  viewing Federico from a discreet distance even though there are no stay away conditions presently on Kim to stay away. That the Clark County District Attorney's has a pending motion to remand Kim to the physical plant.

## COUNT I

**Violation of the First Amendment to the U.S. Constitution**

**(Free Exercise and Establishment)**

21.    Plaintiff incorporates by reference paragraphs 1 through 20.

22.    Plaintiff's sincerely held religious beliefs and practices  and religious establishment command, that faith without works is dead. That to believe yet not practice is hypocrisy that the Bible is inspired words from God and is the testament to persons of conscience.

23.  Plaintiff believes that part of the process of living by faith is to convince others that are of little or no faith that the narrow path is the right and true path. That when Federico reached out  to Kim to attempt to settle the dispute Kim was obligated to act in good faith. That the Creator gave  Kim no warning that Federico was acting in bad faith as a police agent.

24. That without the  above religious beliefs and practices Kim may very well have not engaged with Federico.

25. That Federico desired to retaliate and hurt Kim because of Kim's calling and practice because Federico knew that Kim wished to stop Kim from further investigation of Federico and his judicial corruption as pro tem and alternate judge.

26. That Federico knew and knows that Kim would be a threat to Federico's career because Federico routinely violated the Code while on the bench and engaged in other behavior off the bench that violated the code.

27. That Federico advertised his jurist positions on the OCAGS website to aid his public stature and to achieve elevate fees and income by that status.

28. That Federico admitted that he filed the TPO in part to protect his career.

29. That Federico knew that if he could get a TPO under color of state law it would diminish Kim's establishment of religion and Kim's free exercise in the minds of the public and Kim would be diminish Kim's ability to convert others to a belief in the one true God and his son. That Federico wished to diminish Kim because of Federico's hatred of Kim's religious establishment and practice.

30. That Federico was free at any time even after filing of the application of the TPO to repent and dismiss this action and/or apologize to Kim.

31. That Kim has been damaged greatly by this diminishment.

## COUNT II

### Abuse of process under color of State Law TPO action

32.  That all of the above paragraphs and paragraphs below are incorporated into this count by this reference.

33. That Federico had an ulterior purpose other than resolving a legal dispute in filing for the TPO.

34. That Federico in his application for a TPO sought to stop Kim from going into open courts where Federico was presiding under color of state law so that Kim could not witness and report Federico's corruption. That Federico had ejected Kim wrongly from a court room already in April of 2019.

35. That Federico filing for a TPO for the purpose of keeping Kim out of any courtroom where Federico was presiding is a willful act not proper in the ordinary course of TPO litigation.

36. That Federico willfully refused to investigate the propriety of filing a TPO under the circumstances with Kim where  Federico  knew he only had to tell Kim to stay away from Federico and Kim would. Except when Federico was on the bench and Kim as an investigator and an investigative journalist called to it by the Creator. That this improper purpose delineated     here and otherwise in this complaint is not proper.

37. That prior to anyone  filing for a TPO the applying party must make good faith efforts to make clear that the possible offending party knows that that the applying party does not wish to see or have contact with the possible offending party.

Federico willfully did not do this.

38. That Federico intended willfully to file a vexatious and harassing TPO and with the intent to deceive the court. To lie and commit perjury in his improper purpose to stop Kim from exposing Federico's misconduct and other improper purposes such as in count one to diminish Kim in his religious stature.

39. That Federico as a civil rights case attorney and learned in a judicial role knew full well of his ethical obligations as an attorney and jurist and that it would be entirely improper to exclude from open courtrooms individuals that were investigating as a journalist/reporter and/or someone who is watching and looking for judicial misconduct to be reported

## COUNT III

### Abuse of process under color of State Law criminal action

40.   That all prior paragraphs are hereby incorporated into this count and all these following paragraphs are incorporated into all prior paragraphs by this reference.

41. That Federico  has and is pursuing felony criminal charges against Kim under color of State law for extortion so as to stop Kim in many respects from having Kim get Federico removed from his pro tem and alternate judgeships by the Clark County Commission and/or City Council.

