UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIM BLANDINO,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL FEDERICO,<br><br>Defendant. | Case No. 2:21-cv-01262-JAD-EJY<br><br>**ORDER** |

## I.   DISCUSSION

Before the Court is Plaintiff Kim Blandino's Motion for Extension of Time to Serve Defendant the Summons and Complaint Pursuant to LR IA 6-1 (ECF No. 6). Blandino filed suit against Defendant Michael Federico, an alternate judge in the municipal court of Las Vegas and Judge *pro tempore* in Clark County, on July 2, 2021. ECF No. 1. Proof of service was due October 4, 2021, but Blandino has not served Federico as of this time. ECF No. 7. Blandino avers that he attempted to resolve the dispute with Federico outside of court, but that Federico was unwilling to pursue such a resolution. ECF No. 6 at 4; ECF No. 7 at 2. Blandino states that he was unable to serve Federico due to a verbal "no contact order" issued in Blandino's state court criminal case. *State of Nevada v. Kim Blandino*, Case No. C-19-341767-1. The state court docket confirms that Judge Michelle Leavitt verbally ordered Blandino "to have no contact with Mr. Federico" at a hearing held August 24, 2021. ECF No. 6 at 3; *See also* Eighth Judicial District Court for Clark County, Nevada, Case No. C-19-341767-1, *Blandino* Minute Order (Aug. 24, 2021). Blandino asks the period for serving Federico to be extended indefinitely. ECF No. 6 at 5.

A district court has broad discretion to fashion an appropriate service deadline under Rule 4(m) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m); *Reberger v. Dzurenda*, Case No. 317-cv-00552-RCJ-WGC, 2021 WL 6494783, at *2 (D. Nev. Dec. 1, 2021); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). This includes the power to grant an extension after the original service deadline has expired. *Efaw*, 473 F.3d at 1041. Upon a showing of good cause, a court must

grant an extension of the service period under the Rules. *Id.* Absent good cause, a court may still grant such an extension if the plaintiff can demonstrate failure to serve due to excusable neglect. *Id.* Factors to be considered include but are not limited to whether there is "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.*

The Court finds that Blandino does not demonstrate good cause for failing to serve Federico. Under the service of process Rules, parties are forbidden from effecting service directly. Fed. R. Civ. P. 4(c)(2). Rule 4(c)(2) states that service may be performed by "[a]nyone who is at least 18 years old and not a party." *Id.* Thus, Blandino is not only not expected to serve Federico himself but prohibited from doing so under the Rules. Like all plaintiffs, Blandino should serve Federico by means of a third party, whether by hiring a process server or enlisting the assistance of another disinterested adult. In doing so, Blandino could have effected service without running afoul of the order prohibiting him from contacting Federico.

While the Court does not find good cause, the Court does find Blandino demonstrates excusable neglect sufficient to merit a one-time extension of the service deadline. Blandino is apparently unaware of the Rules regarding service. Blandino's assumption that service is impracticable because of the no contact order is a reasonable misunderstanding. In addition, the Court finds that an extension of service will not prejudice Federico, who Blandino alleges has actual notice of the lawsuit against him. *See* ECF No. 7 at 2 ("Federico … refuse[d] to resolve matters between him and plaintiff Kim Blandino … without having to involve a court and thus using scarce judicial resources"). For the above reasons, the Court will grant Plaintiff a single opportunity of 30 days to serve Federico by means in accordance with the Federal Rules of Civil Procedure. If Blandino does not effect service in this time period, the Court will recommend this action be dismissed without prejudice.

**II.     ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion for Extension of Time to Serve Defendant the Summons and Complaint (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Kim Blandino must serve Defendant Michael Federico on or before March 22, 2022. Blandino is responsible for obtaining assistance through a

reputable process server or otherwise enlisting a disinterested third-party server over the age of 18 to serve Federico. Blandino should refer to Federal Rule of Civil Procedure 4(e)(2) for a list of appropriate service methods.

IT IS FURTHER ORDERED that failure to serve Michael Federico within the 30 day period provided by the Court will result in a recommendation to dismiss this action without prejudice.

Dated this 22nd day of February, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE