UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIM BLANDINO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL FEDERICO,<br><br>　　　　Defendant. | Case No. 2:21-cv-01262-JAD-EJY<br><br>**ORDER** |

## I.　BACKGROUND

Before the Court is *pro se* Plaintiff Kim Blandino's "Second Urgent Motion for Extension of Time to Serve Defendant the Summons and Complaint Pursuant to LR IA 6-1." ECF No. 10. Blandino filed suit against Judge Michael Federico, an alternate judge in the municipal court of Las Vegas and Judge *pro tempore* in Clark County, on July 2, 2021. ECF No. 1. Judge Michelle Leavitt issued a verbal order prohibiting Blandino from contacting Judge Federico on August 24, 2021. Under the mistaken belief that this order prevented him from serving Judge Federico, Blandino filed his first request to extend the service deadline. ECF No. 6. On February 22, 2022, the Court issued an Order granting Blandino until March 22, 2022 to serve Judge Federico with instructions to engage a third party server. ECF No. 8.

In his Second Motion, Blandino asserts that he retained a legal service company to serve Judge Federico that made four unsuccessful attempts to serve. ECF No. 10 at 4. According to the declaration from the legal service company, the process server appeared at Judge Federico's office and repeatedly left messages with Judge Federico's receptionist, but Judge Federico never responded. *Id.* at 37. Judge Federico's receptionist was not authorized to accept service on the Judge's behalf. *Id.* at 6. Blandino also asserts that his adult son attempted to serve Judge Federico in open court and Judge Federico refused the papers. *Id.* at 4. Blandino accuses Judge Federico of intentionally evading service and asks the Court to grant a second extension so that Blandino may continue to attempt to serve Judge Federico at his work address. *Id.* at 7.

## II. LEGAL STANDARD

A district court has broad discretion to fashion an appropriate service deadline under Rule 4(m) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m); *Reberger v. Dzurenda*, Case No. 3:17-cv-00552-RCJ-WGC, 2021 WL 6494783, at *2 (D. Nev. Dec. 1, 2021); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). This includes the power to grant an extension after the original service deadline has expired. *Efaw*, 473 F.3d at 1041. Upon a showing of good cause, a court must grant an extension of the service period under the Rules. *Id.* Absent good cause, a court may still grant such an extension if the plaintiff can demonstrate failure to serve due to excusable neglect. *Id.* Factors to be considered include but are not limited to whether there is "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.*

"Evasion of service can support a claim of good cause for failure to complete service." *Jones v. Auto. Club of S. California*, 26 Fed. App'x 740, 744 (9th Cir. 2002); *see also*, *Comcast of Illinois X, LLC v. Kwak*, Case No. CV-S-03-0962 DAE-PAL, 2009 WL 10692783, at *2 (D. Nev. Dec. 23, 2009); *Ewing v. Pollard*, Case No. 19-CV-855-CAB-BGS, 2019 WL 4736201, at *2 (S.D. Cal. Sept. 27, 2019). In *Jones v. Auto. Club of S. California*, however, the court held that the plaintiff did not establish evasion constituting good cause where the plaintiff attempted to serve through the defendant's counsel, who was unauthorized to accept service, and also did not attempt service on an authorized individual. *Jones*, 26 Fed. App'x at 744.

## III. DISCUSSION

The facts do not support the conclusion that Judge Federico evaded service. With respect to Blandino's ill-advised attempt to serve Judge Federico "in open court" through his son, ECF No. 10 at 4, the Court finds that Judge Federico's refusal was not willful evasion. The Judge was not required to accept service in such an inappropriate context, particularly given that Blandino is accused of stalking and harassing the Judge. ECF No. 7 at 12. The Court similarly cannot conclude that Judge Federico was evading service from Blandino's description of the server's visits to Judge Federico's office. The receptionist explicitly informed the server that Judge Federico "was not available and rarely comes into the office." ECF No. 10 at 37. That Judge Federico was not available when the server arrived at his office and that the receptionist was not authorized to accept service on

his behalf are not facts demonstrating bad faith or evasion.  *See Jones*, 26 Fed. App'x at 744 ("ACSC's corporate counsel's unavailability to receive service does not demonstrate bad faith or evasion of service").  In the absence of any evidentiary support for Blandino's claims of evasion, the Court does not find good cause necessitating a mandatory extension of the service deadline.

Nevertheless, Blandino's engagement of a process server, who made four attempts to reach Judge Federico at his office, demonstrates a good faith effort at service warranting an extension under the excusable neglect standard.  *Efaw*, 473 F.3d at 1041.  If Blandino's assertions are accurate, Judge Federico has had actual notice of the lawsuit against him since at least July of 2021, when Blandino alleges Judge Federico refused to resolve matters outside of court.  ECF No. 7 at 2.  Judge Federico received further notice of Blandino's continued efforts through the encounter with Blandino's son as well as through his receptionist, who confirmed that Judge Federico knew about the process server's office visits.  ECF No. 10 at 4, 37.  Because Judge Federico is on notice of the suit, there is no reason to believe he would be prejudiced by an extension that would lead to untimely service.  *Johnson v. Dizdar*, Case No. 20-CV-08314-LHK, 2021 WL 624599, at *2 (N.D. Cal. Jan. 20, 2021) (finding a 30-day extension of the service deadline would not prejudice defendant where Defendant had been on notice of the suit for at least a month).  The probability of eventual service also weighs in favor of granting an extension for excusable neglect.  Blandino persistently and repeatedly attempted to serve Judge Federico, engaged a process server, and obtained Judge Federico's business address.  For these reasons, the Court finds Plaintiff's failure to achieve timely service was the result of excusable neglect.

The Court is mindful that its last Order granted Blandino a one time extension.  ECF No. 8. The Court finds, however, that the circumstances warrant reconsideration of that Order.  In hiring a process server to make four visits to Judge Federico's office at Blandino's own expense, Blandino made a good faith effort to comply with the Court's instructions for serving Judge Federico while complying with the no contact order against him.  Similarly, Blandino's first failure to serve Judge Federico stemmed from a mistaken interpretation of the law rather than a lack of diligence on Blandino's part.

Federal Rule of Civil Procedure 4(m) gives plaintiffs 90 days in which to serve defendants, after which point the action is dismissed without prejudice. Fed. R. Civ. P. 4(m). *Pro se* litigants, like all parties, are bound by the Federal Rules of Civil Procedure. *Lapina v. Am. Addiction Centers, Inc.*, Case No. 2:17-CV-01943-JAD-CWH, 2018 WL 6991160, at *1 (D. Nev. Oct. 29, 2018). However, the Court has broad discretion to grant service deadline extensions where a plaintiff demonstrates excusable neglect. *Efaw*, 473 F.3d at 1041. After finding Blandino's failure to serve Judge Federico constitutes excusable neglect, the Court grants Blandino 60 additional days to serve Judge Federico. If Blandino does not achieve service by May 25, 2022, the Court will recommend dismissal of the action without prejudice.

**IV.  ORDER**

IT IS HEREBY ORDERED that Plaintiff's Second Motion for Extension of Time to Serve Defendant the Summons and Complaint (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must serve Defendant Michael Federico on or before May 25, 2022. Plaintiff should continue to refer to Federal Rule of Civil Procedure 4(e)(2) for a list of appropriate service methods.

IT IS FURTHER ORDERED that failure to serve Defendant Michael Federico within the 60 day period provided by the Court will result in a recommendation to dismiss this action without prejudice.

Dated this 23rd day of March, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE