1  PETER M. ANGULO, ESQ.
ANGULO LAW GROUP
2  5545 S. Mountain Vista Street, Suite F
Las Vegas, Nevada 89120
3  (702) 384-8000
(702) 384-8200 – fax
4  pangulo@angulolawgroup.com
Attorneys for Defendant
5

6                    UNITED STATES DISTRICT COURT

7                        DISTRICT OF NEVADA

8

9  KIM BLANDINO,                          )   CASE NO.  2:21-CV-1262-JAD-EJY
                                          )
10            Plaintiff,                   )
                                          )
11  vs.                                    )
                                          )
12  MICHAEL FEDERICO, ESQ.,                )
                                          )
13            Defendant.                   )
                                          )

14

15            **MOTION TO QUASH SERVICE OF PROCESS**

16      COMES NOW Defendant, MICHAEL FEDERICO, ESQ., by and through his counsel of record,

17  PETER M. ANGULO, ESQ., of the ANGULO LAW GROUP, and files the instant Motion to Quash

18  Service of Process as follows:

19                     **POINTS AND AUTHORITIES**

20

21  **I.      PROCEDURAL BACKGROUND**

22      Plaintiff filed the instant lawsuit on July 2, 2021 with this Honorable Court—seeking to litigate

23  his claims against Michael Federico, who was acting in his capacity as a judge when the relevant events

24  initially occurred.  (#1). He was required, under the rules, to effect service by October 4, 2021. This was

25  not done. Thereafter, Plaintiff sought a motion seeking an extension of time to file service—which this

26  Court held failed to establish good cause.  Nevertheless, this Court patiently extended the time to

27  properly serve Judge Federico with this Complaint until March 22, 2022. (#8).

28

1

When that date was expiring Plaintiff again asked for an extension of time—falsely alleging Judge Federico was attempting to evade service. This Court found the allegation was meritless; however, in an act of equity, this Court again extended the time to properly serve Judge Federico to May 25, 2022. (#11).

Plaintiff now claims he was able to successfully serve Judge Federico on May 12, 2022. Attached hereto as Exhibit "1" is the Declaration by Judge Federico. It details that this "service" occurred as he was inside a federal courthouse walking to federal court ordered settlement conference. As Judge Federico was approaching the elevators, he heard someone call his name and say "you've been served." When he turned around, he saw a gentleman walking away from papers dropped on the floor many feet away from Judge Federico. There was no comment made as to the case involved or what type of papers were being "served." Because he had a settlement conference to attend as defense counsel, Judge Federico continued up the elevator and did not return to the lobby until three hours later. At that point there were no documents on the ground.

Respectfully, such behavior violates the intent of FRCP 4 and fails to constitute proper service. Accordingly, this Court should require Plaintiff to either comply with the Rules of Civil Procedure or dismiss his case without prejudice as it indicated it would do in its most recent order (#11).

## II.    LEGAL ANALYSIS

### A.    THERE WAS NO PERSONAL SERVICE

FRCP 12(b)(5) permits a party to move to dismiss for insufficient service of process. Due Process requires the method of service be reasonably calculated to give notice to a defendant of the proceedings against him. Wuchter v. Pizzutti, 276 U.S. 13 (1928); Errion v. Connell, 236 F.2d 447, 457 (9th Cir. 1956). If the service is insufficient, a federal court lacks personal jurisdiction over the defendant. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). When service is challenged, it becomes Plaintiff's burden to establish the validity of service under FRCP 4. Brockmeyer

1 v. May, 383 F.3d 798, 801 (9th Cir. 2004).

2 While the rule is flexible and "should be liberally construed so long as a party receives sufficient

3 notice of the complaint, " "[n]either actual notice, nor simply naming the person in the caption of the

4 complaint, will subject defendants to personal jurisdiction if service was not made in substantial

5 compliance with Rule 4." Crowley v. Bannister, 734 F.3d 967, 975 (9th Cir. 2013)(citations omitted).

