PETER M. ANGULO, ESQ.
ANGULO LAW GROUP
5545 S. Mountain Vista Street, Suite F
Las Vegas, Nevada 89120
(702) 384-8000
(702) 384-8200 – fax
pangulo@angulolawgroup.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KIM BLANDINO, | CASE NO. 2:21-CV-1262-JAD-EJY |
| Plaintiff, | |
| vs. | |
| MICHAEL FEDERICO, ESQ., | |
| Defendant. | |

**MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW Defendant, MICHAEL FEDERICO, ESQ., by and through is counsel of record, PETER M. ANGULO, ESQ., of the ANGULO LAW GROUP, and files the instant Motion for More Definite Statement as follows:

**POINTS AND AUTHORITIES**

Plaintiff has brought before this Court a prolix 29-page Complaint containing such interesting fodder as a discussion of whether Adam and Eve had bellybuttons, the nature of creation, the effect of the Flood, the failure of his Creator to warn him of Defendant in advance, his religious devotions, alleged "settlement discussions" with Defendant, nonexistent claims for relief which are reserved for an amended complaint, vague allegations of misconduct which are presented to this court without the benefit of any dates or substantive discussions, paragraphs which incorporate all that has been said and all that will yet be said in the Complaint, requests for relief against parties that are not mentioned in the caption of this matter, repeated references to "Defendants" when only one Defendant is named, and generally

1

disparaging language which is inappropriate in the context of such a pleading.

As this Court is aware, there are two other pending motions seeking to quash the blatantly inappropriate attempt at service of this matter upon Judge Federico and a Motion to Dismiss which is designed to pare down the various conclusory allegations and wrongful legal theories found in the instant Amended Complaint—if not dismiss it altogether. While Defendant has done his best to prepare for the Court a responsive pleading in the form of the Motion to Dismiss, in all candor, the Complaint itself is in disarray.

While the instant Motion may be mooted by the Court's decision on the pending Motion to Dismiss, it seemed appropriate to file this Motion asking this Court to require—should dismissal not be appropriate—for Plaintiff to re-state his claims in a clear, precise and non-inflammatory manner so Defendant can reasonably prepare a more direct responsive pleading when, and if, an Answer is required. Accordingly, Defendant asks this Court–after the Motions have been decided–issue an Order requiring Plaintiff to reclarify the Complaint so that proper responsive pleadings can be entered.

According to Federal Rule of Civil Procedure 12(e), if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. A pleading does not "meet the minimal duty" imposed by the Federal Rules of Civil Procedure when it is so vague a defendant might be prejudiced by responding to the complaint in its existing form. In Re Hanford Nuclear Reservation Litigation, 780 F. Supp. 1551 (E.D. Wash. 1991); Cash Energy Inc. v. Werner, 768 F. Supp. 892 (D. Mass. 1991).

The provisions of this Rule require a Motion for More Definite Statement to point out the defects and the details desired must be liberally construed. McKenna v. U.S. Lines, 26 F. Supp. 558 (S.D.N.Y. 1939). The rule is intended to clarify averments of the complaint. United States v. Bearing Distributors Co., 11 F.R.D. 591 (W.D. Mo. 1951). Even if a complaint contains a viable legal theory, if it is so vague and ambiguous the opposing party cannot respond either because it is conclusory, inarticulate or for other reasons, then the appropriate remedy is for the court to issue an order requiring a more definite statement.

Jones v. Metropolitan Denver Sewage Disposal District No. 1, 537 F. Supp. 966 (D. Colo. 1982). Where a complaint, for example, consisted of 125 paragraphs and 30 pages and where the allegations–many of which were argumentative, redundant, discursive, or conclusory–as to the various defendants were scattered throughout the complaint, Defendants were entitled to a more definite statement before posing a responsive pleading. Ames v. Associated Musicians of Greater New York, Local 802 AFM, 47 F.R.D. 540 (S.D.N.Y. 1968).

In this case, Plaintiffs' rather pedantic Complaint falls within this category. As noted, it seeks relief against non-parties and repeatedly references a plurality of defendants when only one in mentioned in the caption. It contains few concrete details of the supposed interactions between the named parties and engages in constant theorization of Defendant's mindset, beliefs and motivations. Likewise, the gross leaps of logic underlying the advancement of any of the causes of action is so strained as to be difficult to understand. There are even unidentified causes of action (reserved for an Amended Complaint) and one cause of action presented sans any allegations to support same.

Obviously, if the Court grants the pending Motion to Dismiss, this Motion becomes moot. If, however, Defendant is required to remain in the litigation, he will need to file an Answer that can meaningfully respond to these conclusory allegations. At that time, Defendant is asking this Court to consider the unwieldy nature of the Complaint in its present format and require Plaintiff to provide a more definite statement of Judge Federico's actions and dates for such actions, and a clear description of the legal claims which relate to those alleged actions so that some sense of completeness regarding the allegations against Defendant and the defenses which would be available to him can be fully made.

///

///

///

///

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court grant this Motion for More Definite Statement–at the conclusion of deciding the FRCP 12(c) Motion presently pending.

RESPECTFULLY SUBMITTED this ___1___ day of June, 2022.

ANGULO LAW GROUP, LLC

By_____
PETER M. ANGULO, ESQ.
5545 S. Mountain Vista Street, Suite F
Las Vegas, Nevada 89120
Attorneys for Defendant

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___1___ day of June, 2022, I served the above MOTION FOR MORE DEFINITE STATEMENT through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

Kim Blandino, #363075
CCDC In Custody House Arrest Module
330 S. Casino Center Blvd.
Las Vegas, Nevada 89101
Plaintiff in Proper Person

_/s/ Margaret Anthy_
An Employee of the Angulo Law Group

5