Kim Blandino#363075 PECULIAR PRO SE
CCDC In Custody House Arrest Module
330 S Casino Center Blvd.
And C/O 441 N 16th St
Las Vegas, Nevada 89101
(702) 219-5657
No Fax
Kim43792@earthlink.net



_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
        COUNSEL/PARTIES OF RECORD

        JUN 1 5 2022

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY

## US DISTRICT COURT NEVADA
## DISTRICT OF NEVADA

KIM BLANDINO

                                    Case No. 2:21-cv-01262-JAD-EJY

               Plaintiff,

-vs

MICHAEL FEDERICO ESQ.,

               Defendant.


_____/


# URGENT CONSOLIDATED  OPPOSITION TO FEDERICO'S MOTION TO DISMISS AND OPPOSITION TO A MORE DEFINITE STATEMENT WITH REQUEST TO STRIKE THE MOTION TO DISMISS IN ITS ENTIRETY OR IN THE ALTERNATIVE OTHER EQUITABLE ACTION

Comes Now Plaintiff  Kim Blandino ("Kim")   to file this     **URGENT**

1

**CONSOLIDATED OPPOSITION TO FEDERICO'S MOTION TO DISMISS AND OPPOSITION TO A MORE DEFINITE STATEMENT WITH REQUEST TO STRIKE THE MOTION TO DISMISS IN ITS ENTIRETY OR IN THE ALTERNATIVE OTHER EQUITABLE ACTION**

This motion is made pursuant to the FRCvP and the local rules . This motion is based on all of the papers and pleadings on file herein and the exhibits attached.

## FACTS AND ARGUMENT

The sole defendant in this case is Michael Federico ("Federico") who is an alternate judge for the municipal court of Las Vegas  and a Pro Tem judge for the Justice Court Las Vegas Township. Federico is also a licensed member of the Bar and according to  Pacer, Federico is an attorney in 57 cases and about (12) twelve of these cases are currently open.

The state bar indicates that Federico has been practicing since October 14, 1996 (Coincidently Kim's 41st birthday anniversary). So Federico has been a practicing lawyer for over 25 years.

Kim's religious beliefs require Kim to attempt to resolve all complaints or grievances with any individual or party themselves and if that is not possible to then file a formal complaint or action if appropriate. This is consistent with the law to seek exhaustion of any remedies at the lower levels if at all possible unless such exhaustion was reasonably deemed futile.

2

Because Kim has had a stay away order from the criminal case as to Federico since early 2019 Kim was hoping to have that stay away order lifted so that Kim could resolve the issues with Federico without having to file the instant suit.

Kim has been steadily engaged with the criminal process because Federico acted as a police agent to seek to entrap Kim into an extortion charge with the state. Therefore because of this intensive and "all consuming" work Kim could not be as careful or thorough in preparing his complaint as Kim would have wished.

With a potential for the Statute of limitations running out Kim was forced to prepare a complaint in July 2019 to the best of Kim's ability at that time. Even now Kim is preparing an Emergency habeas to the state court and Kim must halt that petition in order to meet the "*Klingele*" deadline for this opposition. See Exhibit 1 attached (Emergency habeas petition in progress less exhibits for brevity).

Kim is not a licensed attorney and is appearing pro se. Therefore *Haines v. Kerner* , 404 U.S. 519, 520-21 (1972) applies. Judge Dorsey herself who is assigned this case stated in *Lee v. Bank of Haw*., No. 2:14-cv-00161-JAD-GWF (D. Nev. July 3, 2014)"

> Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner* , 404 U.S. 519, 520 (1972). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States, 70*

F.3d 1103, 1106 (9th Cir. 1995). *Lee v. Bank of Haw.*, No. 2:14-cv-00161-JAD-GWF, at \*2 (D. Nev. July 3, 2014)

*Lee* was given 30 days to file an amended complaint curing the deficiencies. Kim can and will cure any deficiencies if Kim cannot come to a settlement with Federico as shown below.

Kim is and has been doing the best he can under the circumstances. As shown in Exhibit 1 Evelyn Pendergraft ("Evie") is now in the hospital and at 96 years old this is a very grave threat to her life. Kim is greatly concerned that Evie will not make it to her 100 year birthday anniversary. Kim is therefore under a great deal of stress and only Kim's faith in God and the hope that he provides keeps Kim going.

Kim must point out that Federico does not come to this court with clean hands. Kim saw Federico lie and commit perjury in the state court with the TPO hearing in stating falsely that Kim spoke to Federico outside the courtroom when thankfully, Kim's Marshall (John Gurka) escort testified that Federico's claim under penalty of perjury was false.

Also, Kim during Kim's recent criminal trial when Federico was on the stand, Kim saw and heard Federico again commit perjury by stating that he was in fear of his life and his family because of Kim. And Federico tried to show he was crying and reached for a tissue in front of the witness stand and there were no tears

4

whatsoever and the tissue was for show for the jury to see and tug on their "heartstrings".

And now before this court in Federico's affidavit stating that the process server was 25 to 30 feet away when the process server walked away from some papers on the floor and called out "you've been served" does not even pass the "laugh or the smell test". See attached affidavit to motion to quash. The process server under affidavit states much differently. Kim has made an emergency motion for the court to order the tapes of this event to avoid the cost of subpoena and potential motions to quash(see ECF 22) that occurred in the "Cooper Rotunda" of the courthouse.

Seeing Federico's past perjury and lying to the court and the jury Kim must be inclined to believe the process server and not Federico.

In ***Northbay Wellness Grp., Inc. v. Beyries***, 789 F.3d 956 (9th Cir. 2015) the court stated:

> The Supreme Court has emphasized, however, that the doctrine of un-clean hands "does not mean that courts must always permit a defendant wrongdoer to retain the profits of his wrongdoing merely because the plaintiff himself is possibly guilty of transgressing the law." *Yellow Cab,* 321 U.S. at 387, 64 S.Ct. 622. Rather, determining whether the doctrine of unclean hands precludes relief requires bal-ancing the alleged wrongdoing of the plaintiff against that of the defendant , and "weigh[ing] the substance of the right asserted by [the] plaintiff against the transgression which, it is contended, serves to foreclose that right." *Republic Molding Corp. v. B.W. Photo Utils.,* 319 F.2d 347, 350 (9th Cir.1963). *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 960 (9th Cir. 2015)

See also  " The doctrine of unclean hands also can bar a defendant from asserting an equitable defense. See ***Jarrow Formulas, Inc. v. Nutrition Now, Inc***., <u>304 F.3d 829, 841-42</u> (9th Cir. 2002)" ***Seller Agency v. Kennedy Ctr. for Real Estate***, 621 F.3d 981, 986 (9th Cir. 2010)

Federico seeks the motion to dismiss and the aforementioned motion to quash when his hands are a dirty as they come in committing perjury. The FRCvP  and the local rules require a party to avoid unnecessary expenses within any litigation. Federico shows clearly that he wishes to increase them. This also makes his hands unclean.

Further, Federico in the motion to dismiss state that Kim has been convicted of extortion. See footnote 2 of page 4 ECF 13, line 8 of page 5, line 18 of page 6, line 26 of page 6 and line 1 of page 13. Federico in his affidavit personally claims Kim was convicted Affidavit paragraph 3 attached to ECF 14.   This is demonstrably **<u>untrue</u>** again. Kim supplies the register of actions from case C-341767-. See Exhibit 2.

This court can see that a verdict only has been filed and sentencing is for July 7, 2022. The court will also see that a motion for a new trial was filed on Match 16, 2022 DocID# 178. There are a half a dozen things that can stop a conviction ever being entered in this case between the verdict and a judgment of conviction. The motion for new trial could be granted. Kim's habeas petition attached as an Exhibit

6

here could be granted. The state court could sua sponte set aside the verdict. Also the court could stay sentencing indefinitely. There are a number of other things that would permanently stop a judgment of conviction from being entered in the matter.

Federico knows Kim has not been convicted because only the Verdict form is attached to the motion to dismiss. This could be understandable for a non attorney to confuse a verdict with a conviction. Yet both Federico are members of the Bar of significant experience. Exhibit 3 shows that Angulo has been a member of the Bar since 1989 and Exhibit 4 shows that Federico has been a member of the Bar since 1996.

Neither Federico nor Angulo should be excused with their combined decades of experience in calling a verdict a conviction. It begs the question, if the state court sets aside the verdict or grants a new trial etc. will Federico claim then that Kim's conviction was reversed? These repetitive false statements are the most gross form of "rush to judgment".

A guilty verdict is not a conviction see , ***State v. Saenz***, 197 Ariz. 487 (Ariz. Ct. App. 2000) and ***State v. Lufkins***, A19-1809 (Minn. Ct. App. Aug. 17, 2020) We see no reason to depart from the general rule that a jury-verdict based conviction "occurs only after the district court judge accepts, records, and adjudicates the jury's guilty verdict.".

Further the matter of whether Kim has been convicted or not has been decided

7

by this court and the Nevada Supreme Court. In Kim's 2241 habeas petition which

this court dismissed without prejudice(albeit with Judge Boulware) the court held:

> Although Petitioner has been **tried and found guilty**, he is **not yet subject to a final judgment of conviction as he has not been sentenced.**3 1 All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts. 2 Rule 4 is applicable to § 2241 petitions through Rule 1(b). 3 **The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts.** The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and (emphasis added)

See attached Exhibit 5 for convenience (Order of Judge Boulware)

Kim criminal case has had thousands of views through Our Nevada Judges on

Youtube and many commenters thereto are also repeating the lie or

misunderstanding that Kim  has been convicted. Kim has substantial issues in

Kim's motion for new trial and imminent state petition for a writ of habeas corpus

post-verdict but pre conviction. It must not and cannot be tolerated that something

so demonstrably false is allowed to stand in a public record.

This claiming Kim was convicted when he clearly has not been is **extremely**

disturbing to Kim and is by definition scandalous material. It is also confusing to

the public. This motion to dismiss should either be stricken in its entirety or give

Federico a reasonable amount of time to withdraw the motion to dismiss and file

an amended motion to dismiss excluding the Kim was convicted unless at that time

Kim is convicted and then still be ordered amended or order that the motion to dismiss be stricken.

Moreover, as a practical matter Federico invokes ***Heck v. Humphrey***. 512 U.S. 477, 483-87 (1994) in paragraph a as a defense. Because as shown above there is no conviction therefore ***Heck*** cannot apply.

Kim in short should not be required to oppose this motion to dismiss because of the above critical flaws that are so intertwined with the motion that Kim needs a clear and accurate motion to dismiss that Kim can reply to.

## INTENT TO FILE AN AMENDED COMPLAINT

Because additional information has come to Kim regarding Federico and the continuing series of events from 2019 to the present Kim will need to file an amended complaint in any event for subsequent events since the filing of the complaint.

Except now that Kim has counsel as an intermediary to speak with, that being Angulo, Kim must attempt settlement with Federico's attorney which may very well negate having to file an amended complaint and could result in a voluntary dismissal of this complaint and resolve globally all issues between Kim and Federico.

Kim believes that a proper and complete apology from Federico could actually

settle all matters between Kim and Federico with both parties to bear their own costs. That a proper apology from Federico to Kim  would be worth more to Kim than a federal judges's chambers filled from floor to ceiling with fine gold.

Moreover, such an offer by Kim, accepted may lead to the repentance and salvation of Federico who at present is running down the road to hell. Should this occur Kim would rejoice if Federico would turn from the evil and wicked path he has travelled so far and come to the Creator of all things. Such a happy event would be keeping with God's own continuing miracles. See Luke 15:3-7 KJV.

## MOTION FOR A MORE DEFINITE STATEMENT

Federico admits that the motion for more definite statement "may be mooted by the Court's decision on the pending Motion to Dismiss," ECF 15 page 2 lines 8-9.

Since Kim intends to file an amended complaint unless Federico will make a proper apology a motion for more definite statement need not be granted. It would not be futile for Kim to file an amended complaint therefore the motion for a more definite statement should be denied.

## <u>CONCLUSION</u>

Kim therefore for the reasons above respectfully requests that the court deny the motion to dismiss. Or in the alternative to order that Federico be granted a

reasonable time to withdraw the motion to dismiss and to file an amended motion

to dismiss should this matter not be settled. Or in the alternative to strike the

motion to dismiss and allow an amended motion to dismiss  should the matter not

be resolved .

In the alternative to grant such other relief as is proper and just.


Respectfully Submitted this 15th day of June 2022


Kim Blandino#363075 Peculiar Pro Se
CCDC In Custody House Arrest Module
330 S Casino Center Blvd.
And C/O 441 N 16th St
Las Vegas, Nevada 89101
(702) 219-5657
No Fax
Kim43792@earthlink.

### ASSEVERATION AND IN SUPPORT


I Kim Blandino state under penalty of perjury that I am  over 66 years of age

(outside the womb)and have read the foregoing motion and the same is true

and correct except as to those matters of belief and belief and as to those

matters Kim believes them to be true. And that:

1. That any exhibits attached are true and correct copies and are authentic

   under FRE 901.

2. That this court must take judicial notice of all of the above facts, law and biblical authorities and other authorities, by this verified request.

3. That Kim brought this opposition to the court as soon as Kim could possibly prepare, complete and deliver this filing to this court.

4. That Kim requests that this court forgive any spelling or grammar errors that Kim may have made due to this urgent situation.

5. That this filing is not made to vex harass or annoy or for any improper purpose.

6. That Kim has gathered, prepared and written here to the best of Kim's ability to do as the Holy Spirit has directed Kim to do. Not knowing the immediate nor long-term direct or collateral consequences of this filing.

