PETER M. ANGULO, ESQ.
ANGULO LAW GROUP
5545 S. Mountain Vista Street, Suite F
Las Vegas, Nevada 89120
(702) 384-8000
(702) 384-8200 – fax
pangulo@angulolawgroup.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KIM BLANDINO, | CASE NO. 2:21-CV-1262-JAD-EJY |
| Plaintiff, | |
| vs. | |
| MICHAEL FEDERICO, ESQ., | |
| Defendant. | |

### REPLY POINTS AND AUTHORITIES SUPPORTING MOTION TO QUASH SERVICE OF PROCESS (ECF NO. 14)

COMES NOW Defendant, MICHAEL FEDERICO, ESQ., by and through his counsel of record, PETER M. ANGULO, ESQ., of the ANGULO LAW GROUP, and files this Reply Points and Authorities Supporting the Motion to Quash Service of Process (ECF No. 14) as follows:

### POINTS AND AUTHORITIES

While Plaintiff's Opposition makes an impassioned (and unsupported) plea for this Court to believe Defendant is dishonest and dishonorable, his unfounded arguments miss the salient points of the Motion itself. Although Plaintiff continually reminds this Court he is in proper person and should be granted all the mercy available to this Court, his position is sans substance.

As an initial matter, it is readily conceded pro se filings are held to less stringent standards. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, "pro se litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362,

1364 (9th Cir. 1986). "The fact that a defendant represents himself does not alter the judicial role nor does it impose any new obligation on the trial judge." U.S. ex rel. Smith v. Pavich, 568 F.2d 33, 40 (7th Cir. 1978). Further, the special solicitude due a pro se litigant depends upon that particular party's litigation experience, as "the degree of solicitude may be lessened where the particular pro se litigant is experienced in litigation and familiar with the procedural setting presented." Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010).

In this case, there is little question that Plaintiff is a career pro se litigant. This is, euphemistically speaking, not his first rodeo. Additionally, he has been provided a very clear order from this Court setting forth his obligations in effectively presenting a valid opposition to the pending motions. (ECF No. 17) Accordingly, he should be held to the same standards in reviewing his Opposition as if the filing had been prepared by counsel.

At any rate, Plaintiff fails to provide this Court a single substantive argument in his Opposition. The "Asseveration" he attaches at the end does not advance his case at all since it is not specific to any issues raised in the Motion, but is a generic, rote recitation of statements (such as requiring this Court to take judicial notice of biblical authority) without import to whether service was proper. In fact, it fails to address a single alleged factual statement contained in the Opposition and, therefore, neither it nor the unsubstantiated facts are worthy of being considered. See Soto v. Sweetman, 882 F.3d 865 (9th Cir.2018); Umbriaco v. United States, 258 F.2d 625, 628 (9th Cir. 1958)("Oral, unsworn statements without further corroborating evidence have always been held insufficient.").

Here, there is no question the papers were not delivered to Mr. Federico. The "notes" of the process server (ECF No. 12) concede the papers were not handed to him. It is also clear from those "notes" it was not said by the process server either that he had a summons for him or that it pertained to this case. Rather, the process server simply noted he had "papers" and then dropped them on the floor and claimed that service had been completed. Plaintiff cites no case that supports this action as

constituting proper service.

More importantly, it is uncontroverted this attempt at service occurred inside a federal courthouse while Mr. Federico was there on another matter. Indeed, the process server concedes that is why he went to the federal courthouse—because he knew of the pending settlement conference. This Court has been provided clear authority such an act is deemed invalid. Again, Plaintiff fails to provide this Court a single citation (or even a cogent argument) this is not the case or that Defendant's position in this regard is sans merit. Under the guidance of LR 7-2(d), the failure to directly oppose this argument constitutes a consent to granting the position. Accordingly, this Motion to Quash should be granted.

## CONCLUSION

For the foregoing reasons, this Court should grant this Motion to Quash Service and require Plaintiff to follow proper procedures in having this matter served.

RESPECTFULLY SUBMITTED this 20 day of June, 2022.

ANGULO LAW GROUP, LLC

By /s/ Peter M. Angulo
PETER M. ANGULO, ESQ.
5545 S. Mountain Vista Street, Suite F
Las Vegas, Nevada 89120
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the ___20___ day of June, 2022, I served the above MOTION TO QUASH SERVICE OF PROCESS through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

Kim Blandino, #363075
CCDC In Custody House Arrest Module
330 S. Casino Center Blvd.
Las Vegas, Nevada 89101
Plaintiff in Proper Person

_____
An Employee of the Angulo Law Group