# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Kim Blandino,

    Plaintiff

v.

Michael Federico,

    Defendant

Case No.: 2:21-cv-1262-JAD-EJY

**Order Granting Motion to Dismiss, Denying Motion to Amend, and Closing Case**

[ECF Nos. 39, 46]

Pro se plaintiff Kim Blandino sues judge pro tempore Michael Federico, alleging that Federico abused the judicial process when he sought a temporary protective order and levied criminal extortion charges against Blandino. He also claims that Federico's actions violated the First Amendment's protections of free exercise and establishment of religion and that Federico retaliated against him for exercising his First Amendment right to petition the government for redress of grievances. I dismissed Blandino's first complaint for failure to state a claim and granted him leave to amend only his First Amendment and malicious-prosecution claims.

Blandino's first-amended complaint is virtually identical to his original one, with the exception that it adds facts related to a traffic stop and arrest in September 2022, new claims of conspiracy and further constitutional violations, and a new defendant—detective Kenneth Mead. Federico moves to dismiss the amended claims against him, arguing that Blandino's revisions do not cure the deficiencies in his original complaint that require dismissal. Blandino responds with a motion for leave to yet again amend his complaint.

I grant Federico's motion because Blandino's first-amended complaint still does not state any claims upon which relief can be granted. I also deny Blandino's motion to amend because amendment would be futile, and thus dismiss Blandino's First Amendment and malicious-

prosecution claims against Federico with prejudice.  And as to Blandino's new claims against Federico and Mead, I dismiss them without prejudice because adding those claims exceeded the scope of my previous order granting Blandino leave to amend only his original claims.  Blandino may only pursue those claims by filing a new lawsuit.  With no claims remaining, I close this case.

## Background

### I.  Blandino's original complaint and the court's dismissal order[1]

In his original complaint, Blandino alleged that he was investigating "pro tem judge" Michael Federico for violating judicial rules of ethics after Blandino appeared before Federico in court.[2]  Blandino alleged that investigating judicial corruption is part of his religious practice.[3]  Federico responded to Blandino's "investigations" by seeking a temporary protective order (TPO) against Blandino, accusing him of improperly stalking and harassing, but Federico's request was denied.[4]  The State of Nevada also indicted Blandino on charges of extortion and impersonating a public officer based on his interactions with Federico, and Federico testified as a witness in that case.[5]  Blandino was eventually convicted of extortion.[6]

Blandino's original complaint alleged that Federico violated his First Amendment rights to "free exercise and establishment" of religion and to petition the government for redress of

---

[1] I thoroughly recounted Blandino's original allegations in my prior order dismissing his claims.  ECF No. 36 at 2–4.  I only summarize the allegations here.

[2] ECF No. 7 at ¶¶ 7–10.

[3] *Id.* at ¶¶ 6–7.

[4] *Id.* at ¶ 16.

[5] *Id.* at ¶ 34.

[6] *See State of Nevada v. Blandino*, C-19-341767-1 (Eighth Jud. Dist. Ct. 2019).

grievances by interfering with his ability to investigate judicial corruption.[7]  He also brought state-law claims for abuse of process and malicious prosecution, "claiming that Federico sought a TPO and cooperated with the criminal-extortion case against Blandino 'to stop Blandino from going into open courts . . . so that [he] could not witness and report Federico's corruption.'"[8]

Federico moved to dismiss the complaint, arguing that he was entitled to judicial immunity and that Blandino failed to state any claim upon which relief could be granted.[9]  I declined to find that judicial immunity barred suit because it was not clear from the complaint that Federico sought a TPO as part of his normal judicial activities.[10]  But I dismissed all of Blandino's claims concerning his criminal-extortion case because those claims improperly implied the invalidity of his conviction and thus were barred under the Supreme Court's decision in *Heck v. Humphrey*.[11]  I also dismissed with prejudice Blandino's abuse-of-process claim related to Federico's TPO request, finding that Blandino's allegation that Federico's "TPO request was denied is fatal to his [claim], because no legal process issued as a result of Federico's actions."[12]  And I dismissed Blandino's First Amendment claims, finding that Blandino failed to allege that the constitutional violations he described were a product of any state action.[13]  Finally, I dismissed Blandino's claim that Federico's TPO application was

---

[7] ECF No. 7 at ¶¶ 6–7; 62.

[8] ECF No. 36 at 3–4 (citing ECF No. 7 at ¶ 34).

[9] ECF No. 13.

[10] ECF No. 36 at 10–12.

[11] *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994).

[12] ECF No. 36 at 15.

