## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Kim Blandino | Case No.: 2:21-cv-01262-JAD-EJY |
| Plaintiff | |
| v. | **Order Denying Plaintiff's Motion to Alter or Amend Judgment and Defendant's Motion for Attorney's Fees** |
| Michael Federico | |
| Defendant | [ECF Nos. 53, 55] |

Pro se plaintiff Kim Blandino sued judge pro tempore Michael Federico in 2021, complaining about the series of events that led to Blandino's state-court conviction for criminal extortion and Federico's attempts to obtain a temporary-protective order (TPO). I granted Federico's motion to dismiss the initial complaint, dismissing some claims with prejudice and allowing amendment of portions of Blandino's malicious-prosecution and First Amendment claims. Blandino filed an amended complaint, and Federico again moved to dismiss. This time I dismissed his claims against Federico with prejudice and dismissed newly added claims against detective Kenneth Mead without prejudice.

Blandino now moves for alteration or amendment of that judgment under Federal Rule of Civil Procedure 59(e), contending that (1) I should have given him another opportunity to amend, (2) my finding that the TPO Federico sought was civil in nature and thus could not be the basis of a malicious-prosecution claim was clearly erroneous, and (3) he was entitled to add his claims against Mead. I deny that motion because Blandino has not justified why he didn't raise his arguments before final judgment was entered and they are meritless. And Federico moves for attorney's fees under 42 U.S.C. § 1988 and Nevada Revised Statute 18.010(2), arguing that

1  Blandino's lawsuit was frivolous.  I deny that motion, too, because Federico has not met the

2  threshold to award fees in these circumstances.

3  **Background**

4      Blandino's initial complaint contained claims against Federico for abuse of process and

5  malicious prosecution related to his criminal-extortion conviction and Federico's attempts to

6  secure a TPO against him for stalking and harassment.  He also alleged that Federico violated his

7  First Amendment rights to free exercise and establishment of religion and to petition the

8  government for redress of grievances.  Federico moved to dismiss Blandino's complaint and

9  quash service.  I declined to quash service and granted Federico's motion to dismiss in part,

10  finding that any claims challenging Blandino's extortion conviction were barred by the United

11  States Supreme Court's holding in *Heck v. Humphrey* and giving him leave to amend his

12  malicious-prosecution and First Amendment claims related to the TPO proceedings.[1]  I

13  instructed Blandino that his leave was limited: he could amend "his First Amendment claims and

14  his malicious-prosecution claim with respect to his TPO arguments only," he could "include only

15  facts that he believes are relevant to his claims against Federico," and he "may not include

16  claims or facts against persons not named as a defendant in this case."[2]

17      But instead Blandino filed an amended complaint that was "virtually identical to his

18  original one, with the exception that it add[ed] facts related to a traffic stop and arrest in

19  September 2022, new claims or conspiracy and further constitutional violations, and a new

20  defendant—detective Kenneth Mead."[3]  Federico again moved to dismiss.[4]  Blandino didn't

21  _____

22  [1] ECF No. 36.
   [2] *Id.* at 16.

23  [3] ECF No. 51 at 1 (ordering dismissing Blandino's amended complaint).
   [4] ECF No. 39.

oppose the substance of that motion, instead asking for leave to amend without supplying a

proposed amended complaint or any indication of the additional facts he might include to

overcome the deficiencies Federico identified.[5]  I granted the motion to dismiss, finding that

(1) Blandino's malicious-prosecution claim could not be brought on the basis of a TPO because

Nevada law restricts that claim to criminal prosecutions, and TPOs are civil in nature; and

(2) Blandino failed to state any First Amendment claims because he could not show that

Federico was a state actor when he sought the TPO.[6]  I then denied Blandino further leave to

amend those claims, finding that amendment at this stage would be futile.[7]  Finally, I dismissed

without prejudice Blandino's new conspiracy claims against Mead and Federico because they

exceeded the scope of the court's order granting amendment, but I informed Blandino that he

could file a separate lawsuit containing those claims if he wished to still pursue them.[8]

Blandino now moves to alter or amend my judgment under Federal Rule of Civil

Procedure 59(e).[9]  He argues, for the first time, that the TPO process is at least quasi-criminal

and thus can be the basis of a malicious-prosecution claim.  He also contends that he should have

been allowed to add Mead as a defendant because the conspiracy he complained of in his

amended complaint was related to his original claims and that he should have been granted broad

leave to amend to add any claims he wished.  Federico opposes, averring that Blandino shouldn't

get a second bite at the apple to present arguments that he could have raised—but didn't—in

response to Federico's motion to dismiss, and that the court was correct in its finding that leave

---

[5] ECF No. 45; ECF No. 46.

[6] ECF No. 51.

[7] *Id.*

[8] *Id.*

[9] ECF No. 55.