42. That Federico knows that as a non-elected judge he can be fired or released at

17

any time by the city of Las Vegas and/or County Commission for even less than the appearance of impropriety.

43. That Federico knew and knows that with Kim so busy with defending against criminal charges Kim would have very little time to go through the process of approaching the City Council and/or County Commission.

44. That Federico knew and knows that with a criminal prosecution and a subsequent stay away order Kim would be prevented from adequately gathering more information that would result in Federico's removal as a temporary judge.

45. That Kim in fact has been crippled and virtually unable to do anything but eat, sleep and do legal work in order to stay out of prison for a possible eleven years.

46. That Federico knew and knows that Kim did in no way intend to extort Federico and the criminal charges are baseless. That Kim was and is trying to resolve a dispute regarding Federico's violation of the code with the NCJD and to have Federico stipulate to discipline. The primary and most important thing that Kim needed from Federico was an apology that was public and would be made public.

47. That Federico knew and knows that Kim's religious practice requires Kim to try and resolve matters without filing a formal complaint.

48 That Federico knows that he is not trying to resolve a criminal legal dispute. That as a licensed attorney and as a trained part time judge Federico knows full

well that Extortion is a specific intent crime. That therefore Kim had to have the specific intent to extort.

49. That Federico knew and knows that during the aforementioned phone call that Kim wanted an apology first and foremost. That when Federico asked "what it would take to get you out of my hair" as a police agent with Marwitz and Mead present listening to the call that Kim did not ask for nor demand any money. And that  Kim was trying to legitimately resolve a dispute with the least NCJD resources expended.

50. That even minimal investigation  by Federico would have shown Federico that Kim was constantly in the RJC court watching and looking for violations of the Code by other judges.

51. That Federico willfully lied in the papers he filed with Las Vegas Metropolitan police and left out crucial facts with them and the District  attorney's office as to the TPO application and that Federico was telling the Justice court things the polar opposite of the police and district attorney.

52. That Federico knew and knows that he had and has political power to cause Kim to be prosecuted. Whereas Kim has no political power nor power under color of law.

53. That Federico knew and knows that the NCJD complaint process can be done regardless of standing and that the NCJD is part of the judicial branch of the state

of Nevada. And that the complaint process against a judicial officer is much like a civil or criminal prosecution under Nevada law.

54. That Federico knew and knows that Kim was acting as an investigator investigating Federico prior to formulating a complaint to the NCJD for violating the code and that if Kim were to file a formal complaint that Kim as a matter of law would be prosecuting said complaint.

55. That Federico knew and knows that Kim in seeking redress before the NCJD Kim was interacting with a judicial branch of the state of Nevada and that a successful complaint could result in removal of Federico or any jurist should it be deemed willful misconduct.

56. That Federico knew and knows that while private individuals cannot directly file criminal complaints private individuals can investigate and file or prosecute judicial discipline complaints.

57. That Federico knew and knows that city, county, state and  federal criminal prosecutors have  prosecutorial immunity for their actions as a matter of law.

58. That Federico knew and knows  that Kim is entitled to immunity for trying to resolve a complaint prior  to filing with the NCJD and that Kim's settlement proposal was to be submitted to the NCJD for review and filing much in the same way as a guilty plea agreement in a criminal prosecution or a settlement before filing a complaint in a civil action.

20

59. That Federico knew and knows that if Federico had any issue with Kim's proposed settlement that a civil action for abuse of process was the remedy.

54. That Federico as a licensed attorney and trained part time judge knew and knows that a criminal action where Kim was subject to pretrial incarceration and subsequent repetitive jailing would tie Kim up and keep Kim from seeking discipline and/or removal of Federico as a temporary judge and thereby hurt his career.

55. That Federico admitted in the TPO process that he was trying to protect his career and that his motivation and motives were selfishly motivated.