6 Certainly, "personal service should not become a 'degrading game of wiles and tricks' nor should a

7 defendant be able to defeat service simply by refusing to accept the papers . . .," Wood v. Weenig, 736

8 P.2d 1053, 1055 (Utah Ct. App. 1987), but neither should a plaintiff be able to maintain a suit based upon

9 personal service when the process server has done nothing more than drop unknown papers on the floor

10 some distance from the person upon whom service is required—without identifying the nature of the

11 service and/or the purpose therefore.  Yet that is exactly what has happened in this matter.  Rather than

12 delivering the papers directly to Judge Federico, the process server simply threw papers on the floor,

13 announced that this constituted service and walked away. No effort was made to personally deliver the

14 papers to Judge Federico. No description was given as to whether this was service of a Rule 45 subpoena,

15 divorce papers, service of a complaint, or a witness subpoena for an ongoing case.

16 Before process can simply be left near the defendant, "[i]t is imperative... that the defendant be

17 made aware that he or she is in fact being served with process." Coyne v. Besser, 546 N.Y.S.2d 129, 130

18 (1989) (service not valid when process left on chair in reception area of doctor's office after process

19 server called out doctor's name as he walked through waiting room to his inner office, but did not inform

20 doctor, or otherwise put doctor on notice, that he had process to serve). See also Flex Credit, Inc. v.

21 Winkowitsch, 428 N.W.2d 236, 239 (N.D. 1988)(service proper when the defendants refused to accept

22 service, and the process server placed the documents in their general vicinity inside their residence and

23 informed them he was doing so); Nielsen v. Braland, 119 N.W.2d 737, 739 (Minn. 1963)(when process

24 server touched the defendant with summons, which was then laid in place easily accessible to defendant,

1    service was adequate although defendant refused to pick up the process or accept service).  This did not

2    occur here.

3        As indicated, no effort was made to personally deliver these documents to Judge Federico.  No

4    description of the case was provided nor were the papers left in a spot nearby to the judge.  The import of

5
     these actions cannot be set aside as the mere ignorance of a proper person litigant. It appears Plaintiff
6
7    retained a professional process server to deliver these papers who was well aware—or should have been

8    well aware—of the obligations to properly effect service in this jurisdiction. On these grounds alone, this

9    improper service should be quashed.

10       **B.    JUDGE FEDERICO WAS IMMUNE TO SERVICE OF THESE PAPERS UNDER**
             **THE PARTICULAR CIRCUMSTANCES**
11

12       As indicated, this improper attempt at service was made upon Judge Federico as he was in a

13   federal courthouse heading towards a settlement conference on an unrelated matter. Respectfully, federal

14   law in this area grants him immunity from service in such a situation.

15       The controlling principles were stated by the Supreme Court in Lamb v. Schmitt, 285 U.S. 222,

16   225 (1932):

17
         The general rule that witnesses, suitors, and their attorneys, while in attendance in
18       connection with the conduct of one suit are immune from service of process in
         another, is founded, not upon the convenience of the individuals, but of the court
19       itself. * * * As commonly stated and applied, it proceeds upon the ground that the due
         administration of justice requires that a court shall not permit interference with the
20       progress of a cause pending before it, by the service of process in other suits, which
         would prevent, or the fear of which might tend to discourage, the voluntary
21       attendance of those whose presence is necessary or convenient to the judicial
         administration in the pending litigation.
22
         "[T]he extension of the privilege has been limited by the majority of courts to cases in
23
     which the party or witness was participating in an unrelated litigation at the time that he was
24
25   served with process in the forum state." N. Light Tech., Inc. v. N. Lights Club, 236 F.3d 57, 62

26   (1st Cir.)(collecting cases), cert. denied, 533 U.S. 911 (2001).

27       In this case, that is precisely what happened. Judge Federico was attending a federal court

28   ordered settlement conference for an unrelated matter and was in the courthouse on his way to

that settlement conference when the improper attempted service occurred. Under the parameters granted by <u>Lamb v. Schmitt</u> and the vast majority of cases that have looked at such a situation, due to the fact that the cases were unrelated, the immunity applies and the service must be quashed. Again, this is not the situation of excusable neglect where an ignorant proper person litigant was attempting to serve papers. This was done knowingly and willfully by a professional process server. This Court, respectfully, should not countenance such a flagrant flaunting of the rules.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, this Court must grant Judge Federico's Request to Quash Service in this matter and consider either dismissing the litigation now for Plaintiff's repeated failure to properly follow this Court's directions or, at the very least, give Plaintiff a limited time within which service can be properly completed or have the litigation dismissed as a consequence.

RESPECTFULLY SUBMITTED this ___/___ day of June, 2022.