DATED this 15th day of June 2022

Kim Blandino#363075

## CERTIFICATE OF SERVICE

I HEREBY certify that filing of the foregoing was accomplished by sending a copy via email on June. 15th, 2022 to :

pangulo(a)angulolawgroup.com

Kim Blandino

# EXHIBIT 21

# EXHIBIT 22

# EXHIBIT 1

KIM BLANDINO PECULIAR PRO SE #363075
CCDC In Custody House Arrest Module
330 S Casino Center Blvd.
Las Vegas, Nevada 89101
(702) 219-5657
No Fax
Kim43792@earthlink.net

## DISTRICT COURT
## CLARK COUNTY, NEVADA

Kim Blandino

                              Case No. for Petition_____
                              Criminal CASE NO.

            Petitioner/Prosecutor    source of restraint   C-19-341767-1

-vs

Sheriff Joe Lombardo and Judge Michelle
Leavitt for the EJDC and

Aaron Ford Attorney General of Nevada

                  Respondents

_____/

# THIS IS NOT A POST CONVICTION PETITION!!

## EMERGENCY PRO SE PETITION FOR WRIT OF HABEAS CORPUS REGARDING A CRIMINAL MATTER UNDER NRS 34.360-34.680 AND THE US CONSTITUTIONAL PROVISION FOR THE GREAT WRIT AND EMERGENCY STAY OF PROCEEDINGS IN CASE C-341767 PENDING THE FULL ADJUDICATION OF THIS PETITION

1

## <u>RELIEF NEEDED PRIOR TO JUNE 21 2022</u>

**COMES NOW** Petitioner and Prosecutor of this writ Kim Blandino ("Kim") representing himself pro se as Kim's pro se status has wrongfully been revoked and former stand by counsel Ben Bateman ("Ben") has been forced upon Kim in Case C-19-341767and files this **<u>EMERGENCY PRO SE PETITION FOR WRIT OF HABEAS CORPUS REGARDING A CRIMINAL MATTER UNDER NRS 34.360-34.680 AND THE US CONSTITUTIONAL PROVISION FOR THE GREAT WRIT AND EMERGENCY STAY OF PROCEEDINGS IN CASE C-341767 PENDING THE FULL ADJUDICATION OF THIS PETITION</u>**

This Emergency petition is based upon all of the papers and pleadings on file in case # C-19341767 on the exhibits attached, the facts and law that Kim demands this court take judicial notice of and the Asseveration in Support and anything adduced at any possible oral argument of this petition.      That the facts contained in these following paragraphs are incorporated into every other paragraph and every other paragraph into each other in this petition by this reference.


1. That Kim is restrained of his liberty by operation way of a 50,000 bond and medium level house arrest GPS module from the Clark County Detention Center ("CCDC") under the control of sheriff Joseph Lombardo and with

additional restraint from Judge Michelle Leavitt("Leavitt") restraining Kim from having any contact with Michael Federico or Shannon Nordstrom under threat of being returned to the physical plant of CCDC. Also, Kim is restrained from going to the RJC or the City of Las Vegas Municipal Court, unless Kim has a proceeding on calendar that he is an actual party of. See Exhibit .4That a Verdict only has been entered and no judgment of Conviction has been filed. Sentencing is not scheduled until July 7, 2022.

2. That the restraint of Kim's liberty is under the pretense of criminal charges for extortion (felony) and impersonation of an officer (Gross misdemeanor). For which a Verdict was entered pursuant to a jury trial with Kim having counsel forced upon him against his will and over his objections. See Exhbit .5 Also under the pretense that Leavitt is not a compromised judge that should have disqualified herself, or be disqualified under ***Rippo v. Baker***137 S.CT._905 (2017) and ***Echavarria v. Filson,*** 896 F.3d 1118 (2018).

3. That the custody of Kim and restraint of him is unlawful in that: Kim has a right under the U.S. Constitution to an impartial judge for pretrial proceedings as well as for trial proceedings. That Kim has been completely prejudiced from not having an impartial judge to make motions to dismiss the indictment or a pretrial petition for writ of habeas corpus, or to disqualify the District Attorney from prosecuting the case nor any other dispositive motions that

would negate the need for any trial. That Kim has been greatly prejudiced now for over three years after arrest and has been denied both speedy pre trial and speedy trial rights.

4. That the Grounds contained below will need to be supplemented because of the emergency Kim was unable to fully list the grounds.


Therefore, Kim requests an order directing the County of Clark to issue a Writ of Habeas Corpus directed to Sheriff Joe Lombardo  and/or judge Michelle Leavitt to bring the petitioner Kim to an impartial judge outside the EJDC and return the cause of Kim's restraint of his liberty and grant the writ.

## VERIFICATION

I Kim Blandino do state under penalty of perjury that I am over 18 years of age that I am the petitioner in this matter and that all of the above and below information is true and correct. I understand that a false statement of fact may serve as a basis for prosecution for perjury.


DATED THIS 15TH DAY OF June 2022.

KIM BLANDINO PRO SE

## <u>EMERGENCY FACTS AND CONDITIONS</u>

Kim was proceeding pro se in first the justice court where a rigorous Faretta canvass was made and then in the district court once an indictment was filed. Kim accepted stand by counsel. Kim demands and demanded this right to self representation under the 6th amendment of the U.S. Constitution Kim demands this under the 1st amendment as well as Kim must follow his religious beliefs and practices. Kim knows that the Creator of all things wants Kim to represent himself against these vindictive and malicious charges.

The entire Eighth Judicial District Court ("EJDC") knows that Kim has steadfastly followed his expressed religious beliefs even to Kim\'s own inconvenience and apparent short term adverse effects. Kim has now had his self representation wrongfully and willfully revoked by judge Michelle Leavitt ("Leavitt"). Although Kim had no complaints with Ben as stand-by counsel Kim after numerous conversations with Ben before and after this revocation the following is clearly true:

1. Ben refused to file a motion to disqualify Leavitt even though he believes that the risk of her bias against Kim is constitutionally intolerable under ***Rippo v. Baker***137 S.CT. 905 (2017) and ***Echavarria v. Filson,*** 896 F.3d 1118 (2018)

2. Ben refused to file any pre trial petition for writ of habeas corpus under NRS 34.700-710, or any motions to dismiss the indictment or other dispositive

motions that would eliminate the need for trial and save scarce judicial resources.

3. Ben refused to file a motion to disqualify the district attorney even though Kim showed Ben legitimate evidence as to why Steve Wolfson was a key witness for the defense as shown below.

4. That Kim was prevented from introducing vital exhibits so that Kim could testify as the defense's first witness that Kim would testify on the stand before a jury that Leavitt's misbehavior that was documented by the Nevada Commission on Judicial Discipline("NCJD") and a filed stipulation for reprimand in which Leavitt admitted lying to the NCJD. That Kim would have testified that this discipline that Leavitt received by way of a plea bargain with the NCJD and Leavitt admittedly lying to the NCJD was one of the motivating reasons Kim decided to, on a volunteer basis, and unpaid [which means unofficial], work with the NCJD as an investigator, investigating judicial corruption and misconduct. That Kim had numerous items to present to the court by way of judicial notice which ben refused without cause to file and to present to the jury.

5. .      That Kim has been taking care of Evelyn Pendergraft ("Evie") who is now 96 years of age since August 2, 2021 and is a WWII veteran whose husband died in 1999 and only son died in 2013 due to hospital malpractice.

6

That Kim made a vow in 2013 to take care of this "Wonder Woman," to the very end of her days in accord with Isaiah 1:17 KJV "Learn to do well; seek judgment, relieve the oppressed, judge the fatherless, **plead** for the widow", (emphasis added)  who was Kim's down the street neighbor when her only son died. Kim has been doing so just after the death of this son . Evie who helped to defeat Hitler and Hillary. Evie now has a pacemaker and is in very much pain every day due to a back injury and arthritis in her knees as well as foot problems. That Evie beside being a "Wonder Woman" is a national treasure and her life must be preserved and only Kim is available to accomplish this task.  Exhibit 1 are three pictures of Evie The first two are Evie during WW 2 (It was in all the newspapers at the time unlike the Justice Kavanaugh assassination attempt of last week) The third picture is Kim Helping Evie early vote on Oct 17, 2020

6.    Evie knows all of the circumstances behind this prosecution that is really a persecution. Her health is being dramatically and negatively affected day after day due to the uncertainty and worry she experiences because of the constitutional violations Kim has experienced and what Evie sees as deliberate torment. Despite Kim's consistent glad countenance and the "happy warrior" attitude that all Christians have, as both a command and a gift from the Creator, Evie still worries about this situation and vindictive persecution

of Kim and fears Kim unjustly and illegally going to jail every day.

7.   Yet Evie's health is Kim's emergency concern. Kim is very much concerned that Evie will not make it to 100 years of age if this "persecution" keeps on for much longer. Just recently Kim found out after taking Evie to the doctor that one of Evie's kidneys has died and Evie has only one kidney now. That now in these very last few days Evie's spirits and morale have even taken more of a radical turn for the worse that is shortening her life. Evie must have some hope that at least one court or one judge is willing to follow the law, justice and the U.S. Constitution.

BREAKING UPDATE: As Kim was finishing this petition yesterday June 13, 2022 Evie was throwing up and was dizzy the paramedics were called and Evie was taken to University Medical Center ("UMC") Evie was admitted to Critical Care. Although this morning Evie is considered stable any hospital is a danger as Hospital Acquired Infections are a significant danger resulting in 99,000 deaths each year and 1.7 million infections. Therefore the emergency remains.       See       https://www.patientcarelink.org/improving-patient-care/healthcare-acquired-infections-hais/#:~:text=In%20American%20hospitals%20alone%2C%20the,99%2C000%20associated%20deaths%20each%20year.

Evie must have hope in the way of this court calling a hearing on Kim's

petition

There are other emergency reasons why this matter must be decided immediately. As this court knows the federal courts require exhaustion of state remedies and presuming Kim will be denied Kim will need time to go to the federal court for relief.

8.     That Kim now because of the Verdict and the corresponding appeal being filed needs bail pending appeal which is permitted to request pursuant to NRS 24.530 which states:

" **NRS 34.530   Writ for purposes of bail.   <u>Any person who is imprisoned or detained in custody on any criminal charge before conviction for want of bail</u>** may file a petition for a writ of habeas corpus for the purpose of giving bail, upon averring that fact in the person's petition, without alleging that the person is illegally con-fined.
    [23:93:1862; B § 371; BH § 3693; C § 3765; RL § 6248; NCL § 11397]—(NRS A <u>1987, 1216</u>)

Therefore, Kim must have immediate relief as soon as possible so that Evie does not die prematurely. At the very least Kim must have immediate bail pending appeal and/or pending all habeas petitions as the Nevada State Courts "kick the can down the road" repeatedly with constitutional violations and force the Federal courts to grant relief the state courts easily. See ***Rippo*** and ***Echavarria*** above.

Kim must not allow this to occur with lives on the line. Kim is on bail pending sentencing now with GPS and has been so for over (3) three years therefore there is no danger to the community and Kim is not a flight risk. See Exhibit .4 Moreover,

9

Kim has substantial appeal issues.

## **GROUNDS FOR RELIEF**

### **Grounds 1-4**

Kim was denied an impartial judge in violation of the U.S. Constitutional right to due process through the fifth and applicable to the states, trough the 14rh amendment and/or in violation of the Nevada State Constitution Article 1 Sec 8 and/or the Nevada state statutes NRS 1.230-1.235 and/or the Revised Nevada Code of Judicial Conduct ("Code") 2.11(A)

That the facts contained in this ground and paragraphs  are incorporated  into every other paragraph in this petition by this reference.

That any reviewing must take judicial notice of the record in case  C-341767 -1 and all the documents therein pursuant to NRS 47.130-170

NRS 47.130-170  states:

> **"NRS  47.130    Matters of fact.**
> 1.   The facts subject to judicial notice are facts in issue or facts from which they may be inferred.
> 2.   A judicially noticed fact must be:
> (a)  Generally known within the territorial jurisdiction of the trial court; or
> (b)  **Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned**,
> so that the fact is not subject to reasonable dispute.
> (Added to NRS by 1971, 777)
>
> **NRS  47.140    Matters of law.**    The laws subject to judicial notice are:

1.   The Constitution and statutes of the United States, and the contents of the Federal Register.

2.   The Constitution of this State and Nevada Revised Statutes.

3.   Any other statute of this State if brought to the attention of the court by its title and the day of its passage.

4.   A county, city or town code which has been filed as required by NRS 244.118, 268.014, 269.168 or the city charter and any city ordinance which has been filed or recorded as required by the applicable law.

5.   The Nevada Administrative Code.

6.   A regulation not included in the Nevada Administrative Code if adopted in accordance with law and brought to the attention of the court.

7.   The population category and organization of a city incorporated pursuant to general law.

8.   The constitution, statutes or other written law of any other state or territory of the United States, or of any foreign jurisdiction, as contained in a book or pamphlet published by its authority or proved to be commonly recognized in its courts.

(Added to NRS by 1971, 777; A 1973, 6; 1977, 1388; 1985, 231, 366; 2001, 632)

**NRS 47.150    Discretionary and mandatory notice.**

1.   A judge or court may take judicial notice, whether requested or not.

2.   A judge or court shall take judicial notice if requested by a party and supplied with the necessary information.

(Added to NRS by 1971, 777)

**NRS 47.160    Opportunity to be heard.**  A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter to be noticed.

(Added to NRS by 1971, 777)

**NRS 47.170    Time of taking notice.**  Judicial notice may be taken at any stage of the proceeding prior to submission to the court or jury.