[13] *Id.* at 13–14.

malicious prosecution because Blandino failed to adequately allege facts demonstrating the essential element of malice.[14]

I gave Blandino leave to amend and advised his that his amended complaint must "contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit, **but it may contain only his claims for malicious prosecution and First Amendment violations related to Federico's attempts to secure a TPO against him, and no more**."[15]  I advised him to include "only facts that he believes are relevant to his claims against Federico" and told him that he "may not include claims or facts against persons not named as a defendant in this case."[16]

## II.      Blandino's amended complaint

Blandino's first-amended complaint repeats his claims for abuse of process, malicious prosecution, and violations of the First Amendment after Federico sought a TPO against him and testified in his criminal-extortion case.[17]  He adds facts attempting to show that Federico applied for a TPO in his capacity as a state actor and that his actions were motivated by malice to cure the deficiencies identified in my prior dismissal order.[18]  But this new pleading goes beyond both the original one and my leave order in even more significant ways.  As to Federico, Blandino adds a second First Amendment claim against him for "avoiding service of process," alleging

---

[14] *Id.* at 15–16.

[15] *Id.* at 16 (emphasis added).

[16] *Id.*

[17] *See* ECF No. 38.

[18] *Id.* at ¶¶ 30; 75.

4

that Federico's alleged attempts to skirt service violated Blandino's First Amendment rights to petition the government for the redress of grievances.[19]

Blandino also pulls in Las Vegas Metropolitan Police Department (Metro) detective Kenneth Mead as a defendant and alleges new facts concerning a traffic stop and arrest that he experienced in September 2022. Blandino alleges that two officers pulled him over "because they saw [him] attempt to warn a motorist that her passenger side headlight was out while driving at night" and called Mead when they realized it was Blandino.[20] Mead then came to the traffic stop, confiscated Blandino's Montana license plates, and arrested him.[21] He claims that Mead was "seek[ing] to manufacture a felony that [Blandino] could be arrested for."[22] Blandino alleges that, at an October 2022 probation revocation hearing, another Metro officer testified that she "had on her police vehicle computer [a] notice to alert Mead if [Blandino] was ever stopped by law enforcement."[23] He claims that the officer's testimony concerning Mead's involvement in investigating Blandino's extortion charges confirmed that Mead and Federico were engaged in a conspiracy to "chill [Blandino's] religious calling to investigate judicial misconduct and corruption."[24] Blandino also includes a claim against Mead for seizing his license plates without probable cause.

---

[19] *Id.* at 33–34. In my prior order, I denied Federico's motion to quash service, finding that Federico did not provide strong and convincing evidence to overcome the server's signed attestation that service was completed. ECF No. 36 at 7.

[20] ECF No. 38 at 3–4.

[21] *Id.* at 4.

[22] *Id.*

[23] *Id.*

[24] *Id.*

**Discussion**

**I.    Blandino fails to state a constitutional, malicious-prosecution, or abuse-of-process claim against Federico.**

Federal pleading standards require a complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[25]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[26] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[27]  A complaint that fails to meet this standard must be dismissed.[28]

But federal courts must also interpret all pleadings "so as to do justice."[29]  And the Supreme Court has consistently held that pro se pleadings are "to be liberally construed."[30]  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief."[31]  If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[32]

---

[25] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[27] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[28] *Twombly*, 550 U.S. at 570.

[29] Fed. R. Civ. P. 8(e).

[30] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

[31] *Id.* (cleaned up).

[32] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Federico moves to dismiss Blandino's first-amended complaint, contending that it still fails to state a claim.[33]  Blandino's response contains arguments pertaining only to his request for leave to amend his complaint; he does not respond to any of Federico's substantive points.[34] Local Rule 7-2(d) provides that the failure "to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."[35]  Because Blandino failed to respond to the content of Federico's motion, I could grant it based on this local rule alone.  But because Blandino moves to amend his complaint, I analyze the merits of Federico's motion to determine whether Blandino is entitled to amend.

### A.   Blandino's abuse-of-process claims have already been dismissed with prejudice.

This court's last order dismissed with prejudice and without leave to amend Blandino's abuse-of-process claims as *Heck*-barred (for the claim challenging his criminal extortion case)[36] and because he could not state a claim (for the TPO challenge).[37]  He provides no new facts or evidence to reconsider those rulings, so I confirm that those claims remain dismissed with prejudice and may not be revived here.