1  to amend would be futile.  Federico also moves for attorney's fees, contending that Blandino's

2  lawsuit was frivolous from the outset.[10]

3                                         **Discussion**

4  **A.    Blandino's motion for reconsideration [ECF No. 55]**

5          FRCP 59(e) allows a court to alter or amend a judgment in very limited circumstances.[11]

6  The Ninth Circuit has cautioned against the frequent use of such a motion, explaining that it

7  "should not be granted, absent highly unusual circumstances."[12]  Reconsideration is only

8  "appropriate under [FRCP] 59(e) if (1) the district court is presented with newly discovered

9  evidence, (2) the district court committed clear error or made an initial decision that was

10 manifestly unjust, or (3) there is an intervening change in controlling law."[13]  This rule does not

11 give parties a chance to relitigate previously decided issues or "raise arguments or present

12 evidence for the first time" that "could reasonably have been raised earlier in the litigation."[14]

13
       *1.     Blandino has not shown that the court clearly erred in dismissing his*
14             *malicious-prosecution claim.*

15         Blandino's substantive arguments concerning his malicious-prosecution claim could have

16 been raised in response to Federico's motion to dismiss his amended complaint, but Blandino

17 chose not to raise them until final judgment was entered.  I need not consider that late

18

19 [10] ECF No. 53.

20 [11] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

21 [12] *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

22 [13] *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citing *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

23 [14] *Carroll*, 342 F.3d at 945; *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d. Cir. 1998)) (explaining that "the purpose of Rule 59" is not to give parties a "forbidden 'second bite at the apple'").

argument.[15]  But even if I did, Blandino does not show that my finding—that the TPO sought against him was civil in nature and thus outside the ambit of a malicious-prosecution claim under Nevada law—is clearly erroneous.  He cites to out-of-circuit cases analyzing restraining and protective orders under out-of-state statutes to argue that the TPO proceedings in this case must be criminal.  And he relies on a Nevada statutory scheme governing TPOs for "high-risk behavior," but Federico did not seek a TPO under that scheme.[16]

The one Ninth Circuit opinion Blandino does cite, *Rynearson v. Ferguson*, supports my finding.[17]  In *Rynearson*, the Ninth Circuit held that Washington state's statute governing TPOs to protect victims from stalking and harassment was not "akin to criminal prosecutions."[18]  In finding that the TPO in that case was a civil proceeding, the court found significant that the person seeking relief was "a private party, not the state or local government"; the law did not "require state authorities to conduct any investigation or file charges or a complaint in

---

[15] *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

[16] *See* Nev. Rev. Stat. §§ 33.650, 33.560 (noting that only law-enforcement officers or a family member may apply for such relief).  Blandino's argument that the City of Las Vegas Municipal Court has jurisdiction over misdemeanor charges for *violating* a TPO is also not determinative of whether the private act of *seeking* a TPO is a criminal action subject to a malicious-prosecution claim.  If the TPO was issued and a city prosecutor falsely charged Blandino with violating it, that might require a different analysis.  But that's not what happened here.

[17] *Rynearson v. Ferguson*, 903 F.3d 920 (9th Cir. 2018).  I note that *Rynearson* was evaluating the criminal nature of a state TPO proceeding to determine whether the federal court should abstain from granting equitable relief when parallel criminal proceedings are ongoing in state court under *Younger v. Harris*, 401 U.S. 37 (1971).  That analysis is not necessarily analogous to the state-law inquiry concerning whether a proceeding qualifies as "criminal" for the purposes of Nevada's malicious-prosecution claim.  But to the extent those analyses overlap, *Reynearson* supports the finding that the TPO proceedings in this case were not criminal for Blandino's purposes.

[18] *Id.* at 925.

connection with" a TPO application; and the purpose of the TPO was "to protect the petitioner, not punish the respondent."[19]  The court also noted that the TPO statute relied on criminal statutes to define the conduct that may warrant a TPO, but it found that "the mere fact that the protection order law refers to criminal statutes does not mean that protection order proceedings are quasi-criminal."[20]

Nevada's statute permitting the imposition of a TPO for stalking and harassment is substantially similar to Washington's—victims may seek a TPO, there is no requirement that a criminal complaint be filed in conjunction with a TPO application, and the remedies that a TPO allows (ordering the respondent to stay away from and refrain from contacting the victim and comply with "any other restriction [that] the court deems necessarily to protect the victim") are clearly intended to protect the victim, not punish the respondent.[21]  And the scheme's mention of criminal statutes to define the conduct that may warrant granting a TPO does not transform this otherwise civil proceeding into a quasi-criminal one.  So, because Blandino has not shown that I clearly erred in holding that the TPO proceedings in this case were civil in nature, I decline his request to reconsider that holding.

### 2. Blandino has not shown that the court clearly erred in denying him leave to amend his complaint.

Blandino contends that I should have given him further leave to amend and believes I should have explained in greater detail why I determined that any further amendment would be futile.  When I previously dismissed Blandino's complaint, I provided notice of the deficiencies

---

[19] *Id.* at 925–26.