56 That Federico as alternate judge for Las Vegas prosecuted Kim for violation of the NRS without being charged with any violation of the Municipal Code. That Federico knew and knows that such a court is a court of limited jurisdiction and that Federico had no jurisdiction to move forward with the charges and then convict him.

57. That such conduct above is willful misconduct in violation of the code. that would allow the NCJD to remove Federico or at the least severely disciplining him which would result in the City Council and/or County Commission from removing Federico as a part time judge position.

58 That Federico knew and knows that if Kim can be prosecuted and/or convicted for presenting the settlement proposal then every person involved in presenting

these       stipulations      for       discipline      as       seen      at       this       link

https://judicial.nv.gov/Discipline/Decisions/New_Decisions/      could      also      be

prosecuted and or convicted.

59. That the willful acts of lying and telling inconsistent stories to the police and

the district attorney's office are not proper in the regular or ordinary conduct of the

proceeding or proceedings.

60. That Federico had and has multiple ulterior purposes some cited above. One

ulterior purpose is to chill others from following Kim's religious example in

attempting to resolve disputes with the individual themselves out of fear of

retaliation. That this type of thing is where the expression "No good deed goes

unpunished".

61. That Federico knew and knows that these court videos showing his

misbehavior are on the World Wide Web  and that Federico is therefore exposed to

the entire world. That anyone seeing those videos of Kim can file a complaint with

the NCJD even if in another country. That Federico knows that with Kim being

criminally prosecuted for investigating and seeking resolution  of a complaint will

chill others seeking to petition for redress of grievances.

## COUNT IV

**Violation of the First Amendment to the U.S. Constitution**

**(Retaliation for exercising Freedom to Petition for Redress of Grievances )**

62.   That all prior paragraphs are hereby incorporated into this count and all these following paragraphs are incorporated into all prior paragraphs by this reference.

That Kim in seeking to resolve any  dispute prior to filing with the NCJD was and is acting under the first amendment right to petition for redress of grievances.

63. That nothing in State law prohibits or disallows any person from seeking to resolve a violation of the code with the violator prior to filing a complaint. And in fact judicial economy and scarce resources make this preferable and desirable.

64. That Federico under color of State law is seeking to hamper Kim and to chill Kim doing the same again under fear and intimidation and retaliation for exercising his right to petition for redress of grievances. That Federico is trying to also chill others from following in Kim's footsteps.

65. That Kim has spoken to others and many at present are severely afraid of being retaliated against by a judge even if they complain and so Federico is already being somewhat successful in one of his ulterior purposes. Members of the public are being chilled.

66. In fact Kim has presented the facts of Federico's willful misconduct as a jurist and has asked these persons to submit a complaint. That said persons are fearful

and will not file a complaint nor seek to settle their complaint with Federico out of fear. Therefore this ulterior purpose of chilling first amendment freedoms by Federico under color of state law has been achieved.

67. That investigating and filing and prefiling activities of a judicial conduct complaint with the NCJD is protected under the first amendment, that Federico took adverse action against Kim. That there is a causal connection between what Kim was doing and the adverse actions that Federico took against Kim and continues against Kim.

68. That all of Federico's actions above were done maliciously, wantonly and oppressively.

## COUNT V

### Malicious Prosecution under Color of State Law  of the TPO

69.    That all prior paragraphs are hereby incorporated into this count and all these following paragraphs are incorporated into all prior paragraphs by this reference.

70. That Federico did initiate the application for the TPO against Kim alleging criminal violations of NRS 200.575 and/or NRS 200.571 as stated above in filling out the TPO application.

71. That there was any want of probable cause as Kim was clearly and definitively try to resolve a judicial misconduct claim with Federico and was in the very midst of an ongoing investigation of Federico. That Federico knew that there was no

24

probable cause to charge stalking or aggravated stalking or harassment

72. That Federico demonstrated malice in numerous and obvious ways toward Kim and Kim can testify to this and has evidence of this.