ANGULO LAW GROUP, LLC

By _____

PETER M. ANGULO, ESQ.
5545 S. Mountain Vista Street, Suite F
Las Vegas, Nevada  89120
Attorneys for Defendant

1

## CERTIFICATE OF SERVICE

2

I HEREBY CERTIFY that on the ____ day of June, 2022, I served the above MOTION TO

3

QUASH SERVICE OF PROCESS through the CM/ECF system of the United States District Court for

4

the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

5

Kim Blandino, #363075

6 CCDC In Custody House Arrest Module
330 S. Casino Center Blvd.

7 Las Vegas, Nevada  89101
Plaintiff in Proper Person

8

9

10 An Employee of the Angulo Law Group

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

# Exhibit 1

## DECLARATION OF MICHAEL FEDERICO, ESQ.

Michael Federico, Esq., under penalty of perjury, hereby submits the instant sworn declaration regarding facts of which he has personal knowledge and which he has truthfully and accurately stated herein, as follows:

1.     I am the named Defendant in the instant lawsuit. I am generally aware the instant lawsuit is predicated on actions arising out of my service as a Municipal Court judge *pro tempore* for the City of Las Vegas.

2.     I am aware the untoward actions of Plaintiff when he appeared before me in a traffic hearing on August 28, 2018 (where he was adjudicated guilty of a traffic violation) and his harassing actions subsequent to that hearing warranted my filing of a temporary restraining order to keep him away from myself and my family. While that order was ultimately denied by the court, it was only done because the court had evidence Plaintiff was no longer actively stalking/harassing me and/or my family for an extended period of time.

3.     Further, subsequent to that initial appearance before me, Plaintiff threatened to bring charges before the Nevada State Commission on Judicial Discipline if I did not acquiesce to his demand—including a demand for a money payment to him. He also contacted the partners in my firm with the same information, threats and resolution proposals. This constituted extortion under Nevada criminal law. I am aware he has been criminally charged and convicted of extortion and impersonating a public officer (claiming his is an investigator for the NCJD) in the Eighth Judicial District Court in March of this year. It is my understanding that conviction is currently on appeal but sentencing on the charge is scheduled for July 7, 2022.

4.      I am also aware plaintiff has been declared a vexatious litigant in Clark County, Nevada, and is unable to file any litigation with the Eighth Judicial District Court Based on a ruling by Judge Elizabeth Gonzalez in Blandino v. Judge Herndon and in his own recent criminal matter by Judge Leavitt.

5.      At any rate, although I am generally aware of presence of the lawsuit, I have never been properly served with an appropriate summons for same. At no time have I refused to physically accept a properly delivered summons to me.

6.      I understand Plaintiff has asserted I have been properly served in this manner. I respectfully disagree.

7.      On May 12, 2022, I was in Las Vegas at the Lloyd D. George Federal Courthouse attending a scheduled and ordered settlement conference in an unrelated case, Lin v. Costco, 2:20-CV-01851-JCM-EJY.

8.      As I walked through the courthouse, past security, I headed towards the elevators to arrive at the scheduled floor for the settlement conference. Just as I was reaching the elevator, I heard my name being called out. I turned and saw a gentleman standing approximately 25 to 30 feet away from me.

9.      The gentleman simply called out my name and said "you've been served" and walked away from some papers on the floor. I had no idea on what matter I was allegedly being served, nor did I have time to walk over and look at the papers since I was scheduled to be at the settlement conference in a few minutes and was meeting with his client.

10.     I continued up the elevator and finished the settlement conference several hours later. Upon my return downstairs to exit the building, the papers were not present.

11.     I can only presume this is the "service" which Plaintiff asserts was done in relation to this case since I was never informed regarding the matter nor have I ever seen the papers themselves.

12.     I have practiced law in this State for over 25 years and I'm familiar with the requirements of personal service both in federal and state court. To my mind, this is not an appropriate way to serve a party in a federal action nor was there any unique need for service to be accomplished in such a manner as I have never denied nor refused to receive papers which were attempted to be handed to me in a proper setting.

13.     I am aware, however, that it is improper to attempt to serve and attorney or litigant on an unrelated case when they are in a courthouse on a different matter. For these reasons, I respectfully ask this court to quash service and require Plaintiff to perform proper service in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

_____
MICHAEL A. FEDERICO

6/1/22
DATE