(Added to NRS by 1971, 777)"

The record shows that Kim made repeated timely  applications for Leavitt and

all the EJDC judges to be disqualified

**Grounds 5-7**

That the facts contained in this ground and paragraphs are incorporated into every other paragraph in this petition by this reference.

That Kim was denied the right to due process under the 5th and 14th amendments to the U.S. Constitution and article 1 sec 8 of the State of Nevada Constitution and NRS 178.397.

Kim was allowed to represent himself with standby counsel in the justice court and then in the district court. Yet when Kim followed the advice of the Nevada Supreme Court to make a complete record, See Exhibit 2 pages 4-5 lines 28-4 attached which states:

> "Nor has petitioner **shown that** he has a **clear legal right to Judge Leavitt's disqualification** based on any of the **other he issues raise**s. **Such arguments involve factual issues better resolved on appeal with a complete record**." (emphasis added)

So Kim filed another subsequent motion to disqualify after the above order on Nov. 22, 2021 in the criminal case. See Exhibit 3 attached. Kim was forced to reveal his defense strategy and make an offer of proof as to what Kim was going to have Leavitt testify to in part. And why Leavitt not only had a risk of unconstitutional bias. That Leavitt was an interested party as Kim was actively

investigating Leavitt before, during and if possible after any trial and needed to have Leavitt removed from the bench in accord with God's calling to Kim.

Exhibit 3 shows facts as the Nevada Supreme Court advised Kim to show them and create a complete record. Then in retaliation Leavitt revoked Kim's self representation and then appointed Ben as Kim's forced counsel on December 2, 2021. The formal order was not filed until December 27, 202. See Exhibit 4 (Order Granting State's Motion to Revoke Defendant's Self Representation.

Kim layed out why Leavitt was an essential witness. Certainly Leavitt cannot nor could not rule on whether she could be a witness or not. Kim showed how judge Wilson was assigned only for one motion when he could have and should have had the entire case assigned to him and it was shear retaliation to revoke Kim's self representation for seeking an impartial judge.

That now even after the trial is over Leavitt refuses to let Kim represent himself and Kim had timely filed a motion for new trial, which is not even scheduled to be heard.

**GROUND 8**

That the facts contained in this ground and paragraphs are incorporated into every other paragraph in this petition by this reference.

Kim is being denied the right to due process under the U.S. Constitution under the 5th and 14th amendments. That forced counsel Ben refuses to make a motion

for Kim for bail pending appeal. That bail cannot be denied capriciously and arbitrarily. That Kim has shown Ben  that Kim's appeal has been docketed . See Exhibit 5 (Order denying and striking motions and  Order ordering suspending deadlines in Blandino v. State #84433) which Kim has properly shown to Ben.

Because Kim must apply for bail pending appeal in the district court first before applying in the appellate court, Ben's refusal itself demands Kim must file by way of habeas, since Kim is being denied review of any of his motions.

**GROUND 9 and 10**

That the facts contained in this ground and paragraphs  are incorporated  into every other paragraph in this petition by this reference.

That Kim has been vindictively prosecuted for exercising his religious tights and right to petition for redress of grievances under the 1st amendment to the U.S. Constitution in violation also of the right to due process under the 5th and 14th amendment to the U.S. Constitution.

That Kim was seeking to resolve a complaint with temporary judge Federico without having to file a formal complaint with the NCJD. That Kim was called by the Creator to be a volunteer unpaid [which means unofficial] investigator working with or for the NCJD to investigate judicial misconduct and corruption.

That Kim's religious beliefs and practices require Kim to seek to resolve all complaints anytime and any where with the individuals themselves without having

14

to file a formal complaint.

That the state through the D.A. is purposely punishing and attempting to chill individuals from approaching misbehaving judges and resolving complaints. That this prosecution is in retaliation for Kim putting Federico under scrutiny and to chill others from joining Kim in his spiritual and biblical beliefs and practices of resolving issues of trespass with the individual themselves.

That the prosecutor cannot show that his decision to prosecute was justified by independent reasons as Kim presented the exact same type of settlement to Federico that the NCJD has used many times. That Federico operated as a police agent to entice Kim to extort or gain money and when Kim did not immediately "fall for this trap" Federico as a police agent (unknown to Kim) begged Kim to craft a settlement which Kim did according to the many the NCJD had done in the past.

That if Federico signed, Kim intended to submit this to the NCJD for publication. That Kim was and is actually innocent of any criminal wrong doing and there was intent to extort nor to defraud or injure anyone in stating that Kim was investigating judges.

## GROUND 11-12

That the facts contained in this ground and paragraphs are incorporated into every other paragraph in this petition by this reference.

That the court allowed amendment of the charging document during the trial before opening arguments

That Kim's rights were violated under the sixth amendment and 14th amendment to the U.S. Constitution and/or Article 1 Sec 8 of the Nevada State Constitution in denying Kim a fundamental right to be clearly informed of the nature and cause of the charges in order to permit adequate preparation of a defense.

The original indictment and the amended indictment are attached as exhibit 6. The original indictment was filed in July of 2019 and the amended indictment nearly (3) three years later in open court before opening arguments. There is no valid reason the prosecutor could not have had the indictment amended earlier giving the defendant adequate time to prepare a defense.

Kim therefore was prejudiced in his ability to be prepared for a defense and in his testimony. Kim could not object because Kim was represented by forced counsel

## GROUND 13-15

That the facts contained in this ground and paragraphs are incorporated into every other paragraph in this petition by this reference.

That Kim was denied his right under the U.S. Constitution and/or the Nevada Constitution and/or under NRS 178.556 to a speedy pre trial and/or trial.

16

Kim invoked his right to a speedy trial which was acknowledged by the court within 60 days

The Court through Leavitt repeatedly tried to force Kim to waive important rights in order to have a speedy trial. That being his right to challenge a judge for the risk of bias and then for Kim demanding his right to an impartial judge free of the risk of bias.

Kim cannot be forced to go to trial with a biased in order to assert his right to a speedy trial or pre trial proceedings. Yet this is what occurred in the court. The risk of Leavitt's bias under ***Rippo*** and ***Echavarria*** and Rule 2.11 mandated that Kim preserved this right to an impartial judge and to a speedy trial. And further that Kim not relinquish the claim to that right by filing

Kim invoked his speedy trial tight on August 29, 2019. See Transcript of that date Exhibit 7 page 21 lines 18-25. The record shows that Kim never waived his right to speedy trial or his right to an impartial judge and Kim repeatedly asserted both.

Yet, on Sept. 17, 2021 Leavitt referred Kim in violation of his rights to competency court and another department even when there was no reasonable doubt about Kim's competency as Leavitt had done a thorough faretta canvass previously. It was the state that moved for Kim to be remanded to competency proceedings. See Exhibit 8 attached (transcript of Sept 17, 2019). Yet the state

17

recognizing the speedy trial invocation asked Leavitt to remand Kim on her own. See Exhibit 8 page 10 lines 18-23 so that the state's "fingerprints would not be on the referral". This Leavitt did, see page 10 line 24-25.

**Assertion of the right**

Kim at no time stopped asserting the right to speedy trial and made applications to the Nevada Supreme Court and to the federal court on habeas. Yet they all deferred to the state district court resolving the issue.

That Leavitt interposed herself and became both an advocate for Kim and the judge in the case by her own hand which then made her even more partial and biased. Exhibit 9 is a filled out REQUEST FOR EVALUATION FOR COMPETENCY form in which Leavitt claims to be acting on behalf of Kim and is the judge signing the order. This violates due process for Leavitt to be both judge and advocate. Leavitt further lies on the form by seemingly reversing her faretta canvass by checking boxes that state that the defendant "DOES NOT: appear to understand the charges or allegation   and understand the adversarial nature of the legal process".

It was the state that requested that Kim be remanded to competency and without any of these basis that Leavitt checks off. The state was claiming bad conduct on Kim's petitions for extraordinary relief to the Nevada Supreme Court.

That Kim was denied a speedy trial without any just cause by repeated delays

18

attributable to the state by way of competency proceedings before another department of the EJDC. When Leavitt knew full well that there was no reasonable doubt because of Kim's faretta canvass. That because Kim was representing himself Kim could answer any question Leavitt posed.

Kim constantly asserted his rights to a speedy trial and an impartial judge and Kim has every right not to have to relinquish one right in order to exercise another.

### Reason for the Delay

The delay was mainly caused because Kim was denied an impartial judge throughout the process and this compromised  judge(Leavitt) referred Kim to competency proceedings without a reasonable doubt about Kim's competency. So the reason for the delay is almost totally due to the state and state actors and not to Kim.

### **Prejudice for lack of Speedy Trial**

That Kim was going to call Bill Terry ("Bill")  one of the most respected defense trial attorneys in the Las Vegas Valley. Bill who also has represented numerous judges in disciplinary proceedings before the NCJD. Bill  died on January 15, 2021. Bill would have testified that Kim attended NCJD hearings over decades and that Kim was investigating judicial misbehavior. Also, Bill would have been a character witness for Kim as Kim had known Bill for decades and Bill would have testified as to Kim's good character and this testimony was

19

indispensable for Kim's defense. Especially since forced counsel was interposing an entrapment defense. And the D.A. themselves admitted that Kim's character was at issue with an entrapment defense. Bill dying is prejudice that  cannot be corrected in any way now in the future. Forced counsel did not call any character witnesses whatsoever therefore Bill was even more crucial as a result.

Kim's housemate Evelyn Pendergraft    ("Evie")  was an ear witness to the call by Federico to Kim when Federico had Detective Mead and city Marshal Peter Marwitz. Evie was  listening in on speaker phone as Federico was acting as a police agent to attempt to entrap Kim into an extortion Kim later found out.

Kim was and is prejudiced by the delay in that Evie was 96 at the time of trial and Ben interviewed Evie pre-trial, just days before the trial, to determine if her ear witness testimony would be of any use.

Both Kim and Ben agreed that her failing memory of that call made her an effective witness for the defense. Evie would have been an effective impeachment witness against Federico had Kim's speedy trial right not been violated further because of the delay. Kim and Ben found that Evie because of her failing memory because of the failure to abide by the 60 day trial rule and/or the speedy trial provisions above  would be shaken on cross examination and not be an effective witness for the defense.

Both the failure to have Bill and Evie singularly and cumulatively as witnesses

20

prejudiced Kim to having any kind of fair trial.

Other key witnesses that Kim had interviewed had their memories compromised by the inordinate delay and Kim needs to have these witnesses available at any evidentiary hearing on this matter to prove that Kim was and is absolutely prejudiced by the denial of a speedy trial right.

That had Kim been given a speedy trial and speedy pre trial the outcome would have been different and Kim would not have been found guilty by the jury.

## GROUND 16-18

That the facts contained in this ground and paragraphs are incorporated into every other paragraph in this petition by this reference.

That Kim was denied his right under the U.S. Constitution 5rh and 14th amendment to due process to a indictment by a grand jury and/or the Nevada Constitution Article 1 Sec. 8 and/or under NRS 172.005.

NRS 172.005 defines an indictment as:

> **NRS 172.005 Definitions.** As used in this chapter, unless the context otherwise requires:
> 1. An indictment is an accusation in writing, **presented by a grand jury to a competent court**, charging a person with a public offense. (emphasis added)

Kim was allegedly prosecuted by indictment. The state began proceedings in the justice court but abandoned them before Kim could have a preliminary hearing or before Kim was allowed discovery by the state.

21

As shown Kim was charged by an indictment filed on July 12, 2019 See Exhibit 6 attached. This indictment was properly signed as a true bill by the foreperson of the grand jury as a "true bill" and the deputy  district attorney. The amended indictment filed on March 2, 2022 in open court was **ONLY** signed by the deputy district attorney. There was no signature by anyone with the grand jury. Both documents were alleged to be subscribed and sworn.

Yet Kim was presented with a guilty plea agreement that Kim negotiated prior to Kim's self representation being revoked on November 16, 2021. Exhibit 10 is the copy of the email from the D.A.'S office. Exhibit 11 is the attached Guilty Plea Agreement ("GPA") to that email, offering Kim to plead to two gross misdemeanors and that the state would have no opposition to probation for a fixed term of twelve (12 Months See Exhibit 11 page 1 lines 16-24. And Kim retained the right to argue that his time spent on house arrest/electronic monitoring, in jail and/or in Lake's Crossing Center custody during competency proceedings be considered as full satisfaction of the one (1)  year probationary period and/or be considered as sufficient punishment. See page 1 lines 25-28.

The State put itself in the provision:

> " I agree to **waive any defect** in the pleading of the Amended Indictment"  Page 2 line 12 (emphasis added)

The amended indictment  was filed in court on Nov. 18/2021 at 11:34 a.m.. See

Exhibit 12 attached this was also Exhibit 1 of Exhibit 11 attached here.

The Creator would not allow Kim to sign this GPA. So Kim as soon as Kim could filed an **EMERGENCY ENTRY OF PLEA OF NOT GUILTY TO AMENDED INDICTMENT** . See Exhibit 13 attached This was filed on Nov. 19, 2021 at 10:50 a.m. yet the Amended Indictment was ordered stricken some time after it was filed on or about Nov 30, 2021. See Exhibit 14 minutes amended by hvp on Nov. 30 2021  Again it must be stressed that there was no signature by the grand jury on this "amended indictment"

This repeated fraud upon the court is not isolated to Kim's case. The D.A. and judge Leavitt repeatedly pass off Indictments that have not been signed by the grand jury as true bill's whether they are Indictments or superseding Indictments. This is fraud upon the court and violates due process.