### B.   Blandino's First Amendment claims cannot proceed against Federico.

#### 1.   *TPO-related claims*

I dismissed Blandino's First Amendment claims concerning Federico's application for a TPO because he had not adequately alleged any state action that deprived him of his

---

[33] ECF No. 39.

[34] *See* ECF No. 45.

[35] L.R. 7-2(d).

[36] ECF No. 36 at 9–10.

[37] *Id.* at 14–15.

constitutional rights.[38]  I granted leave to amend this claim, explaining that Blandino failed to show how the act of applying for a TPO, which any private citizen could do, should be construed as state action under these circumstances.[39]  In his first-amended complaint, Blandino alleges that "Federico as a temporary judge was able to use his position as an employee of the subdivisions of the state of Nevada to seek to hamper [Blandino's] free exercise by tying [him] up with defense against [the] TPO."[40]  He claims that, "had it not been for the state TPO process and this state action[,] [Blandino] would have nothing to defend against."[41]  He also alleges that Federico and Mead, who he alleges is a state actor, conspired to entrap him and that they "obtained significant aid from state officials to initiate and continue with the TPO process."[42]

Blandino's new allegations do not transform Federico's actions into state ones.  His statement that one obtains a TPO through a "state . . . process" does not make the act of applying for a TPO a state action.[43]  "The fact that [a private actor] resort[ed] to the courts of the state does not supply the necessary state action" to support a § 1983 claim.[44]  And while Blandino alleges that Mead and Federico "conspired" with the help of "state officials" to seek the TPO, he presents no facts to support that conclusory allegation.  Blandino alleges that Federico asked him to send a settlement agreement to him via email and then used that communication as a basis for seeking a TPO for stalking and harassment.  Blandino claims that Federico "had Ken Mead and

---

[38] ECF No. 36 at 13–14.

[39] *See id.* at 14.

[40] ECF No. 38 at ¶ 30.

[41] *Id.*

[42] *Id.*

[43] ECF No. 38 at ¶ 30.

[44] *Phillips v. Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers, Local 118*, 556 F.2d 939, 940 (9th Cir. 1977).

Peter Marwitz listening on the phone" during one of their conversations.  But Blandino no

allegation gives rise to the interference that Federico was effectively working as a state actor

when he applied for the TPO.

Blandino otherwise repeats his theory that Federico used his position as a temporary

judge to file the TPO application.[45]  I rejected those conclusory accusations in my prior order,

and Blandino has not alleged any alternative facts to support the notion that Federico's

seemingly private actions were state ones merely because he was employed as a judge when they

occurred.[46]  And although he asks for another chance to amend his complaint to cure this

deficiency, Blandino does not explain what additional facts he could allege that would support

his state-actor theory.[47]

### 2.   Service-of-process claim

Blandino's new First Amendment claim alleges that Federico's failure to accept service

on this lawsuit deprived Blandino of his right to petition the government for the redress of

grievances.  But this claim fails for the same reason his other First Amendment claims do:

Blandino has not shown and cannot show that Federico was engaged in any state action when he

chose not to pick up papers that were served to him while he was on his way to a settlement

conference in his capacity as a private attorney.  Blandino's inability to plead facts supporting a

state-action theory against Federico, despite one opportunity to amend and an additional motion

to amend, shows that he cannot state any set of facts to adequately plead state action on

---

[45] ECF No. 38 at 18.

[46] ECF No. 36 at 10–12.

[47] Federico again urges the application of judicial immunity if Blandino were to show that Federico acted in his capacity as a judge when applying for a TPO, and he alternatively argues that his actions would be entitled to qualified immunity.  I do not reach those arguments because the conclusory nature of Blandino's allegations is a sufficient basis to dismiss these claims.

Federico's part.  So I grant Federico's motion and dismiss those claims against Federico with prejudice, as any amendment would be futile.

### C.  Blandino cannot state a malicious-prosecution claim.

In Nevada, the elements of a malicious-prosecution claim are: "(1) want of probable cause to initiate prior the criminal proceeding; (2) malice; (3) termination of the prior criminal proceedings [in favor of the accused]; and (4) damage."[48]  I previously granted Blandino leave to amend his malicious-prosecution claim because his allegations of malice were not sufficiently pled.[49]  I also noted that, while Federico implied in his first motion to dismiss that Blandino was precluded from bringing a malicious-prosecution claim regarding a TPO action, he failed to explain "why the TRO proceedings, which seem to have terminated in Blandino's favor, cannot give rise to" that claim.[50]

Federico now argues that malicious-prosecution claims can only apply to criminal proceedings, and TPOs don't so qualify.[51]  He cites one unpublished order by another judge in this district to support that contention.[52]  In that case, U.S. District Judge Gloria Navarro dismissed a pro se plaintiff's malicious-prosecution claims based on the defendant's TPO applications because the plaintiff's claims were founded "on civil actions alone."[53]  She relied on the Supreme Court of Nevada's decision in *LaMantia v. Redisi*, which restricted malicious-

---

[48] *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002) (citation omitted); *see also Dutt v. Kremp*, 894 P.2d 354, 357 (Nev. 1995), *overruled on other grounds by LaMantia*, 38 P.3d 877.