[20] *Id.* at 926.

[21] *See* Nev. Rev. Stat. § 200.591(1)(a)–(c).

in his pleadings and gave him an opportunity to fix them.[22]  He was unable or unwilling to do so. Blandino's First Amendment claims still lacked allegations of state action necessary for § 1983 suits.  And I determined that his malicious-prosecution claim was legally barred such that no additional facts could save it.  In short, I found that Blandino had shown that he was unable to allege facts to support a valid First Amendment claim or cure the defects in his malicious-prosecution claim, rendering any further opportunity to amend futile.  Blandino's protestations to the contrary do not persuade me to reconsider that decision.

Nor does Blandino show that my dismissal of his new claims against detective Mead was clearly erroneous.  He asserts that the conspiracy he alleged is related to his claims against Federico and thus that I should have allowed amendment so all of his relevant allegations could be heard in one action.  But the amendment he seeks was outside of the scope of my original order.  And even if I were to reconsider that ruling, Blandino fails to adequately explain how his September 2022 arrest by Mead meaningfully relates to Federico's alleged actions in 2019 such that amendment to allow these additional claims would be warranted.  So I deny Blandino's motion to reconsider my dismissal of the claims against Mead and to disallow further amendment of his claims against Federico.

**B.    Federico's motion for attorney's fees [ECF No. 53]**

The "American Rule" instructs that each party in litigation "bear[s] its own attorney[s'] fees in the absence of a rule, statute, or contract authorizing an award of fees."[23]  Under 42 U.S.C. § 1988, district courts have the discretion to award fees to the prevailing party in federal

---

[22] *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (noting that, "before dismissing a pro se complaint the district must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively").

[23] *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

civil-rights cases.[24]  But attorney's fees should only be awarded to a prevailing defendant when the court finds that the plaintiff's action "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[25]  "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit, and a defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at the inception."[26]

Federico seeks $21,870.00 in attorney's fees incurred since this lawsuit was initiated.  He contends that § 1988's frivolousness standard was met when the court found that "dismissal was appropriate because [Blandino] failed to make valid claims upon which relief could be granted."[27]  But "the mere fact that a defendant prevails does not automatically support an award of fees."[28]  Federico complains that Blandino regularly sought extensions of time to respond to court deadlines and asserts that Blandino's claims were meritless from the outset.  He also points to the fact that Blandino's amended complaint was nearly identical to the first and Blandino failed to oppose Federico's second motion to dismiss, actions that Federico argues prove that Blandino knew his claims lacked merit.

It's a close call, but on this record, I cannot conclude that any of Blandino's claims were clearly meritless from the outset or that his actions in this case were taken in bad faith.  While Blandino disobeyed court orders by reasserting dismissed claims and adding new defendants in his amended complaint, Federico did not devote his second motion to addressing those already-resolved claims, instead focusing on the claims that I expressly allowed Blandino to amend.  And

---

[24] 42 U.S.C. § 1988.

[25] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

[26] *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007).

[27] ECF No. 53 at 4.

[28] *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994) (cleaned up).

while Blandino did not cure the deficiencies outlined in my order allowing amendment, he did try to add facts to meet the standards that I identified.[29]  The fact that he was unsuccessful doesn't justify the award of fees that Federico seeks.   So I deny Federico's motion for attorney's fees.[30]

**Conclusion**

IT IS THEREFORE ORDERED that Plaintiff Kim Blandino's motion for reconsideration **[ECF No. 55] is DENIED**.

IT IS FURTHER ORDERED that Defendant Michael Federico's motion for attorney's fees **[ECF No. 53] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
October 31, 2023

[29] *Compare* ECF No. 36 at 15–16 (finding that Blandino didn't sufficiently plead the malice element of his malicious-prosecution claim) *with* ECF No. 38 at ¶ 75 (Blandino's amended complaint, adding facts that Blandino believed showed malice); *compare* ECF No. 36 at 13–14 (finding that Blandino didn't allege state action for his First Amendment claims) *with* ECF No. 51 at 8 (identifying the new allegations Blandino added to his amended complaint in his attempt to plead state action).

[30] Federico also moves for fees under NRS 18.010(2).  At least one judge in this district has held that NRS 18.010(2) "does not apply to a request for attorney's fees in federal court 'based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of [state] substantive law.'"  *Heyman v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 2020 WL 428013, at *4–5 (D. Nev. Jan. 27, 2020) (quoting *In re Larry's Apartment, LLC*, 249 F.3d 832, 838 (9th Cir. 2001)) (finding that NRS 18.010(2)(b) doesn't apply to procedural arguments that the plaintiff "knew he had no claims against" the defendant, but brought them anyway).  Even if NRS 18.010(2) does apply to Blandino's conduct here, the analysis would be the same as that under 42 U.S.C. § 1988, as the Nevada statute authorizes fees if a suit "was brought or maintained without reasonable ground or to harass the prevailing party."