73. That the TPO was terminated in Kim's favor by the justice court  by denying the TPOsee Exhibit one. That in fact there were two denials of the TPO one without notice and the one with notice as Exhibit 1.

74. That Kim has suffered financial, dignitary and emotional damages as a result of Federico in this malicious prosecution of the TPO


RESERVED FOR AMENDED COMPLAINT IF NECESSARY

## COUNT VI

**Violation of the First Amendment to the U.S. Constitution**

**(Freedom to Peaceably Assemble )**

RESERVED FOR AMENDED COMPLAINT IF NECESSARY

## COUNT VII


RESERVED FOR AMENDED COMPLAINT IF NECESSARY

## COUNT VIII through X

RESERVED FOR AMENDED COMPLAINT IF NECESSARY

## REQUEST FOR EMERGENCY RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.   To Declare that Kim is an established religion and is entitled to protection under the first amendment to the U.S. Constitution and as such has rights to free exercise of religion and cannot be punished for or retaliated against for free exercise of religion. And enter an immediate judgment as such.

b.   To declare that Federico has and is attempting to chill Kim and consequently others rights to petition for redress of grievances to free exercise of religion and to establish themselves as individuals as an establishment of religion under the first amendment to the U.S. And to enter an immediate judgment as such.

c.   Award Plaintiff Kim any court Costs and if Counsel is obtained for Plaintiff to be awarded court costs and reasonable attorney's fees; and

d.   To refer this matter to the Department of Justice for investigations of possible violations of 18 U.S.C. 241 and 242 and for possible action under 18 U.S.C. Sec 3771.

e.   That additionally this Court appoint a special master to assure that the Defendants comply with the Court's order and ensures that the Defendants properly broadcast the news of these exemptions so that all businesses and persons and government agencies have full knowledge that exemptions to any

directive mandating face coverings has exemptions to it.

f. That this court invite amicus curiae participation in this case so that the issues can be fully developed.

g. Award compensatory damages in the amount of 400,000 that Kim lost that would go toward Kim's religious establishment that Kim was now deprived of for these two years because Kim has been unable to anything but virtually eat sleep and do legal work, the proximate cause of Federico's actions. That these funds would all be spent on charity and just minimal expenses for Kim's religious establishment. Kim also should have 100,000 for the loss of freedom as a proximate cause of Federico's actions. And 100,000 for emotional damages.

h. Award punitive damages in the ratio of 6 to 1 in accord with current case law

i. Award such other and further relief as to which the Plaintiff may be entitled that is extremely speedy and complete and where full justice is executed.

Respectfully Submitted this 2nd[th] day of July 2021

Kim Blandino#363075
CCDC In Custody House Arrest Module
330 S Casino Center Blvd.

Las Vegas, Nevada 89101
(702) 219-5657
No Fax
Kim43792@earthlink.net

## ASSEVERATION VERIFYING COMPLAINT AND IN

## SUPPORT

I Kim Blandino state under penalty of perjury that I am 65 years of age and have read the foregoing complaint and motion and the same is true and correct except as to those matters of belief and belief and as to those matters Kim believes them to be true. And that:

1. That any exhibits attached are true and correct copies and are authentic under FRE 901.

2. That this court must take judicial notice of all of the above facts, law and biblical authorities and other authorities, by this verified request.

3. That Kim presents this action appearing in forma pauperis and requests this be filed immediately pending the formal  waiver of an application for the same or in the alternative a completed application.

4. That Kim brought this action to the court as soon as Kim could possibly prepare, complete and deliver this filing to this court.

5. That Kim's ancestors saw and spoke to the Creator directly. The very same Creator that created time, space and matter and is in control of all. That

although the Creator's existence and power can be denied, said denial does not in any way negate these truths.

6. That Kim requests that this court forgive any spelling or grammar errors that Kim may have made due to this situation.

7. That Kim has gathered, prepared and written here to the best of Kim's ability to do as the Holy Spirit has directed Kim to do. Not knowing the immediate nor long-term direct or collateral consequences of this filing. Kim hopes that the persons described herein as doing wicked acts will repent of this wickedness and seek humbly the will of the Creator.