If the D.A. wants to have people plead to what are in essence an  information they must not and cannot commit fraud to do so by claiming that an information is an indictment . To subscribe and swear that an amended indictment or superseding indictment comes from the grand jury when it does not is impersonation of an officer that being a grand jury foreman. The only way Kim could investigate and raise this issue was to not sign this pleas bargain as the Creator directed Kim  not to do. This continual practice in the EJDC must be stopped as it undermines respect for the judicial process.

(2) Appreciate that his or her conduct was wrong, meaning not authorized by law.

7.   If a defendant refuses to plead or if the court refuses to accept a plea of guilty or guilty but mentally ill or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

8.   A defendant may not enter a plea of guilty or guilty but mentally ill pursuant to a plea bargain for an offense punishable as a felony for which:

(a)  Probation is not allowed; or

(b)  The maximum prison sentence is more than 10 years,

Ê unless the plea bargain is set forth in writing and signed by the defendant, the defendant's attorney, if the defendant is represented by counsel, and the prosecuting attorney.

9.   If the court accepts a plea of guilty but mentally ill pursuant to this section, the court shall cause, within 5 business days after acceptance of the plea, on a form prescribed by the Department of Public Safety, a record of that plea to be transmitted to the Central Repository for Nevada Records of Criminal History along with a statement indicating that the record is being transmitted for inclusion in each appropriate database of the National Instant Criminal Background Check System.

10.   As used in this section:

(emphasis added)

Kim's substantial rights were violated because Kim was not allowed to enter a

plea not have an arraignment and forced counsel did not object to the lack of an

arraignment. Kim has been refused the transcripts so far yet this march 2 reading of

the          indictment          is          posted          on          the          web          at

https://www.youtube.com/watch?v=FRFkg30rRq8 the reading of the indictment

and refusal to allow Kim to plead  is at time index 2:21 through time index 5:25.

Leavitt on the video announces that Kim had entered a plea to the amended

Indictment but this is a lie.  The last plea Kim had entered was a not guilty plea to

27

the two Gross Misdemeanors not to a felony and a Gross misdemeanor. See Exhibit 13 attached.

Had Kim been allowed an arraignment Kim would have requested to enter a nolo contender or no contest plea according not to ***North Carolina v. Alford***, 400 U.S. 25(1970) but according to Nevada v. Blandino. Yet Kim's substantial rights were prejudiced because Kim was not allowed to plead or otherwise respond to the Amended Indictment.

There is no proper reason for eliminating Kim's right to an arraignment to the amended Indictment especially when Kim was right there in open court yet this is consistent with Leavitt's continuing course of conduct in failing to uphold the law and in violating the code.

## GROUND 21

That the facts contained in this ground and paragraphs are incorporated into every other paragraph in this petition by this reference.

That Kim was denied his right under the U.S. Constitution 5rh and 14th amendment to be free from double jeopardy (double punishment ).

This court must take judicial notice that NRS 211.300 states:

> **NRS 211.300   Electronic supervision of unconvicted person detained before trial.**   With the **approva**l of the **court of jurisdiction for the particular case**, the **sheriff or chief of police** may **supervise an unconvicted person detained before the person's trial in the manner provided for convicted prisoners** in <u>NRS 211.250</u> to <u>211.290</u>, inclusive. If such **approval is given**, the provi-

28

[8:21:1861; A 1909, 141; RL § 7610; NCL § 11527] — (NRS A 1977, 217; 1981, 1562)"

Kim's first house arrest officer admitted to Kim that this high level monitoring and the conditions are **exactly the same** as those convicted misdemeanants that were sentenced to jail yet the sheriff is allowed to punish by an alternative program unless the judge forbids it. In the judgment of conviction. See ***Campbell v. District Court,*** 114 Nev. 410 (Nev. 1998) which stated:

> "After the district court entered judgments of conviction and appel-lants began serving their sentences, the district court entered **amended judgments of conviction which contained a "no house arrest**" provision not found in the original judgments. We conclude that, **alt-hough the district court could have included such a provision in the original judgments, the court lacked jurisdiction to add this provision to the judgments after appellants began serving their sentences**." ***Campbell v. District Court***, 114 Nev. 410, 411-12 (Nev. 1998) (emphasis added)

Campbell is in accord with NRS 211.250 which states:

> **NRS 211.250   Prerequisites for electronic supervision.   Unless the sentencing court otherwise orders in a particular case, the sheriff or chief of police may supervise a convicted prisoner elec-tronically instead of confining the prisoner physically in the coun-ty or city jail if:**
> 1.   The **prisoner has a residential living situation** which is ca-pable of meeting the standards set in the general rules and individual conditions for electronic supervision; and
> **2.   The sheriff or chief of police concludes that electronic su-pervision poses no unreasonable risk to public safety.**
> (Added to NRS by 1991, 186)

Therefore in      ***Campbell*** it is clear that if the judge orders no **punitive (**or high

30

sions of NRS 211.250 to 211.290, inclusive, apply to the **unconvicted person in the same manner as they apply to a convicted prisoner**.
(Added to NRS by 1991, 18 (emphasis added)

In NRS 211.2413 states:

> **NRS 211.2413   "Prisoner" defined.**  "Prisoner" means a **person** who **has been convicted** of a **crime punishable** pursuant to the laws of this state and:
>     1.   **Sentenced to a term of imprisonment** in a **county or city jail** or **detention facility**, including a person sentenced as a condition of probation, but not including a person committed to a county jail pursuant to NRS 211.060; or
>     2.   **Assigned to an alternative program**.
> (Added to NRS by 1999, 121) (emphasis added)

And alternative program is defined as:

> **NRS 211.2411   "Alternative program" defined.**  "Alternative program" means a **program to which a prisoner may be assigned** as an **alternative to incarceration**.
> (Added to NRS by 1999, 121) (emphasis added)

NRS 211.060 refers to United States prisoners in county jails and states:

> **" NRS 211.060   Detention of United States prisoners in county jails.**
>     1.   A person may be committed under the authority of the United States to any county jail if a contract has been concluded between the United States and the sheriff of the county, upon payment of:
>     (a)  All actual and reasonably necessary costs of his or her confinement, including the direct cost of his or her support and an allocated share of the cost of maintaining the jail and guarding the prisoners, as compensation to the county for the use of the jail; and
>     (b)  All legal fees of the jailer.
>     2.   The sheriff shall receive such prisoners, and subject them to the same employment, discipline and treatment, and be liable for any neglect of duty as in the case of other prisoners, but the county is not liable for any escape.

29

level house arrest) the sheriff does not have that option to punish the prisoner with the alternative program of electronic supervision.  Yet absent that prohibition the sheriff can punish a convicted person with the very same house arrest Kim was and is under now! It cannot be denied that this foregoing is **punishment** coming from a sentence or with approval of the court! In other words if the court does not forbid house arrest as punishment the sheriff is free to punish with house arrest so long as the sheriff determines that the electronic supervision poses no unreasonable risk...... and the residential living situation is ok.

So it is clear that the Nevada statutory scheme allows a judge to forbid electronic supervision of a person sentenced to the county or city jail. And that a judge can approve of a pre trial detainee being subject to house arrest punishment!

**The conclusive proof as to Kim's argument:**

On July 12 2019 in justice court on the Extortion charge before Kim was indicted on both the Extortion charge and the added Impersonation charge, Kim was in justice court after wrongfully being rearrested. This transcript is attached as Exhibit 16. District Attorney Dickerson ("Dickerson") and Melanie Marland ("Marland").

Dickerson admits that Kim is being subject to NRS 211.250 page 4 lines 1-6 of Exhibit 16 The Court acknowledges that Kim was released with ordered released with 50,000 bail and house arrest page 9 lines 5-9:

31

**GROUND 19-20**

That the facts contained in this ground and paragraphs are incorporated into every other paragraph in this petition by this reference.

That Kim was denied his right under the U.S. Constitution 5rh and 14th amendment to due process by being denied an arraignment to the amended March 2, 2022 in open court and there was no pre Indictment filed on to a indictment by a grand jury and/or the Nevada Constitution and/or under NRS 174.015 and/or NRS 173.095 and/or NRS 174.035.

That Kim had forced counsel appointed on March 2, 2022 and Kim was previously told by Michelle Leavitt that once Kim's self representation was revoked Kim could never "be able to talk ever again in court" See Exhibit 15 Transcript of August 24, 2021. The interchange went this way:

> "THE COURT: Okay. All right. Again, Mr. Blandino, we are not ~ I am not going to do this every time. If you continue to challenge the jurisdiction of this court after four motions to disqualify have been heard and denied, you know, you're going to leave me no choice but to revoke your self-representation. Okay?
> THE DEFENDANT: Well -
> THE COURT: **And then what's going to happen is I'll appoint an attorney and then you will not be able to talk ever again in court**. Do you understand that? THE DEFENDANT: Well, yes" page 30 lines 18-25 (emphasis added)

So it appears that Leavitt was true to her statement and would not even allow Kim to have an arraignment once Kim was given the amended indictment and

Leavitt refused to follow the process of 174.015 which states:

**NRS 174.015   Conduct of arraignment.**
    1.   Except as otherwise provided in subsection 3, arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating the substance of the charge and calling on the defendant to plead thereto. The defendant shall be given a copy of the indictment or information before the defendant is called upon to plead.
    2.   In justice court or municipal court, before the trial commences, the complaint must be distinctly read to the defendant before the defendant is called upon to plead.
    3.   In justice court or municipal court, before the defendant is called upon to plead, the court shall determine whether the defendant is eligible for assignment to a preprosecution diversion program pursuant to NRS 174.031.
    (Added to NRS by 1967, 1414; A 2017, 3013) (emphasis added)

Leavitt refused to comply with NRS 173.095 either which states:

**" NRS 173.095   Amendment; notice of habitual criminality, habitually fraudulent felon or habitual felon.**
    1.   The court may permit an indictment or information to be amended at any time before verdict or finding if no additional or different offense is charged and **if substantial rights of the defendant are not prejudiced.**
    2.   If an indictment is found charging a primary offense upon which a charge of habitual criminality may be based, the prosecuting attorney may file a notice of habitual criminality with the court. If an indictment is found charging a primary offense upon which a charge of:
    (a) Habitually fraudulent felon may be based, the prosecuting attorney shall file a notice of habitually fraudulent felon with the court.
    (b) Habitual felon may be based, the prosecuting attorney shall file a notice of habitual felon with the court.
    3.   The court shall permit an information to be amended pursuant to subsection 4 of NRS 173.035.
    (Added to NRS by 1967, 1413; A 1985, 1026; 1993, 82; 1995, 857, 1245)" (emphasis added)

And NRS 174.035 which states in pertinent part:

**NRS 174.035   Types of pleas; procedure for entering plea.**

1.   A defendant may plead not guilty, guilty, guilty but mentally ill or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty or guilty but mentally ill.

2.   If a plea of guilty or guilty but mentally ill is made in a written plea agreement, the agreement must be in substantially the form prescribed in NRS 174.063. If a plea of guilty or guilty but mentally ill is made orally, the court shall not accept such a plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea.

3.   **With the consent of the court and the district attorney, a defendant may enter a conditional plea of guilty, guilty but mentally ill or nolo contendere, reserving in writing the right, on appeal from the judgment, to a review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal must be allowed to withdraw the plea.**

4.   Upon an unconditional waiver of a preliminary hearing, a defendant and the district attorney may enter into a written conditional plea agreement, subject to the court accepting the recommended sentence pursuant to the agreement.

5.   A plea of guilty but mentally ill must be entered not less than 21 days before the date set for trial. A defendant who has entered a plea of guilty but mentally ill has the burden of establishing the defendant's mental illness by a preponderance of the evidence. Except as otherwise provided by specific statute, a defendant who enters such a plea is subject to the same criminal, civil and administrative penalties and procedures as a defendant who pleads guilty.

6.   The defendant may, in the alternative or in addition to any one of the pleas permitted by subsection 1, plead not guilty by reason of insanity. A plea of not guilty by reason of insanity must be entered not less than 21 days before the date set for trial. A defendant who has not so pleaded may offer the defense of insanity during trial upon good cause shown. Under such a plea or defense, the burden of proof is upon the defendant to establish by a preponderance of the evidence that:

(a) Due to a disease or defect of the mind, the defendant was in a delusional state at the time of the alleged offense; and

(b) Due to the delusional state, the defendant either did not:

(1) Know or understand the nature and capacity of his or her act; or

26

"THE COURT: Here's the thing he needs to know. He is getting released because Judge Williams contacted house arrest. The order was 50,000 with house arrest. He posted the 50,000. He is eligible for house arrest."

Now a second D.A. Marland admits to the fact Kim is being subjected to NRS 211.250:

THE COURT: Recalling Blandino. Mr. Blandino is present in custody Listen, the only reason why we're calling this right now is because after Mr. Dickerson left—there was an issue with house arrest. I couldn't address it because I am conflicted off this case. When we got the issue with house arrest, chambers got a letter and they immediately contacted Judge Williams. Judge Williams, evidently, unbeknownst to me, contacted house arrest.

When we had the hearing this morning, I was unaware of that. She told them to release him on house arrest because there was bail and house arrest. He posted the 50,000. House arrest had an issue. Judge Williams contacted them. So he's going to be released.

My question is, do you want to vacate Monday's date? That's all I want to know.

"MS. MARLAND: No Your Honor, we would ask to keep Monday's date, but we would have had an issue to raise about house arrest. We do have---well, first of all, pursuant to **NRS 211.250**—

THE COURT: What's that one?