[49] ECF No. 36 at 15–16.

[50] *Id.* at 15.

[51] ECF No. 39 at 7.

[52] *Id.* (citing *Smith v. Fennemore Craig*, 2020 WL 1065715, at *12 (D. Nev. Mar. 4, 2020)).

[53] *Smith*, 2020 WL 1065715, at *12.

prosecution claims to criminal actions.[54]  I am persuaded by Judge Navarro's reasoning and find that the TPO proceedings that Federico initiated cannot give rise to a colorable malicious-prosecution claim because they are not criminal in nature under Nevada law. So I dismiss this claim with prejudice.

### III.    Blandino's new claims against Mead and Federico are dismissed without prejudice.

My leave order allowed Blandino to amend "only his claims for malicious prosecution and First Amendment violations related to Federico's attempts to secure a TPO against him, and no more."[55]  I advised him to "include only facts that he believes are relevant to his claims against Federico" and warned "that he may not include claims or facts against persons not named as a defendant in this case."[56]  He ignored those instructions, left in his dismissed claims,  added new claims against Federico, and brought new claims against a second defendant.[57]  Blandino's amendments exceed the scope of the court's order and bring in facts unrelated to his initial complaint.  So I dismiss those new claims without prejudice for failure to comply with court orders and under the court's inherent authority to manage its docket.[58]  If Blandino wishes to

---

[54] *Smith*, 2020 WL 1065715, at *12.

[55] ECF No. 36 at 16.

[56] *Id.*

[57] *See* ECF No. 38.

[58] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (acknowledging district courts' "power to manage their dockets" when faced with litigants who fail to comply with court orders). Because I dismiss Blandino's conspiracy claim against Mead and Federico because it was added without permission and in violation of a court order, I do not reach Federico's arguments urging dismissal of that claim under Federal Rule of Civil Procedure 12(b)(6).

1  pursue his claims against Mead and his new claims against Federico, he must file a new action

2  containing them.[59]

3  **IV.    Blandino's motion to amend his complaint is denied.**

4        Blandino moves to amend his complaint again, but he fails to attach a copy of his

5  proposed complaint as required by Local Rule 15-1(a).  He does not explain what claims he

6  would amend or what additional facts he believes would allege to support them.  Federal Rule of

7  Civil Procedure 15(a) permits the court to allow amendment when "justice so requires."[60]

8  Although the Ninth Circuit's amendment policy is generous, particularly for pro se plaintiffs, the

9  court need not grant leave to amend if amendment would be futile.[61]  Blandino's claims against

10 Federico continue to fail to state a claim upon which relief can be granted after one court-

11 instructed opportunity to amend, and it appears that no amendment would cure the deficiencies

12 explained *supra*.  So, because amendment would be futile, I deny Blandino's motion to amend

13 his complaint.

**Conclusion**

15       IT IS THEREFORE ORDERED that Defendant Michael Federico's motion to dismiss

16 **[ECF No. 39] is GRANTED**.  Plaintiff Kim Blandino's abuse-of-process, malicious-

17 prosecution, and First Amendment claims against Federico are DISMISSED with prejudice.

---

[59] Blandino also filed an "urgent motion" for an indefinite extension of time to serve Mead.  ECF No. 50.  Because I dismiss Blandino's claims against Mead, I deny his extension request as moot.

[60] Fed. R. Civ. P. 15(a)(2).

[61] *See, e.g.*, *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

IT IS FURTHER ORDERED that Blandino's First Amendment claims against Defendant Kenneth Mead and his conspiracy claims against Mead and Federico are **dismissed without prejudice to Blandino's ability to assert such claims in a new lawsuit**.

IT IS FURTHER ORDERED that Blandino's motion to amend his complaint **[ECF No. 46] is DENIED**, as further amendment would be futile.

IT IS FURTHER ORDERED that Blandino's motion for an extension of time to serve Mead **[ECF No. 50] is DENIED** as moot.

IT IS FURTHER ORDERED **that the Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
February 27, 2023