DATED this 2nd day of July, 2021

Kim Blandino#363075

CERTIFICATE OF ~~SERVICE~~ Filing

I HEREBY certify that filing of the foregoing was accomplished by sending a copy via email on July 2nd, 2021 to :

**lv_public_docketing@nvd.uscourts.gov**

Kim Blandino

Case No.: __19PO0799__

**JC DEPARTMENT 14**

LAS VEGAS JUSTICE COURT
FILED IN OPEN COURT

JUL 03 2019

BY: _____

## IN THE JUSTICE COURT OF LAS VEGAS TOWNSHIP

## COUNTY OF CLARK, STATE OF NEVADA

|  |  |
|---|---|
| **Michael Federico, Applicant** | ) ) ) ) **ORDER DENYING REQUEST FOR** |
| | ) **AN ORDER AGAINST STALKING,** |
| vs. | ) **AGGRAVATED STALKING, OR** |
| | ) **HARASSMENT** |
| **Kim Dennis Blandino, Adverse Party(s)** | ) ) ) |
| | ) |

**IT IS HEREBY ORDERED** that the requested Order Against Stalking, Aggravated

Stalking or Harassment is ☒ **DENIED** for the following reason(s):

☐ **The conduct alleged to have been committed by the Adverse Party(s),          , does**

**not fall within the definition of "stalking" or "aggravated stalking," pursuant to NRS**

**200.575 or "harassment," pursuant to NRS 200.571.**

☐ **The application is incomplete because** _____

_____

☒ **Other:** <u>**There bein no further contact amongst the parties, the request for**</u>

<u>**Temporary Protective Order is hereby denied.**</u>

**IT IS SO ORDERED this 3rd**     **day of** <u>**July**</u>     **2019**

CERTIFIED COPY
The document to which this certificate is attached
is a full, true and correct copy of the original
on file and of record in Justice Court of Las
Vegas Township, in and for the County of Clark,
State of Nevada.
By _____ Deputy
Date _____

_William D. Jansen_

**PRO TEMPORE WILLIAM JANSEN**

Order Denying Request for An Order Against
Stalking, Aggravated Stalking, or Harassment

March 2006

# EXHIBIT 1

Case No.:   19PO0799

**JC DEPARTMENT 14**

LAS VEGAS JUSTICE COURT
FILED IN OPEN COURT

JUL 03 2019

BY:

## IN THE JUSTICE COURT OF LAS VEGAS TOWNSHIP

## COUNTY OF CLARK, STATE OF NEVADA

Michael Federico, Applicant

vs.

Kim Dennis Blandino, Adverse Party(s)

)
)
)
)
)
)
)
)
)
)
)

**ORDER DENYING REQUEST FOR
AN ORDER AGAINST STALKING,
AGGRAVATED STALKING, OR
HARASSMENT**

**IT IS HEREBY ORDERED** that the requested Order Against Stalking, Aggravated Stalking or Harassment is ☒ **DENIED** for the following reason(s):

☐ The conduct alleged to have been committed by the Adverse Party(s),        , does not fall within the definition of "stalking" or "aggravated stalking," pursuant to NRS 200.575 or "harassment," pursuant to NRS 200.571.

☐ The application is incomplete because _____

_____

☒ Other: <u>There bein no further contact amongst the parties, the request for Temporary Protective Order is hereby denied.</u>

**IT IS SO ORDERED** this 3ʳᵈ                  day of <u>July</u>                  20<u>19</u>

**CERTIFIED COPY**
The document to which this certificate is attached is a full, true and correct copy of the original on file and of record in Justice Court of Las Vegas Township, in and for the County of Clark, State of Nevada.
By _____ Deputy
Date _____

_William D Jansen_
PRO TEMPORE WILLIAM JANSEN

Order Denying Request for An Order Against
Stalking, Aggravated Stalking, or Harassment

March 2006