MS. MARLAND: It's the prerequisite for electronic supervision. Basically it provides the circumstances under which a defendant is eligible for house arrest, that being the **prisoner** has a residential living situation which is capable of meeting the standards set in the general rules and individual conditions for electronic supervision, and (2) the sheriff or chief of police conclude that electronic supervision poses no unreasonable risk to public safety." 9COA pages 10- 11 lines 18-23 (emphasis added)

Now house arrest department is a department within the jail run by the sheriff that runs the electronic supervision.

So in this transcript it is definitive that Kim was subject to NRS 211.250 and thus was treated as a **prisoner** and a **convicted person.** Not one but two separate deputy district attorney's attested to this in open court. This is "double judicial estoppel" Thus the state cannot now deny that Kim was on punishment house arrest.   See ***Russell v. Rolfs***, 893 F.2d 1033 (9th Cir. 1990) (state argued adequate and available state remedy in the district court then in another court tried to argue procedural bar in another).

The respondents cannot in any way now state that Kim was merely on pre trial detention house arrest. NRS 211.250 is the very statute that allows the sheriff to release a **convicted prisoner** on house arrest unless the judge has specifically precluded house arrest in the judgment of conviction! Such as what happened in ***Campbell*** above!

It cannot now be denied that the house arrest Kim was on then and now was punishment per ***Rolfs*** and judicial estoppel. All of the facts show that Kim was adjudicated to punishment and Kim was in fact punished.

The linkage of NRS 211.250 through 211.300 is absolutely undeniable Kim was sentenced to house arrest punishment as a pre trial detainee!

Once Kim was indicted this punishment house arrest was carried over in the

33

state district court. On July 23, 2019 in the district court the very same prosecutors

and Kim were before Judge Leavitt. Exhibit 17 is the attached transcript. Judge

Leavitt("Leavitt") and Kim have this colloquy( please note the very same

prosecutors represent the state and the sheriff Dickerson and Marland:

> THE COURT: Okay. State of Nevada versus Kim Blandino, case
> C341767. The defendant is present. He's at liberty. Will the State
> make their appearance?
> MS. MARLAND: Mel-
> THE DEFENDANT: Excuse me, if I can correct the record. MS.
> MARLAND: Mel -THE DEFENDANT: **I'm not at liberty. I'm in
> custody**.
> THE COURT: Okay. He-
>
> THE DEFENDANT: There's an **ankle bracelet**.
>
> THE COURT: Okay
>
> THE DEFENDANT: And technically **I'm in custody** for purposes of
> state —
>
> THE COURT: All right.
>
> THE DEFENDANT: - custody –
>
>
> THE COURT: Okay.
> THE DEFENDANT: - and federal custody.
>
> THE COURT: All right. So the defendant contends he's in custody.
> However, the record will reflect he is at liberty apparently with a house
> arrest bracelet on. Will the State –
>
> THE DEFENDANT: It's one of those technical things.
> Pages 4-5 lines 16-10 (emphasis added)

Then here Leavitt approves of maintaining the punitive house arrest that Judge

Bell confirmed.

> "MS. MARLAND: - **Judge Bell at the indictment return set certain conditions for house arrest** and I'm just going to ask that those conditions remain, that's all.
>
> THE COURT: Okay. **And it's my understanding that those conditions remain**. I mean, and as soon as this case came to me, I quashed the indictment –
>
> MS. MARLAND: Yes.
>
> THE COURT: - warrant. So everything's good. If you have any questions.
> Page 11 lines 17-22 of Exhibit 17 (emphasis added)

So not only the justice court but the district court under NRS 211.300 adjudged

Kim to be treated as a convicted prisoner and to be on punishment house arrest

under NRS 211.250 and NRS 211.300.

This is absolutely something that would not be allowed in the federal system.

The courts over and over again have stated that fines and probation in a criminal

context are punishment. This order for punitive house arrest must be treated no

differently than if a judge ordered a pretrial defendant to probation or pay the

criminal fine  before trial and then moved forward with a trial. The defendant

would have already been punished.

Nevada's statutory scheme allows a court to adjudge a pretrial or pre-

judgment  of conviction defendant to punitive electronic supervision  which is

punishment that is forbidden prior to a judgment of conviction under the U.S. Constitution. And since Kim has been adjudged to punishment already, any further proceedings post verdict under these charges puts Kim in double jeopardy, which is prohibited.

> **Electronic supervision of unconvicted person detained before trial.** With the <u>approval</u> of the <u>court of jurisdiction for the particular case [under 18U.S.C. Sec 3142]</u>, the <u>sheriff or chief of police</u> [ Attorney General] may <u>supervise an unconvicted person detained before the person's trial in the manner provided for convicted prisoners [</u>under Section 3583]

Just like the state courts the federal jurisdiction allows house arrest as punishment . In **_U.S. Cutler_** 58 F.3d 825 (2d Cir. 1995) an attorney was punished with house arrest fine and probation. The conviction and sentence was affirmed.

Thus, the Nevada statutory scheme allows for a judge to punish a pre trial detainee as though he was a convicted person. And **Kim was so punished** just as though he was a convicted misdemeanant. In these various ways:

1.Kim was denied to go out to a movie or to dinner with his sons. Yet Kim's sons could come over for dinner.

2. Kim was denied to his religious practice. Kim specifically asked house arrest officer Webb to be able to take Evie on a religiously mandated outing. Yet Webb said he could not allow it under high level house arrest and Kim asked to check with his supervisor and the supervisor also denied the request stating that Kim was

36

under high level house arrest which is the same as a misdemeanant punishment. Webb will testify to these facts. Kim was repeatedly denied this request again and again. Kim asked if Kim would be approved if this was an outing by a major religion such as Catholic, Mormon or Jehovah's witness and Webb said yes Kim could. So discrimination of religion was also present.

3. That repeated requests were denied by Webb and his supervisor and Webb repeatedly was told that Kim was under judicially ordered punitive house arrest.

The Respondents can in no way deny that Kim has already been punished Kim was punished in other instances as well too numerous to list here but Kim must be allowed to present at an evidentiary hearing unless relief is summarily granted . The Desimone court stated:

> "The tax imposed against Desimone by a final judgment pursuant to NRS chapter 372A is the **functional equivalent** of a **criminal prosecution.** Where, as here, the tax has been reduced to judgment before a criminal judgment of conviction is entered for engaging in the same unlawful conduct, the conviction violates the Double Jeopardy Clause and cannot stand. *Desimone v. State*, 116 Nev. 195, 206 (Nev. 2000)"

Kim's adjudication to high level GPD with the approval of the judge is the functional equivalent of a criminal punishment and adjudication.

Under all the case law and ***Desimone v. State***, 116 Nev. 195 (Nev. 2000) Kim cannot be punished again and Kim is entitled to permanent relief from the writ.

## GROUND 22

That the facts contained in this ground and paragraphs are incorporated into every

other paragraph in this petition by this reference.

That Kim was denied his right under NRS 172.095 and/or NRS 172.241 and and/or "Sheriff v. Marcum, <u>105 Nev. 824, 826-827</u>, <u>783 P.2d 1389, 1390</u> (1989)" *Johnston v. State*, 107 Nev. 944, 946 (Nev. 1991) to have notice so that Kim could testify before the grand jury.


## PREJUDICE AS TO HAVING NO UNBIASED JUDGE TO PRESENT
## MARCUM NOTICE VIOLATION TO

The Nevada Supreme Court has consistently upheld the rights of an accused to receive notice of a prosecutor's intent to seek an indictment. See ***Sheriff, Humboldt County v. Marcum***. 105 Nev. 824, 783 P.2d 1389 (1989); ***Solis-Ramirez v. Eighth Judicial Dist. Court ex. rel. County of Clark***. 112 Nev. 344, 913 P.2d 1293 (1996).

Kim was served with the Notice of Intent to Seek indictment while in CCDC physical plant on or about May 22 2019 in an interrogation room by detective Mead and City of Las Vegas Marshal Marwitz. See Exhibit 19. Kim from CCDC sent a written request as to date time and place to get the notice. See Exhibit 19 and Kim made a personal handwritten copy of this yet Kim was never given any prior notice written or oral from the D.A. to be able to testify.

Kim was provide no notice whatsoever after Kim sent his request. Kim in fact

was going through Justice Court proceedings on a criminal complaint throughout in through July 15, 2019. Kim attaches as Exhibit 20 the Register of actions for the Justice Court Case 19F09876X which shows that of July 15, 2019 the justice court proceedings on the charge of Extortion shows case closed Dismissed Grand Jury. So without any notice Kim was falsely given reason to believe that the D.A. was electing not to go to the grand jury.

Because Kim has never had an impartial judge Kim has not been able to move for dismissal of the indictment on this basis. This has prejudiced Kim in the extreme.

## **GROUND 23**

That the facts contained in this ground and paragraphs are incorporated into every other paragraph in this petition by this reference.

That Kim was denied his right under the U.S. Constitution 5rh and 14th amendment to due process by cumulative error that denied Kim a fair trial that all of the grounds contained herein had a cumulative effect that denied Kim due process and denied Kim a fair pre trial and trial proceedings.

That at one point a judge from another district was assigned to Kim's case by request of the chief judge to the chief justice of the Nevada Supreme Court. That because of the risk of bias a judge from another district should have been permanently designed to the case. That even so it took multiple applications to get

judge Wilson from another district after judge Gregory recused himself after being assigned by chief justice Hardesty

## PREJUDICE TO KIM

Although the state and federal courts have determined that lack of an impartial judge is a structural error that does not lend itself to a harmless error analysis. The fact now that Leavitt's willful and malicious refusal to disqualify herself has resulted in revoking Kim's right to self representation. Kim demands his right to represent himself under the 6th amendment and the 1st amendment to the U.S. Constitution. Moreover, Kim has a right under the Nevada State Constitution to exercise his religion. Kim demands that this court take judicial notice of the very Act of Congress that enabled the people of Nevada to form a constitution and state government. See Exhibit 4HC. In this Act Sec 4 the third paragraph on page 2 states:

> "Second. That **perfect toleration** of religious sentiment shall be secured, and **no inhabitant of said state shall ever be molested in person** or property on account of his or her mode of religious worship."

Yet Kim is being **molested** in his mode of religious worship  which worship mandates  obeying his Creator in what Kim is called to do. God has called Kim to represent himself and to move to disqualify or have disqualified all of the judges of

the EJDC.

Also Public Law 97-280, 96 STAT 1211 that proclaims 1983 as the "Year of the Bible". This is attached as Exhibit 18 and this states forcefully:

> that the Bible is "the **rock** on which our **Republic rests**"; Whereas the history of our Nation clearly illustrates the **value of voluntarily applying the teachings of the Scriptures in the lives of individuals, families, and societies**; (emphasis added)

Kim does the above on a day to day basis throughout his life and faces the persecution for doing so and is molested.  Leavitt basically is putting herself as either a court of last resort or of being God and telling Kim that she is the be all and end all. Otherwise, Leavitt would have sua sponte granted a stay pending resolution of the issue of disqualification. Thus Leavitt is also denying Kim effective review of her wrong decision to both refuse to remove herself, and revoking Kim's right to self representation. Leavitt has the inherent authority to sua sponte grant a stay. See ***United States v. Burleson***, 2:16-cr-00046-GMN-PAL-16 (D. Nev. Nov. 5, 2021) and see:

> " Accordingly, this Court ***sua sponte* stays** this **action in its entirety** until the **Nevada Supreme Court** resolves the certified question***." Bank of N.Y. Mellon v. Vegas Prop. Servs., Inc***., No. 2:17-cv-00776-MMD-NJK, at *2 (D. Nev. July 26, 2018)

and

> A **district court has discretionary power to stay proceedings in its own court**. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action be-

41

fore it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, <u>593 F.2d 857, 863</u> (9th Cir. 1979). In deciding whether to grant a stay, courts should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, <u>398 F.3d 1098, 1110</u> (9th Cir. 2005) (quoting *Landis*, <u>299 U.S. at 268</u>). Courts should also consider "the judicial resources that would be saved by avoiding duplicative litigation

*Bank of N.Y. Mellon v. Vegas Prop. Servs., Inc.*, No. 2:17-cv-00776-MMD-NJK, at *2 (D. Nev. July 26, 2018) (emphasis added)

See also *<u>Nagez v. Kwon</u>*, No. 76673-COA (Nev. App. Sep. 11, 2019), ***<u>W. Charleston Lofts III, LLC v. Eighth Judicial Dist. Court</u>*** , No. 74104 (Nev. App. Oct. 16, 2018) and ***<u>Maheu v. District Court</u>***, 89 Nev. 214 (Nev. 1973) all citing *<u>Landis.</u>*

Kim had valid pre trial dispositive motions to file that Kim has to present and Kim did all in his power to stop especially Leavitt from presiding over this case or any EJDC judge from presiding. Kim did not get a fair trial with Leavitt nor would he have with any other EJDC judge. That the intolerable risk of bias exists with all these judges under the standard most recently articulated in ***<u>Rippo.</u>*** Kim has no unbiased judge nor judge for whom there is the risk of bias to make an emergency motion to.

Kim has a denial of speedy trial dismissal motion to make. As well as a vindictive prosecution claim to make and a double jeopardy claim to make as Kim

# EXHIBIT 2

6/15/22, 10:24 AM

Case 2:21-cv-01262-JAD-EJY Document 25 Filed 06/15/22 Page 59 of 74

https://www.clarkcountycourts.us/Secure/CaseDetail.aspx?CaseID=11971992

Skip to Main Content Logout My Account Search Menu New District Criminal Search Refine Search Back          Location : District Court Criminal   Images Help

# REGISTER OF ACTIONS
## CASE NO. C-19-341767-1

| | | | |
|---|---|---|---|
| State of Nevada vs Kim Blandino | § § § § § § § § § § | Case Type:<br>Date Filed:<br>Location:<br>Cross-Reference Case Number:<br>Defendant's Scope ID #:<br>Grand Jury Case Number:<br>ITAG Case ID:<br>Supreme Court No.: | **Felony/Gross Misdemeanor**<br>**07/12/2019**<br>**Department 12**<br>**C341767**<br>**363075**<br>**18CGJ080x**<br>**2212324**<br>**84433** |

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| **Bonding Company** | **Free Bail Bonds** | |
| **Bonding Insurance Company** | **Banker's Insurance Company** | |
| **Defendant** | **Blandino, Kim Dennis** | **Bennair R. Bateman**<br>*Retained*<br>702-650-0777(W) |
| **Plaintiff** | **State of Nevada** | **Steven B Wolfson**<br>702-671-2700(W) |

---

### CHARGE INFORMATION

| Charges: Blandino, Kim Dennis | Statute | Level | Date |
|---|---|---|---|
| 1. EXTORTION | 205.320 | Felony | 04/08/2019 |
| 2. IMPERSONATION OF AN OFFICER | 199.430 | Gross Misdemeanor | 04/08/2019 |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

08/29/2021 **Plea** (Judicial Officer: Leavitt, Michelle)
Defendant: Blandino, Kim Dennis
    1. EXTORTION
        Not Guilty
    2. IMPERSONATION OF AN OFFICER
        Not Guilty

03/09/2022 **Disposition** (Judicial Officer: Leavitt, Michelle)
Defendant: Blandino, Kim Dennis
    1. EXTORTION
        Guilty
    2. IMPERSONATION OF AN OFFICER
        Guilty

**OTHER EVENTS AND HEARINGS**

07/12/2019 **Grand Jury Indictment** (11:00 AM) (Judicial Officer Bell, Linda Marie)
    Minutes
    Result: Matter Heard
07/12/2019 **Indictment**    Doc ID# 1
07/12/2019 **Warrant**    Doc ID# 2
07/16/2019 **Minute Order** (2:45 PM) (Judicial Officer Leavitt, Michelle)
    Minutes
    Result: Minute Order - No Hearing Held
07/23/2019 **Initial Arraignment** (8:30 AM) (Judicial Officer Leavitt, Michelle)
    Parties Present
    Minutes
    Result: Matter Heard
07/25/2019 **Minute Order** (10:30 AM) (Judicial Officer Leavitt, Michelle)
    Minutes

Result: Minute Order - No Hearing Held
07/25/2019 **Bail Bond** Doc ID# 3
07/25/2019 **Notice of Receipt of Bond Transfer** Doc ID# 4
07/27/2019 **Reporters Transcript** Doc ID# 5
08/08/2019 **Order Granting** Doc ID# 6
08/15/2019 **Status Check** (8:30 AM) (Judicial Officer Leavitt, Michelle)
08/15/2019, 08/29/2019

Parties Present

Minutes

Result: Matter Continued
08/17/2019 **Reporters Transcript** Doc ID# 7
08/27/2019 **Recorders Transcript of Hearing** Doc ID# 8
09/09/2019 **Recorders Transcript of Hearing** Doc ID# 9
09/09/2019 **Notice of Motion** Doc ID# 11
09/10/2019 **Status Check: Confirmation of Counsel** (8:30 AM) (Judicial Officer Bixler, James)
09/10/2019, 09/17/2019

Parties Present

Minutes

*09/05/2019 Reset by Court to 09/10/2019*

Result: Matter Continued
09/11/2019 **Recorders Transcript of Hearing** Doc ID# 10
09/17/2019 **Motion to Remand** (8:30 AM) (Judicial Officer Leavitt, Michelle)
Result: Referred to Competency Court
09/17/2019 **All Pending Motions** (8:30 AM) (Judicial Officer Leavitt, Michelle)

Parties Present

Minutes

Result: Matter Heard
09/26/2019 **Media Request and Order** Doc ID# 12
10/03/2019 **Receipt of Copy** Doc ID# 13
10/04/2019 **Further Proceedings: Competency** (10:00 AM) (Judicial Officer Marquis, Linda)

Parties Present

Minutes

Result: Continued
10/14/2019 **Order** Doc ID# 14
10/15/2019 *CANCELED* **Calendar Call** (8:30 AM) (Judicial Officer Leavitt, Michelle)
*Vacated - per Judge*
10/21/2019 *CANCELED* **Jury Trial** (10:30 AM) (Judicial Officer Leavitt, Michelle)
*Vacated - per Judge*

*10/22/2019 Reset by Court to 10/21/2019*

10/21/2019 **Reporters Transcript** Doc ID# 15
10/21/2019 **Reporters Transcript** Doc ID# 16
10/21/2019 **Reporters Transcript** Doc ID# 17
10/21/2019 **Reporters Transcript** Doc ID# 18
10/21/2019 **Reporters Transcript** Doc ID# 19
10/21/2019 **Reporters Transcript** Doc ID# 20
10/21/2019 **Reporters Transcript** Doc ID# 21
11/01/2019 **Further Proceedings: Competency** (10:00 AM) (Judicial Officer Bell, Linda Marie)

Parties Present

Minutes

Result: Continued
11/12/2019 **Recorders Transcript of Hearing** Doc ID# 22
12/03/2019 **Order** Doc ID# 23
12/06/2019 **Further Proceedings: Competency** (10:00 AM) (Judicial Officer Bell, Linda Marie)

Parties Present

Minutes

Result: Continued
12/06/2019 **Order** Doc ID# 24
12/06/2019 **Motion** Doc ID# 25
12/11/2019 **Recorders Transcript of Hearing** Doc ID# 26
12/12/2019 **Recorders Transcript of Hearing** Doc ID# 27
12/13/2019 **Motion to Disqualify Judge** Doc ID# 28
12/16/2019 **Affidavit** Doc ID# 29
12/18/2019 **Affidavit** Doc ID# 30
12/20/2019 **Further Proceedings: Competency** (10:00 AM) (Judicial Officer Bell, Linda Marie)

Minutes

Result: Continued
12/24/2019 **Recorders Transcript of Hearing** Doc ID# 31
01/03/2020 **Further Proceedings: Competency** (10:00 AM) (Judicial Officer Silva, Cristina D.)

Parties Present

Minutes

Result: Continued
01/22/2020 **Competency Evaluations** Doc ID# 32
01/23/2020 **Decision and Order** Doc ID# 33
01/24/2020 **Further Proceedings: Competency** (10:00 AM) (Judicial Officer Hardy, Joe)

Parties Present

| | |
|---|---|
| | Minutes |
| | Result: Referred to Lakes Crossing |
| 01/27/2020 | **Notice**    Doc ID# 34 |
| 01/29/2020 | **Order of Commitment Pursuant to NRS 178.425**    Doc ID# 35 |
| 02/12/2020 | **Recorders Transcript of Hearing**    Doc ID# 36 |
| 02/12/2020 | **Recorders Transcript of Hearing**    Doc ID# 37 |
| 03/24/2020 | **Competency Reports**    Doc ID# 38 |
| 04/03/2020 | *CANCELED*  **Further Proceedings: Competency-Return From Stein**  (10:15 AM) (Judicial Officer Bell, Linda Marie) |
| | Vacated - On in Error |
| 04/03/2020 | **Further Proceedings: Competency-Return from Lakes Crossing**  (10:15 AM) (Judicial Officer Bell, Linda Marie) |
| | Minutes |
| | Result: Found Competent |
| 04/09/2020 | **Findings of Competency**    Doc ID# 39 |
| 04/20/2020 | **Media Request and Order**    Doc ID# 40 |
| 04/22/2020 | **Recorders Transcript of Hearing**    Doc ID# 41 |
| 05/04/2020 | **Minute Order**  (9:15 AM) (Judicial Officer Leavitt, Michelle) |
| | Minutes |
| | Result: Minute Order - No Hearing Held |
| 05/05/2020 | *CANCELED*  **Further Proceedings: Return from Competency Court**  (12:00 PM) (Judicial Officer Leavitt, Michelle) |
| | Vacated - per Judge |
| 05/06/2020 | **Demand**    Doc ID# 42 |
| 05/07/2020 | **Motion to Disqualify Judge**    Doc ID# 43 |
| 05/20/2020 | **Change of Address**    Doc ID# 44 |
| 06/05/2020 | **Order**    Doc ID# 45 |
| 06/18/2020 | **Minute Order**  (11:45 AM) (Judicial Officer Leavitt, Michelle) |
| | Minutes |
| | Result: Minute Order - No Hearing Held |
| 06/23/2020 | *CANCELED*  **Calendar Call**  (8:30 AM) (Judicial Officer Leavitt, Michelle) |
| | Vacated - per Judge |
| 06/29/2020 | *CANCELED*  **Jury Trial**  (10:30 AM) (Judicial Officer Leavitt, Michelle) |
| | Vacated - per Judge |
| 07/01/2020 | **Status Conference**  (11:30 AM) (Judicial Officer Barker, David) |
| | Parties Present |
| | Minutes |
| | Result: Matter Heard |
| 07/10/2020 | **Motion to Disqualify Judge**    Doc ID# 46 |
| 07/15/2020 | **Clerk's Notice of Hearing**    Doc ID# 47 |
| 07/20/2020 | **Notice of Expert Witnesses**    Doc ID# 48 |
| 07/24/2020 | **Motion in Limine**    Doc ID# 49 |
| 07/27/2020 | **Minute Order**  (9:30 AM) (Judicial Officer Leavitt, Michelle) |
| | Minutes |
| | Result: Minute Order - No Hearing Held |
| 07/27/2020 | **Clerk's Notice of Hearing**    Doc ID# 50 |
| 07/28/2020 | *CANCELED*  **Calendar Call**  (10:15 AM) (Judicial Officer Leavitt, Michelle) |
| | Vacated - per Judge |
| | *08/04/2020 Reset by Court to 07/28/2020* |
| 08/03/2020 | **Decision and Order**    Doc ID# 51 |
| 08/04/2020 | *CANCELED*  **Motion**  (11:00 AM) (Judicial Officer Bell, Linda Marie) |
| | Vacated |
| | *08/04/2020 Reset by Court to 08/04/2020* |
| 08/04/2020 | **Certificate of Service**    Doc ID# 52 |
| 08/10/2020 | *CANCELED*  **Jury Trial**  (10:30 AM) (Judicial Officer Leavitt, Michelle) |
| | Vacated - per Judge |
| 08/11/2020 | **Motion in Limine**  (10:15 AM) (Judicial Officer Leavitt, Michelle) |
| | Parties Present |
| | Minutes |
| | Result: Denied Without Prejudice |
| 08/11/2020 | **Motion to Reconsider**    Doc ID# 53 |
| 08/11/2020 | **Motion to Disqualify Judge**    Doc ID# 54 |
| 08/13/2020 | **Clerk's Notice of Hearing**    Doc ID# 55 |
| 08/18/2020 | **Status Check: Trial Setting**  (10:15 AM) (Judicial Officer Leavitt, Michelle) |
| | Parties Present |
| | Minutes |
| | Result: Trial Date Set |
| 08/19/2020 | **Decision and Order**    Doc ID# 56 |
| 08/25/2020 | *CANCELED*  **Motion**  (11:00 AM) (Judicial Officer Bell, Linda Marie) |
| | Vacated |
| | *09/15/2020 Reset by Court to 08/25/2020* |
| 09/22/2020 | **Supplemental Witness List**    Doc ID# 57 |
| 10/02/2020 | **Demand**    Doc ID# 58 |
| 10/06/2020 | **Calendar Call**  (10:15 AM) (Judicial Officer Leavitt, Michelle) |
| | Parties Present |
| | Minutes |
| | *10/06/2020 Reset by Court to 10/06/2020* |
| | Result: Vacated and Reset |

| | |
|---|---|
| 10/12/2020 | *CANCELED* **Jury Trial** (10:30 AM) (Judicial Officer Leavitt, Michelle) |
| | *Vacated - per Judge* |
| 11/06/2020 | **Notice of Motion**    **Doc ID# 59** |
| 11/09/2020 | **Recorders Transcript of Hearing**    **Doc ID# 60** |
| 11/16/2020 | **Opposition**    **Doc ID# 61** |
| 11/17/2020 | **Motion** (10:15 AM) (Judicial Officer Leavitt, Michelle) |

    **11/17/2020, 12/01/2020, 12/17/2020, 04/29/2021, 08/19/2021**

    Parties Present

    Minutes

       *04/13/2021 Reset by Court to 04/13/2021*

       *04/13/2021 Reset by Court to 04/20/2021*

       *04/20/2021 Reset by Court to 04/22/2021*

       *04/22/2021 Reset by Court to 04/29/2021*

       *06/29/2021 Reset by Court to 07/15/2021*

       *07/15/2021 Reset by Court to 08/19/2021*

Result: Matter Continued

| | |
|---|---|
| 11/24/2020 | *CANCELED* **Calendar Call** (12:00 PM) (Judicial Officer Leavitt, Michelle) |
| | *Vacated - per Judge* |
| 11/25/2020 | **Supplement**    **Doc ID# 62** |
| 11/30/2020 | *CANCELED* **Jury Trial** (10:30 AM) (Judicial Officer Leavitt, Michelle) |
| | *Vacated - per Judge* |
| 11/30/2020 | **Notice**    **Doc ID# 63** |
| 12/01/2020 | **Receipt of Copy**    **Doc ID# 64** |
| 12/04/2020 | **Affidavit**    **Doc ID# 65** |
| 12/21/2020 | **Notice**    **Doc ID# 66** |
| 01/19/2021 | **Notice**    **Doc ID# 67** |
| 02/26/2021 | **Notice of Motion**    **Doc ID# 68** |
| 03/01/2021 | **Clerk's Notice of Hearing**    **Doc ID# 69** |
| 03/08/2021 | **Motion to Disqualify Judge**    **Doc ID# 70** |
| 03/09/2021 | **Clerk's Notice of Hearing**    **Doc ID# 71** |
| 03/09/2021 | **Notice**    **Doc ID# 72** |
| 03/15/2021 | **Motion to Disqualify Judge**    **Doc ID# 73** |
| 03/16/2021 | **Motion to Remand** (12:30 PM) (Judicial Officer Leavitt, Michelle) |

    **03/16/2021, 04/29/2021, 08/19/2021, 08/24/2021**

    Parties Present

    Minutes

       *04/22/2021 Reset by Court to 04/22/2021*

       *04/22/2021 Reset by Court to 04/29/2021*

       *06/29/2021 Reset by Court to 07/15/2021*

       *07/15/2021 Reset by Court to 08/19/2021*

       *10/07/2021 Reset by Court to 08/24/2021*

Result: Matter Continued

| | |
|---|---|
| 03/18/2021 | **Clerk's Notice of Hearing**    **Doc ID# 74** |
| 03/22/2021 | **Recorders Transcript of Hearing**    **Doc ID# 75** |
| 04/14/2021 | **Motion to Disqualify Judge**    **Doc ID# 76** |
| 04/14/2021 | **Clerk's Notice of Hearing**    **Doc ID# 77** |
| 04/14/2021 | **Minute Order** (8:10 AM) (Judicial Officer Bell, Linda Marie) |

    Minutes

Result: Minute Order - No Hearing Held

| | |
|---|---|
| 04/14/2021 | **Notice of Change of Hearing**    **Doc ID# 78** |
| 04/15/2021 | **Minute Order** (7:45 AM) (Judicial Officer Leavitt, Michelle) |

    Minutes

Result: Minute Order - No Hearing Held

| | |
|---|---|
| 04/22/2021 | **Motion to Disqualify Judge**    **Doc ID# 79** |
| 04/23/2021 | **Minute Order** (7:00 AM) (Judicial Officer Jones, Tierra) |

    Minutes

Result: Minute Order - No Hearing Held

| | |
|---|---|
| 04/26/2021 | *CANCELED* **Motion** (10:00 AM) (Judicial Officer Jones, Tierra) |
| | *Vacated* |

       *04/15/2021 Reset by Court to 04/26/2021*

| | |
|---|---|
| 04/26/2021 | *CANCELED* **Motion** (10:00 AM) (Judicial Officer Jones, Tierra) |
| | *Vacated* |

       *04/15/2021 Reset by Court to 04/26/2021*

| | |
|---|---|
| 04/26/2021 | *CANCELED* **Motion** (10:30 AM) (Judicial Officer Leavitt, Michelle) |
| | *Vacated* |

       *04/27/2021 Reset by Court to 04/26/2021*

       *04/27/2021 Reset by Court to 04/26/2021*

| | |
|---|---|
| 04/26/2021 | **Minute Order** (4:00 PM) (Judicial Officer Jones, Tierra) |

    Minutes

Result: Minute Order - No Hearing Held

| | |
|---|---|
| 04/27/2021 | **Clerk's Notice of Hearing**    **Doc ID# 80** |
| 04/29/2021 | **Status Check: Trial Readiness** (12:30 PM) (Judicial Officer Leavitt, Michelle) |

       *04/13/2021 Reset by Court to 04/22/2021*

| | |
|---|---|
| | *04/22/2021 Reset by Court to 04/29/2021* |
| | Result: Off Calendar |
| 04/29/2021 | **All Pending Motions** (12:30 PM) (Judicial Officer Leavitt, Michelle) |
| | Parties Present |
| | Minutes |
| | Result: Matter Heard |
| 05/06/2021 | **Motion to Disqualify Judge**    **Doc ID# 81** |
| 05/06/2021 | **Clerk's Notice of Hearing**    **Doc ID# 82** |
| 05/11/2021 | **Order**    **Doc ID# 83** |
| 05/13/2021 | *CANCELED* **Motion** (10:30 AM) (Judicial Officer Allf, Nancy) |
| | *Vacated* |
| | *05/13/2021 Reset by Court to 05/13/2021* |
| 05/13/2021 | **Affidavit**    **Doc ID# 84** |
| 05/14/2021 | **Affidavit**    **Doc ID# 85** |
| 05/19/2021 | **Motion**    **Doc ID# 86** |
| 05/20/2021 | *CANCELED* **Motion** (12:30 PM) (Judicial Officer Leavitt, Michelle) |
| | *Vacated - On in Error* |
| | *05/20/2021 Reset by Court to 05/20/2021* |
| 05/20/2021 | **Clerk's Notice of Hearing**    **Doc ID# 87** |
| 05/20/2021 | **Motion to Strike**    **Doc ID# 88** |
| 05/20/2021 | **Clerk's Notice of Hearing**    **Doc ID# 89** |
| 06/01/2021 | **Minute Order** (7:30 AM) (Judicial Officer Leavitt, Michelle) |
| | Minutes |
| | Result: Minute Order - No Hearing Held |
| 06/24/2021 | **Minute Order** (8:00 AM) (Judicial Officer Leavitt, Michelle) |
| | Minutes |
| | Result: Minute Order - No Hearing Held |
| 07/12/2021 | **Minute Order** (8:00 AM) (Judicial Officer Leavitt, Michelle) |
| | Minutes |
| | Result: Minute Order - No Hearing Held |
| 07/13/2021 | **Certificate of Service**    **Doc ID# 90** |
| 07/20/2021 | **Motion**    **Doc ID# 92** |
| 07/20/2021 | **Supplement**    **Doc ID# 92** |
| 07/20/2021 | **Clerk's Notice of Hearing**    **Doc ID# 93** |
| 07/20/2021 | **Minute Order** (10:45 AM) (Judicial Officer Leavitt, Michelle) |
| | Minutes |
| | Result: Minute Order - No Hearing Held |
| 07/21/2021 | **Order**    **Doc ID# 94** |
| 07/21/2021 | **Order**    **Doc ID# 95** |
| 07/21/2021 | **Supplement**    **Doc ID# 96** |
| 07/26/2021 | **Motion**    **Doc ID# 97** |
| 07/26/2021 | **Motion**    **Doc ID# 98** |
| 07/26/2021 | **Motion**    **Doc ID# 99** |
| 07/26/2021 | **Clerk's Notice of Hearing**    **Doc ID# 100** |
| 07/27/2021 | **Minute Order** (10:30 AM) (Judicial Officer Leavitt, Michelle) |
| | Minutes |
| | Result: Minute Order - No Hearing Held |
| 07/28/2021 | **Certificate of Service**    **Doc ID# 101** |
| 08/02/2021 | **Ex Parte Motion**    **Doc ID# 102** |
| 08/10/2021 | **Order Denying Motion**    **Doc ID# 103** |
| 08/13/2021 | **Supplement**    **Doc ID# 104** |
| 08/18/2021 | **Motion to Disqualify Judge**    **Doc ID# 105** |
| 08/18/2021 | **Exhibits**    **Doc ID# 106** |
| 08/18/2021 | **Exhibits**    **Doc ID# 107** |
| 08/18/2021 | **Motion**    **Doc ID# 108** |
| 08/18/2021 | **Exhibits**    **Doc ID# 109** |
| 08/18/2021 | **Exhibits**    **Doc ID# 110** |
| 08/18/2021 | **Exhibits**    **Doc ID# 111** |
| 08/19/2021 | **Motion** (12:30 PM) (Judicial Officer Leavitt, Michelle) |
| | **08/19/2021, 08/24/2021** |
| | *06/29/2021 Reset by Court to 07/15/2021* |
| | *07/15/2021 Reset by Court to 08/19/2021* |
| | *10/07/2021 Reset by Court to 08/24/2021* |
| | Result: Matter Continued |
| 08/19/2021 | **Motion to Strike** (12:30 PM) (Judicial Officer Leavitt, Michelle) |
| | **08/19/2021, 08/24/2021** |
| | *06/29/2021 Reset by Court to 07/15/2021* |
| | *07/15/2021 Reset by Court to 08/19/2021* |
| | *10/07/2021 Reset by Court to 08/24/2021* |
| | Result: Matter Continued |
| 08/19/2021 | **Motion** (12:30 PM) (Judicial Officer Leavitt, Michelle) |
| | **08/19/2021, 08/24/2021** |
| | *08/03/2021 Reset by Court to 08/19/2021* |
| | *10/07/2021 Reset by Court to 08/24/2021* |
| | Result: Matter Continued |
| 08/19/2021 | **Motion** (12:30 PM) (Judicial Officer Leavitt, Michelle) |

|            | 08/19/2021, 08/24/2021 |
|            | *08/10/2021 Reset by Court to 08/19/2021* |
|            | *10/07/2021 Reset by Court to 08/24/2021* |
|            | Result: Matter Continued |
| 08/19/2021 | **Motion**  (12:30 PM) (Judicial Officer Leavitt, Michelle) |
|            | **08/19/2021, 08/24/2021, 08/24/2021** |
|            | *10/07/2021 Reset by Court to 08/24/2021* |
|            | *10/07/2021 Reset by Court to 08/24/2021* |
|            | Result: Matter Continued |
| 08/19/2021 | **All Pending Motions**  (12:30 PM) (Judicial Officer Leavitt, Michelle) |
|            | Minutes |
|            | Result: Matter Heard |
| 08/20/2021 | **Minute Order**  (7:30 AM) (Judicial Officer Jones, Tierra) |
|            | Minutes |
|            | Result: Denied |
| 08/23/2021 | **Motion**      Doc ID# 112 |
| 08/23/2021 | **Clerk's Notice of Hearing**      Doc ID# 113 |
| 08/23/2021 | **Motion to Disqualify Judge**      Doc ID# 114 |
| 08/23/2021 | **Minute Order**  (3:45 PM) (Judicial Officer Leavitt, Michelle) |
|            | Minutes |
|            | Result: Minute Order - No Hearing Held |
| 08/24/2021 | **Calendar Call**  (12:30 PM) (Judicial Officer Leavitt, Michelle) |
|            | *08/24/2021 Reset by Court to 08/24/2021* |
| 08/24/2021 | **All Pending Motions**  (12:30 PM) (Judicial Officer Leavitt, Michelle) |
|            | Parties Present |
|            | Minutes |
|            | Result: Matter Heard |
| 08/25/2021 | **Recorders Transcript of Hearing**      Doc ID# 115 |
| 08/27/2021 | **Recorders Transcript of Hearing**      Doc ID# 116 |
| 08/30/2021 | *CANCELED*   Jury Trial  (9:00 AM) (Judicial Officer Leavitt, Michelle) |
|            | *Vacated - per Judge* |
| 09/02/2021 | *CANCELED*   Motion  (12:00 PM) (Judicial Officer Leavitt, Michelle) |
|            | *Vacated - Moot* |
| 09/20/2021 | **Motion**      Doc ID# 117 |
| 09/23/2021 | **Minute Order**  (7:30 AM) (Judicial Officer Jones, Tierra) |
|            | Minutes |
|            | Result: Minute Order - No Hearing Held |
| 09/29/2021 | **Motion**      Doc ID# 118 |
| 09/29/2021 | **Supplement**      Doc ID# 119 |
| 09/29/2021 | **Motion**      Doc ID# 120 |
| 10/06/2021 | **Clerk's Notice of Hearing**      Doc ID# 121 |
| 10/06/2021 | **Affidavit**      Doc ID# 122 |
| 10/11/2021 | **Motion**      Doc ID# 123 |
| 10/13/2021 | **Affidavit**      Doc ID# 124 |
| 10/13/2021 | **Minute Order**  (3:00 AM) (Judicial Officer Allf, Nancy) |
|            | Minutes |
|            | Result: Minute Order - No Hearing Held |
| 10/13/2021 | **Recorders Transcript of Hearing**      Doc ID# 125 |
| 10/13/2021 | **Recorders Transcript of Hearing**      Doc ID# 126 |
| 10/13/2021 | **Recorders Transcript of Hearing**      Doc ID# 127 |
| 10/13/2021 | **Recorders Transcript of Hearing**      Doc ID# 128 |
| 10/13/2021 | **Recorders Transcript of Hearing**      Doc ID# 129 |
| 10/13/2021 | **Recorders Transcript of Hearing**      Doc ID# 130 |
| 10/14/2021 | **Motion**  (10:00 AM) (Judicial Officer Allf, Nancy) |
|            | *10/14/2021 Reset by Court to 10/14/2021* |
|            | Result: Denied |
| 10/14/2021 | **Motion**  (10:00 AM) (Judicial Officer Allf, Nancy) |
|            | Result: Denied |
| 10/14/2021 | **Order**      Doc ID# 131 |
| 10/14/2021 | **Order Denying Motion**      Doc ID# 132 |
| 10/14/2021 | **All Pending Motions**  (10:00 AM) (Judicial Officer Allf, Nancy) |
|            | Parties Present |
|            | Minutes |
|            | Result: Matter Heard |
| 10/15/2021 | **Order Denying Motion**      Doc ID# 133 |
| 10/22/2021 | **Acknowledgment**      Doc ID# 134 |
| 11/01/2021 | **Recorders Transcript of Hearing**      Doc ID# 135 |
| 11/09/2021 | *CANCELED*   Settlement Conference  (1:30 PM) (Judicial Officer Cherry, Michael A.) |
|            | *Vacated* |
|            | *11/10/2021 Reset by Court to 11/09/2021* |
| 11/12/2021 | **Settlement Conference**  (1:00 PM) (Judicial Officer Cherry, Michael A.) |
|            | Result: Not Settled |
| 11/18/2021 | **Entry of Plea**  (12:00 PM) (Judicial Officer Leavitt, Michelle) |
|            | Parties Present |
|            | Minutes |

| | |
|---|---|
| | Result: Matter Heard |
| 11/19/2021 | Entry of Plea    Doc ID# 137 |
| 11/22/2021 | Motion to Disqualify Judge    Doc ID# 138 |
| 11/22/2021 | Motion    Doc# 139 |
| 11/22/2021 | Motion    Doc ID# 140 |
| 11/23/2021 | Objection    Doc ID# 141 |
| 11/23/2021 | Clerk's Notice of Hearing    Doc ID# 142 |
| 11/23/2021 | Clerk's Notice of Hearing    Doc ID# 143 |
| 11/23/2021 | Motion    Doc ID# 144 |
| 11/23/2021 | Order to Show Cause    Doc ID# 145 |
| 11/23/2021 | Minute Order  (3:00 AM) (Judicial Officer Jones, Tierra) |
| | Minutes |
| | Result: Motion Denied |
| 11/29/2021 | Motion    Doc ID# 146 |
| 11/29/2021 | Motion to Disqualify Judge    Doc ID# 147 |
| 11/29/2021 | Motion to Strike    Doc ID# 148 |
| 11/30/2021 | Calendar Call  (12:00 PM) (Judicial Officer Leavitt, Michelle) |
| | **11/30/2021, 12/02/2021** |
| | Parties Present |
| | Minutes |
| | *11/30/2021 Reset by Court to 11/30/2021* |
| | *12/02/2021 Reset by Court to 12/02/2021* |
| | Result: Matter Continued |
| 11/30/2021 | *CANCELED*  Hearing  (8:30 AM) (Judicial Officer Jones, **Tierra**) |
| | *Vacated* |
| 12/01/2021 | Recorders Transcript of Hearing    Doc ID# 149 |
| 12/02/2021 | Motion to Strike  (1:00 PM) (Judicial Officer Leavitt, Michelle) |
| | *12/02/2021 Reset by Court to 12/02/2021* |
| | *12/07/2021 Reset by Court to 12/02/2021* |
| | Result: Matter Heard |
| 12/02/2021 | Motion  (1:00 PM) (Judicial Officer Leavitt, Michelle) |
| | **12/02/2021, 12/07/2021** |
| | *12/02/2021 Reset by Court to 12/02/2021* |
| | *12/07/2021 Reset by Court to 12/02/2021* |
| | Result: Matter Continued |
| 12/02/2021 | Motion to Disqualify Judge    Doc ID# 150 |
| 12/02/2021 | *CANCELED*  Minute Order  (3:00 AM) (Judicial Officer Jones, Tierra) |
| | *Vacated - On in Error* |
| 12/02/2021 | Minute Order  (3:00 AM) (Judicial Officer Jones, Tierra) |
| | Minutes |
| | Result: Minute Order - No Hearing Held |
| 12/02/2021 | Motion to Disqualify Judge    Doc ID# 151 |
| 12/02/2021 | All Pending Motions  (1:00 PM) (Judicial Officer Leavitt, Michelle) |
| | Parties Present |
| | Minutes |
| | Result: Matter Heard |
| 12/03/2021 | Order    Doc ID# 152 |
| 12/06/2021 | *CANCELED*  Jury Trial  (10:30 AM) (Judicial Officer Leavitt, Michelle) |
| | *Vacated - per Judge* |
| 12/07/2021 | *CANCELED*  Motion  (12:00 PM) (Judicial Officer Leavitt, Michelle) |
| | *Vacated - Set in Error* |
| 12/07/2021 | Status Check: Trial Setting  (12:00 PM) (Judicial Officer Leavitt, Michelle) |
| | Parties Present |
| | Minutes |
| | Result: Trial Date Set |
| 12/07/2021 | Recorders Transcript of Hearing    Doc ID# 153 |
| 12/27/2021 | Order Granting Motion    Doc ID# 154 |
| 01/11/2022 | Motion to Withdraw As Counsel    Doc ID# 155 |
| 01/12/2022 | Clerk's Notice of Hearing    Doc ID# 156 |
| 01/25/2022 | Motion to Withdraw as Counsel  (12:00 PM) (Judicial Officer Leavitt, Michelle) |
| | Parties Present |
| | Minutes |
| | Result: Denied |
| 02/10/2022 | Notice    Doc ID# 157 |
| 02/10/2022 | Notice    Doc ID# 158 |
| 02/11/2022 | Trial Subpoena    Doc ID# 159 |
| 02/11/2022 | Trial Subpoena    Doc ID# 160 |
| 02/18/2022 | Order    Doc ID# 161 |
| 02/19/2022 | Notice of Witnesses    Doc ID# 162 |
| 02/22/2022 | Calendar Call  (12:00 PM) (Judicial Officer Israel, Ronald J.) |
| | Parties Present |
| | Minutes |
| | *02/22/2022 Reset by Court to 02/22/2022* |
| | Result: Matter Heard |
| 02/22/2022 | Receipt of Copy    Doc ID# 163 |

| | | | |
|---|---|---|---|
| 02/22/2022 | **Recorders Transcript of Hearing** Doc ID# 164 | | |
| 02/23/2022 | **Central Calendar Call** (2:00 PM) (Judicial Officer Jones, Tierra) | | |
| | Parties Present | | |
| | Minutes | | |
| | Result: Matter Heard | | |
| 02/25/2022 | **Motion to Compel** Doc ID# 165 | | |
| 02/28/2022 | **Clerk's Notice of Hearing** Doc ID# 166 | | |
| 02/28/2022 | **Opposition** Doc ID# 167 | | |
| 03/01/2022 | **Jury Trial** (1:00 PM) (Judicial Officer Leavitt, Michelle) | | |
| | **03/01/2022, 03/02/2022, 03/03/2022, 03/04/2022, 03/07/2022, 03/08/2022, 03/09/2022** | | |
| | Parties Present | | |
| | Minutes | | |
| | *02/28/2022 Reset by Court to 03/01/2022* | | |
| | Result: Trial Continues | | |
| 03/01/2022 | **Notice** Doc ID# 168 | | |
| 03/02/2022 | **Clerk's Notice of Nonconforming Document** Doc ID# 169 | | |
| 03/02/2022 | **Jury List** Doc ID# 175 | | |
| 03/02/2022 | **Amended Indictment** Doc ID# 176 | | |
| 03/07/2022 | **Jury List** Doc ID# 170 | | |
| 03/08/2022 | **Jury List** Doc ID# 172 | | |
| 03/08/2022 | **Instructions to the Jury** Doc ID# 173 | | |
| 03/08/2022 | **Jury List** Doc ID# 174 | | |
| 03/09/2022 | **Verdict** Doc ID# 171 | | |
| 03/14/2022 | **Discharge Request** Doc ID# 177 | | |
| 03/16/2022 | **Motion for New Trial** Doc ID# 178 | | |
| 03/17/2022 | *CANCELED* **Motion to Compel** (12:00 PM) (Judicial Officer Cherry, Michael A.) | | |
| | *Vacated - per Judge* | | |
| 03/21/2022 | **Notice of Appeal (Criminal)** Doc ID# 179 | | |
| 03/23/2022 | **Case Appeal Statement** Doc ID# 180 | | |
| 04/27/2022 | **Motion** Doc ID# 181 | | |
| 04/28/2022 | **Clerk's Notice of Hearing** Doc ID# 182 | | |
| 05/06/2022 | **Opposition** Doc ID# 183 | | |
| 05/09/2022 | **Request** Doc ID# 184 | | |
| 05/09/2022 | **Minute Order** (1:00 PM) (Judicial Officer Leavitt, Michelle) | | |
| | Minutes | | |
| | Result: Minute Order - No Hearing Held | | |
| 05/10/2022 | *CANCELED* **Motion** (8:30 AM) (Judicial Officer Leavitt, Michelle) | | |
| | *Vacated - per Judge* | | |
| 05/19/2022 | **Order Denying** Doc ID# 185 | | |
| 07/07/2022 | **Sentencing** (8:30 AM) (Judicial Officer Leavitt, Michelle) | | |
| | *07/07/2022 Reset by Court to 07/07/2022* | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Defendant** Blandino, Kim Dennis | | | |
| Total Financial Assessment | | | 18.00 |
| Total Payments and Credits | | | 18.00 |
| **Balance Due as of 06/15/2022** | | | **0.00** |
| | | | |
| 02/18/2020 | Transaction Assessment | | 4.50 |
| 02/18/2020 | Payment (Window) Receipt # 2020-09781-CCCLK | Chris Cave | (4.50) |
| 06/23/2021 | Transaction Assessment | | 11.50 |
| 06/23/2021 | Payment (Window) Receipt # 2021-39203-CCCLK | Blandino, Kim D | (11.50) |
| 07/20/2021 | Transaction Assessment | | 2.00 |
| 07/20/2021 | Payment (Window) Receipt # 2021-44996-CCCLK | Blandino, Kim D | (2.00) |

# EXHIBIT 3

# Annual Bar Conference (https://nvbar.org/for-lawyers/resources/continuing-legal-education-and-publications/sbn-cle-programs/annualmeeting)

Click Here (https://nvbar.org/for-lawyers/resources/continuing-legal-education-and-publications/sbn-cle-programs/annualmeeting)



_(l)_



menu

# Find a Lawyer

For the Public (https://nvbar.org/for-the-public/) | Find a Lawyer

| Search Attorneys... (eg. last name, bar #, company or city) | Search |

## Angulo, Peter Maitland

**Bar # :** 3672
**Member since:** 10/1/1989
**Status:** ATTORNEY Active

**Company: Angulo Law Group, LLC**
5545 S. Mountain Vista St., Suite F, Las Vegas, NV 89120
**Phone :** (702) 384-8000
**Fax :** (702) 384-8200
**Email :** pangulo@angulolawgroup.com (mailto:pangulo@angulolawgroup.com)
**Law school :** J. Reuben Clark

# EXHIBIT 4

**Annual Bar Conference (https://nvbar.org/for-lawyers/resources/continuing-legal-education-and-publications/sbn-cle-programs/annualmeeting)**

Click Here (https://nvbar.org/for-lawyers/resources/continuing-legal-education-and-publications/sbn-cle-programs/annualmeeting)



_(/)_


menu

# Find a Lawyer

For the Public (https://nvbar.org/for-the-public/) | Find a Lawyer

| Search Attorneys... (eg. last name, bar #, company or city) | Search |
|---|---|

## Federico, Michael A

**Bar # :** 5946

**Member since:** 10/14/1996

**Status:** ATTORNEY Active

**Company:** Olson Cannon Gormley & Stoberski (http://www.ocgas.com)

9950 W. Cheyenne Ave., Las Vegas, NV 89129

**Phone :** (702) 384-4012

**Fax :** (702) 383-0701

**Email :** mfederico6363@yahoo.com (mailto:mfederico6363@yahoo.com)

**Law school :** University of Houston

# EXHIBIT 5

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KIM BLANDINO,

                     Petitioner,

    v.

JOSEPH LOMBARDO, et al.,

                    Respondents.

Case No. 2:22-cv-00685-RFB-BNW

**ORDER**

Petitioner Kim Blandino has submitted a *pro se* 28 U.S.C. § 2241 habeas corpus petition, (ECF No. 1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the petition is dismissed without prejudice as premature and unexhausted.

Pursuant to Habeas Rule 4,[2] the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Petitioner is seeking federal habeas relief in relation to his custody at the Clark County Detention Center ("CCDC") in violation of his due process rights based on the alleged denial of his notice of appeal filed in state court. ECF No. 1 at 6. Although Petitioner has been tried and found guilty, he is not yet subject to a final judgment of conviction as he has not been sentenced.[3]

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Rule 4 is applicable to § 2241 petitions through Rule 1(b).

[3] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and

Petitioner attached an order from the Nevada Supreme Court providing that state appellate jurisdiction vests upon the entry of the judgment of conviction. ECF No. 1-2. The Nevada Supreme Court further instructed the clerk of the state district court to immediately transmit a certified copy of the judgment to the clerk of the appellate court. *Id.* It appears that Petitioner's claim would be moot upon the filing of the judgment of conviction in state court.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion rule applicable to requests for federal pre-conviction intervention in pending state criminal proceedings is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in 28 U.S.C. § 2254. See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-92 (1973); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir. 1980). Accord Justices of Boston Muni. Court v. Lydon, 466 U.S. 294, 333 (1984) (Stevens, J., concurring in part and concurring in the judgment); Rose v. Lundy, 455 U.S. 509, 515 (1982) (exhaustion doctrine predates statutory codification); Ex parte Hawke, 321 U.S. 114, 117 (1944) (applies to all habeas petitions challenging state custody to avoid interference with the administration of justice in the state courts). The exhaustion requirement is meant to give state courts the first opportunity to review and correct alleged violations of federal constitutional guarantees as a matter of federal-state comity. Coleman v. Thompson, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999)).

Here, it is clear that Petitioner has not exhausted his state court remedies. Given the multiple substantial defects presented, this matter will be dismissed without prejudice. Dismissal of this action without prejudice will not materially impact the analysis of any issue in a later filed habeas proceedings, or otherwise result in substantial prejudice.

at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do

**IT IS THEREFORE ORDERED:**

1. Petitioner Kim Blandino's petition (ECF No. 1) is dismissed without prejudice.

2. A certificate of appealability is denied, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

3. The Clerk of the Court will close this case and enter final judgment accordingly, dismissing this action without prejudice.

DATED this 26th day of May 2022.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE